**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01598-TWP-DKL |
| ) | |
| THEODORE WEISSER, ) | |
| CHRISTOPHER MUYLLE, ) | |
| YN CANVAS CA, LLC, ) | |
| ART UNCORKED, ) | |
| and WWW.ART-UNCORKED.COM ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PENDING MOTIONS**

Plaintiff Wine & Canvas Development, LLC ("Wine & Canvas"), is an Indiana limited liability company. As its name suggests, Wine & Canvas organizes parties where guests can take a painting class while enjoying cocktails. Wine & Canvas has named the following as defendants in its complaint: (1) YN Canvas CA, LLC ("YN Canvas"), a Nevada limited liability company with its principal place of business in California; (2) www.art-uncorked.com (the "AU Website"), the corporate website for Art Uncorked; (3) Theodore Weisser ("Mr. Weisser"), an officer of YN Canvas who resides outside of Indiana; and (4) Christopher Muylle ("Mr. Muylle"), an officer of YN Canvas who resides outside of Indiana (collectively, "Defendants"). Art Uncorked is also a named defendant in this dispute. However, Art Uncorked is actually YN Canvas's new name; thus, for purposes of this entry, any references to YN Canvas will also apply to Art Uncorked.

On November 29, 2011, Wine & Canvas filed an eleven-count complaint in Hamilton County Circuit Court, which included claims for trademark infringement, false designation of

origin, trademark dilution, sales of counterfeit items/services, unfair competition, declaratory judgment, civil action under the Indiana Crime Victims Act, breach of contract, fraud, permanent injunctive relief, and request for writ of attachment. On December 2, 2011, Defendants removed the lawsuit to this Court because Counts I through IV present a federal question under the Lanham Act. *See* 28 U.S.C. § 1331 (2006); 15 U.S.C. §§ 1051-1141n. This matter comes before the Court on the following motions: (1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction; (2) Defendants' Motion to Dismiss for Failure to State a Claim on Counts I (trademark infringement), IV (counterfeiting), IX (fraud), X (permanent injunction), and XI (attachment); or in the alternative, Motion for a More Definite Statement on Count IX; (3) Defendants' Motion to Strike Count VI (declaratory judgment); and (4) Plaintiff's Motion to Strike Defendants' Reply in Support of their Motion to Dismiss for Lack of Personal Jurisdiction.

For the reasons set forth below, the Court rules as follows: (1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 16) is **GRANTED** in part and **DENIED** in part; (2) Defendants' Motion to Dismiss for Failure to State a Claim (Counts I, IV, IX, X, and XI) (Dkt. 14) is **GRANTED;** (3) Defendants' Motion to Strike (Count VI) (Dkt. 14) is **GRANTED**; and (4) Plaintiff's Motion to Strike Defendants' Reply (Dkt. 30) is **DENIED** as moot.

## I. BACKGROUND

Anthony Scott, ("Mr. Scott"), one of the founders of Wine & Canvas, was friends with Mr. Weisser and Mr. Muylle. In fact, Mr. Weisser and Mr. Scott were childhood friends and have known each other for more than two decades. In January 2011, Mr. Weisser's company, Weisser Management Group, LLC, ("WMG"), was hired by Wine & Canvas to assist in business development, including licensing and franchising. Although the parties dispute who initiated the

relationship, it is seemingly undisputed that Wine & Canvas and Mr. Weisser began negotiations in April 2011 regarding Mr. Weisser operating a Wine & Canvas location in San Francisco, California. Shortly thereafter, Mr. Muylle joined Mr. Weisser as a business partner in the proposed venture. The two then formed YN Canvas for the purpose of operating the Wine & Canvas San Francisco location. From this point forward, the stories diverge.

Wine & Canvas asserts that, in conjunction with Defendants, it developed a business arrangement where the parties would form a new limited liability company that would license the Wine & Canvas trademarks and concept to other businesses, as well as operate a Wine & Canvas location in San Francisco. On July 30, 2011, Mr. Weisser and Mr. Muylle met with Wine & Canvas in Indiana on their way to California, and delivered a set of executed documents that they represented as being consistent with the previously discussed business arrangement. However, Wine & Canvas later discovered that the documents included a materially revised license agreement and confidentiality agreement that were not consistent with the planned arrangement. After receiving assurances from Mr. Weisser and Mr. Muylle that they would execute documents consistent with the planned arrangement, Wine & Canvas sent representatives to California to help launch the San Francisco store. After its successful launch, Mr. Weisser and Mr. Muylle terminated their business relationship with Wine & Canvas based on the alleged revised agreements but continued to use the Wine & Canvas concept and goodwill. Simply put, Wine & Canvas alleges that Defendants pulled an old-fashioned bait-and-switch with the agreements.

Defendants, on the other hand, assert that Mr. Scott presented Mr. Weisser and Mr. Muylle with the license and confidentiality agreements in Indiana. The two men then signed the agreements at the insistence of Mr. Scott. As a result, YN Canvas operated as a licensee/franchisee of Wine & Canvas, which provided YN Canvas with some assistance and

oversight in its operations. Later, when Mr. Weisser and Mr. Muylle refused to sign additional agreements, including a non-compete agreement and an increased royalty rate, YN Canvas terminated the license agreement and changed its business name to Art Uncorked, LLC. Additional facts will be added below as needed.

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A. Mr. Weisser and YN Canvas

Defendants assert that this Court lacks personal jurisdiction over Mr. Weisser (YN Canvas's owner and operator) and YN Canvas because they do not have sufficient minimum contacts with Indiana, the forum state. As noted in Mr. Weisser's declaration, he is not a resident of Indiana; he does not own, in whole or in part, any real property located in Indiana; and he does not personally incur or remit any taxes in Indiana. Moreover, according to Mr. Weisser's declaration, YN Canvas only has two places of business, both located in California; it has no offices, agents, employees or other presence in Indiana; it has never conducted business in Indiana; it does not own, in whole or in part, any real property located in Indiana; it has not incurred or remitted any taxes in Indiana; it does not have any customers located in Indiana; and it does not direct any advertising into Indiana. Given these scant connections to Indiana, Defendants argue, this action must be dismissed against Mr. Weisser and YN Canvas for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. As an initial matter, a brief review of the mechanics of analyzing a Rule 12(b)(2) motion is warranted. After the defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of plaintiff's

burden is dependent upon the method in which the court determines the issue of personal jurisdiction. *Id.* "When the . . . court holds an evidentiary hearing to determine [personal] jurisdiction, the plaintiff must establish [personal] jurisdiction by a preponderance of the evidence." *Id.* But where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782-83. This evidence submitted by the defendant may include affidavits unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant. *Id.* at 783 n.13 (citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

Here, Defendants submitted evidence in opposition to the exercise of jurisdiction. Therefore, Wine & Canvas had to offer evidence beyond the pleadings in support of exercising jurisdiction. To that end, Wine & Canvas submitted a verified response brief in which Mr. Scott verified the factual representations contained in the Statement of Facts section of the brief. A verification is equivalent to an affidavit when it comports with the requirements of Federal Rule of Civil Procedure 56(e). *See Neal v. Kelly*, 963 F.2d 453, 457 n.2 (D.C. Cir. 1992) (noting that "[t]o the extent that a verified pleading meets the requirements of an affidavit set out in Rule 56(e), then it may properly be considered as equivalent to a supporting or opposing affidavit");

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991). Thus, to the extent that the verified response brief contained factual representations that were within Mr. Scott's personal knowledge, Wine & Canvas's response brief satisfied its duty to offer additional evidence beyond the pleadings.

Having resolved this threshold evidentiary issue, the Court now turns to the substance of Defendants' personal jurisdiction argument. A district court must undertake and satisfy a two-step analysis in order to properly exercise personal jurisdiction over a non-resident defendant. First, the exercise of personal jurisdiction must comport with the state's long-arm statute; second, the exercise must comport with the Due Process Clause of the Constitution. *Purdue*, 338 F.3d at 779. Because Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(a), "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause," the Court only needs to consider the second step of the analysis. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Such purposeful availment is required to ensure that defendants may reasonably anticipate what

conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 472.

Personal jurisdiction may be either specific or general, but only specific jurisdiction needs to be considered here. Specific jurisdiction exists "for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). It "requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *LinkAmerica*, 857 N.E.2d at 967 (citation omitted). A single contact with the forum state may satisfy the standard of minimum contacts if the contact produces a substantial connection with the forum state and the connection is related to the lawsuit. *Id.* However, a defendant cannot be brought into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Id.* (quoting *Burger King*, 471 U.S. at 475). This inquiry demands an assessment of the relationship among the defendant, the forum, and the litigation. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir. 1994).

When the defendant's contacts with the forum concern a contractual relationship, the court must "consider the parties' 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' in determining whether there were sufficient minimum contacts." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008) (quoting *Burger King*, 471 U.S. at 479). A defendant's solicitation of business with the plaintiff is a factor supporting jurisdiction, even where the solicitation "amounted to no more than a single communication that initiated negotiations of the

transaction at issue." *Madison Consulting Grp. v. South Carolina*, 752 F.2d 1193, 1203 (7th Cir. 1985).

The relevant contacts supporting the exercise of personal jurisdiction over Mr. Weisser and YN Canvas are summarized as follows:

- Wine & Canvas is an Indiana LLC. Mr. Weisser was a friend of Mr. Scott and knew him for over 20 years. Mr. Weisser's other company, WMG, worked as a consultant in the development of Wine & Canvas's business operations, during which Mr. Weisser traveled to Indiana one or two times. As a result, by dealing with Mr. Scott and Wine & Canvas, Mr. Weisser knew he was transacting with an Indiana company.

- Mr. Weisser approached Wine & Canvas and requested that he partner with it to start a Wine & Canvas location in San Francisco.

- Mr. Weisser and Wine & Canvas negotiated a business arrangement involving Mr. Weisser operating a Wine & Canvas store in San Francisco.

- YN Canvas was formed for the purpose of operating the Wine & Canvas store in San Francisco.

- Mr. Weisser signed the disputed license agreement in Indiana, and the license agreement contained a forum selection clause that provided exclusive jurisdiction in the state of Indiana as well as a governing law provision providing that Indiana law would govern all disputes.

- YN Canvas operated a Wine & Canvas store in San Francisco at least from July to November 2011.

- YN Canvas operated under the belief it was a licensee/franchisee of Wine & Canvas via the disputed license agreement, and it had some assistance and oversight in its operations from Wine & Canvas, including assistance from Wine & Canvas in setting up the Wine & Canvas store in San Francisco as well as sending representatives that participated in that store's opening events.

In the Court's view, these contacts are sufficient to permit the exercise of specific jurisdiction over Mr. Weisser and YN Canvas in this case. *See, e.g.*, *Burger King*, 471 U.S. at 479-81 (finding personal jurisdiction where defendant knew he was affiliating and negotiating a franchise agreement with a Florida corporation, that the agreements were made in and enforced

from Miami, the defendant carried on a continuous course of direct communications with the Miami headquarters, the contract contained a governing law provision providing that Florida law would govern disputes between the parties of the contract, and the defendant's continued use of plaintiff's trademark after the contract was terminated caused foreseeable injury to plaintiff in Florida); *NUCOR*, 28 F.3d at 580-81 (prior telephone negotiations and single meeting in forum state leading to the defendant's purchase of steel subjected defendant to personal jurisdiction); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 n.4 (7th Cir. 1989) ("Obviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction."); *Noble Roman's, Inc. v. French Baguette, LLC*, 684 F. Supp. 2d 1065, 1070-71 (S.D. Ind. 2010) (finding personal jurisdiction where defendant franchisee entered into a multi-year business relationship with plaintiff franchisor and in exchange received trade secrets, confidential information and specialized training).

Defendants basically make two arguments in support of dismissal.  First, Defendants assert that Wine & Canvas cannot try to enforce the forum-selection clause contained in the license agreement signed by the Defendants while at the same time claiming that license agreement is invalid.  This "you can't have it both ways" argument has some appeal.  But, from what the Court can gather, it should be rejected.  In *Intercall Telecommunications, Inc. v. Instant Impact, Inc.*, for instance, the plaintiff argued it was not subject to the jurisdiction of Maryland because the contract between it and the defendant was not valid, and thus, neither was the forum-selection clause contained within it that gave Maryland exclusive jurisdiction.  376 F. Supp. 2d 155, 159 (D.P.R. 2005).  The District Court of Puerto Rico rejected this argument, holding that under the separability doctrine, a forum-selection clause is deemed separate from a contract and enforceable if "not vitiated by fraud or otherwise unenforceable." *Id.* at 160 (citing that the

court's holding was in accordance with *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). The court found that the plaintiff never asserted that the forum-selection clause itself was the product of fraud or coercion. *Intercall*, 376 F. Supp. 2d at 160. As a result, the forum-selection clause was still enforceable. *Id.* This Court finds the reasoning in *Intercall* both persuasive and applicable.

Wine & Canvas has not asserted that the forum-selection clause itself was the product of fraud or coercion. In fact, Wine & Canvas asserts that both parties intended that their business arrangement be governed by Indiana law and that Indiana would have exclusive jurisdiction, as evidenced by *both* versions of the license agreement (the purported original version and the alleged fraudulent version). Moreover, Defendants themselves argue that the license agreement (and its forum selection clause and its choice of law provision) is valid. So, under their version of the facts, the Court would unquestionably have personal jurisdiction. Simply stated, any way you slice it, Defendants had to be aware that they may be subject to jurisdiction in Indiana.

Defendants' second argument is that personal jurisdiction over a person in his individual capacity must be established separate from personal jurisdiction over that same person in his capacity as a corporate officer. In effect, Defendants invite the Court to apply the "fiduciary shield doctrine," which precludes a state from exercising jurisdiction over an individual sued in his personal capacity if the only basis is the individual's actions as a fiduciary of a corporation. *Intermatic, Inc. v. Taymac Corp.*, 815 F. Supp. 290, 293 (S.D. Ind. 1993). However, it has become relatively well-settled that "the fiduciary shield doctrine cannot be asserted to defeat personal jurisdiction in Indiana." *Id.* at 296; *see also CR3 of Indiana, LLC v. Specialty Surfaces Int'l., Inc.*, No. 1:07-cv-0991-DFH-JMS, 2008 WL 3914092, at *2 (S.D. Ind. Aug. 19, 2008); *Huber v. House*, No. 1:04–CV–1231–JDT–WTL, 2004 WL 3130618, at *3 (S.D. Ind. Dec. 7,

2004); *Health Mgmt. Prof"ls, Inc. v. Diversified Bus. Enters., Inc.*, 882 F. Supp. 795, 799 (S.D. Ind. 1995). Therefore, Defendants' second argument fails.

Having determined that the contacts of Mr. Weisser and YN Canvas with Indiana are sufficient to allow the Court to exercise personal jurisdiction, the Court also finds that exercising personal jurisdiction over both Mr. Weisser and YN Canvas comports with traditional notions of fair play and substantial justice. *See LinkAmerica*, 857 N.E.2d at 967 ("[I]f the defendant has contacts with the forum state sufficient for general or specific jurisdiction, due process requires that the assertion of personal jurisdiction over the defendant is reasonable."). The reasonableness of asserting personal jurisdiction over Defendants is determined by balancing five factors: (1) the burden on the defendants; (2) Indiana's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of several states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477. Notably, the stronger the Defendants' contacts are with Indiana, the more likely it is that exercising personal jurisdiction over the Defendants will be appropriate. *Illinois v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010).

Turning to the first factor, "though it is always somewhat burdensome to defend a lawsuit away from home, it is not a burden that violates due process in this instance." *Noble Roman's*, 684 F. Supp. 2d at 1072 (citing support in *Burger King*, 471 U.S. at 474); *see also Logan Prods., Inc., v. Optibase, Inc.*, 103 F.3d 49, 54 (7th Cir. 1996); *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in

any of the major metropolitan areas."). In this case, Mr. Weisser has traveled to Indiana a few times while working with Wine & Canvas. *See Laibe Corp. v. R. Cushman & Assocs., Inc.*, No. 1:03–CV–1144–DFH, 2003 WL 23220053, at *4 (S.D. Ind. 2003) (finding personal jurisdiction over defendant in part because defendant had an employee that traveled to Indiana as part of defendant's course of dealing with plaintiff). Thus, it would not be a significantly greater burden on Mr. Weisser to defend this suit in Indiana than it was when Mr. Weisser was working with Wine & Canvas from Alabama.

As to the second factor, Indiana has an interest in adjudicating this dispute because Wine & Canvas is an Indiana LLC. Because Wine & Canvas is an Indiana company, it clearly has an interest in obtaining convenient and effective relief, which is best accomplished in Indiana. None of the other relevant factors weigh conclusively in either Mr. Weisser or YN Canvas's favor. In light of the substantial connection between Wine & Canvas's claim and the purposeful contacts of Mr. Weisser and YN Canvas with Indiana, and the lack of prejudice to both Mr. Weisser and YN Canvas, this Court may exercise personal jurisdiction over Mr. Weisser and YN Canvas in this action. Accordingly, Defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction regarding Mr. Weisser and YN Canvas must be denied.

**B.     The Art-Uncorked Website**

Defendants also assert that this Court lacks personal jurisdiction over the AU Website because it is not a legal entity and thus cannot be sued. *See Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) (holding the pleading requirements of capacity correspond with the pleading requirements of personal jurisdiction). The AU Website is merely the domain name used for the corporate website of Art Uncorked. Federal Rule of Civil Procedure 17(b)(3) provides that,

under these circumstances, "the law of the state where the court is located" must govern. Fed. R. Civ. P. 17(b)(3). So, in this case, Indiana law must govern.

Based on common sense and Indiana precedent, it is obvious to this Court that a website alone is not an entity capable of being sued. *See Pein v. Miznerr*, 84 N.E. 981, 983 (Ind. 1908) (stating a nonentity lacks standing as a defendant). Moreover, although authority relating *directly* to this subject matter is limited, the Court has discovered support for its conclusion in *Banks.com, Inc. v. Kerry*, No. C 09–06039 WHA, 2010 WL 1688612, at *4 (N.D. Cal. Apr. 26, 2010) (finding a "website, in and of itself, is not an entity capable of being sued"). In its briefing, Wine & Canvas asserts that no authority states a party under its trade name cannot be sued, and, hence, the website itself can be sued. The Court disagrees. A dearth of authority exists for all sorts of propositions, but that fact alone should not stop a court from rejecting it. Moreover, as a practical matter, Wine & Canvas's assertion is incorrect. In *Pein*, the Indiana Supreme Court held a trade name is a non-entity that lacks the capacity to be sued. 84 N.E. at 983. And, regardless, Mr. Muylle is the registrant of the AU Website and is a defendant in this suit. Thus, the naming of the AU Website as a defendant is redundant. As a result, Defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction regarding the AU Website is granted.

## C. Wine & Canvas's Motion to Strike Portions of Defendants' Reply Brief

Finally, in light of the Court's ruling, Wine & Canvas's Motion to Strike Portions of Defendants' Reply Brief in regards to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is rendered moot because none of the portions Wine & Canvas requested to be struck pertained to the AU Website and the Defendants' motion was denied regarding Mr. Weisser and YN Canvas. Therefore, this motion (Dkt. 30) is denied as moot.

### III. MOTION TO DISMISS COUNTS I, IV, IX, X AND XI

Having resolved Defendants' motion relating to personal jurisdiction, the Court now turns to Defendants' motion to dismiss several counts of Wine & Canvas's complaint. Pointing to Fed. R. Civ. P. 12(b)(6), Defendants have moved to dismiss Wine & Canvas's claims for trademark infringement and counterfeiting (Counts I and IV), as well as claims for specific forms of relief (Counts X and XI). Defendants also seek to dismiss Wine & Canvas's claim for fraud (Count IX) under Rules 12(b)(6) and 9(b) (failure to plead counts with the requisite particularity); or in the alternative, Defendants seek a More Definite Statement on this count. *See* Fed. R. Civ. P. 12(e).

**A.    Legal Standard**

When reviewing a Rule 12(b)(6) motion, the Court takes all well-pleaded facts alleged in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). The factual allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**B.     Counts I and IV**

As it stands, both Count I (trademark infringement under 15 U.S.C. § 1114(1)(a)) and Count IV (use of a counterfeit mark under 15 U.S.C. § 1116(d)) are fatally defective. This is because both claims require a registered mark. Wine & Canvas concedes that it does not have registered marks and that both of these counts should be dismissed; however, Wine & Canvas urges the Court to dismiss without prejudice because the registration of its marks is pending. Because the date of filing for the registration was on April 12, 2011, a few months prior to the signing of the disputed license agreement, the Court finds that Counts I and IV should be dismissed without prejudice. *See* 15 U.S.C. § 1057(c) (stating that for a mark registered on the principal register, the "filing of the application to register [the] mark shall constitute constructive use of the mark"); *American Throwing Co., v. Famous Bathrobe Co.*, 250 F.2d 377, 380 (C.C.P.A. 1957) (holding "[t]he presumption of use created by the registration is deemed to relate back to the filing date thereof").

**C.     Counts X and XI**

Wine & Canvas's Counts X and XI seek specific forms of relief – Permanent Injunction and Attachment, respectively. *See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 199 (E.D.N.Y. 2009) (stating that a permanent injunction is an appropriate remedy under 15 U.S.C § 1125); *Vuitton v. White*, 945 F.2d 569, 572 (3d Cir. 1991) (stating that an attachment is legal remedy available under Fed. R. Civ. P. 64(b)). Because these remedies are based on causes of actions in other counts within the Wine & Canvas's complaint and are included within the Wine & Canvas's prayer for relief, it is unnecessary to dedicate a separate count for each specific remedy. *See Walters v. Juno*, No. Civ. A. No. 85–6775, 1986 WL 5172, at *1 (E.D. Pa. May 1, 1986). As a result, Counts X and XI must be dismissed.

**D.      Count IX**

Count IX of Wine & Canvas's complaint involves a cause of action for fraud. Defendants assert that Wine & Canvas has failed to state a claim of fraud because its pleading lacks particularity. The Court agrees.

In addition to the legal standard for a Rule 12(b)(6) motion stated above, a fraud claim is subjected to a heightened pleading standard. *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (referring to Fed. R. Civ. P. 9(b) as providing a heightened pleading requirement). Federal Rule of Civil Procedure 9(b) states that when "alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." Because fraud can cause serious harm to a business or person, the heightened pleading standard of Rule 9(b) ensures that the plaintiff has some basis for his accusations of fraud and discourages the plaintiff from using the accusations as a tool to gain leverage for other purposes. *Uni\*Quality, Inc. v. Infotronix, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).

To plead with the requisite particularity, the plaintiff must provide more than conclusory allegations, *see Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1127 (7th Cir. 1990), and instead, detail "the who, what, when, where, and how." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Stated differently, the plaintiff must "identi[fy] . . . the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003) (citation omitted). The five elements of fraud are: "(i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon

by the complaining party and (v) proximately caused the complaining party injury." *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996) (citation omitted).

Wine & Canvas's complaint lacks the requisite specificity to maintain a charge of fraud. No date or relative time frame is given as to when the alleged fraud occurred, nor is there any indication as to where the fraud took place. Although Wine & Canvas alleges the fraud was accomplished through switched documents, it is unclear as to the method in which the misrepresentation was communicated to Wine & Canvas. Admittedly, many of these uncertainties are clarified in Wine & Canvas's response brief; however, Rule 9(b) is concerned with the complaint and a subsequent response brief cannot be used "to plead for the first time with the requisite particularity." *Kennedy*, 348 F.3d at 593. As a result, the Court finds that Count IX should be dismissed without prejudice.

## IV. <u>MOTION TO STRIKE COUNT VI</u>

Wine & Canvas's Count VI seeks a declaratory judgment on the rights with respect to Wine & Canvas's trademarks and the enforceability of the Non-Compete Agreement. Defendants assert that Count VI is duplicative of Count VIII's breach of contract claim and should be stricken. The Court agrees.

Federal Rule of Civil Procedure 12(f) states that a court may strike "redundant, immaterial, impertinent, or scandalous matter" from any pleading. The general rule is a motion to strike is disfavored unless it helps to relieve unnecessary clutter from a case and thus serves to expedite matters. *Heller*, 883 F.2d at 1294. The Court's decision of whether to strike material from a pleading is discretionary. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 655 (7th Cir. 1992); *Olayan v. Holder*, 833 F.Supp.2d 1052, 1059 (S.D. Ind. 2011).

Because Wine & Canvas's Count VIII alleges that Defendants are in breach of the Non-Compete Agreement, the enforceability of the Non-Compete Agreement will necessarily be addressed in Count VIII's adjudication. In addition, the determination of Wine & Canvas's rights in regards to its trademarks will necessarily be addressed in the adjudication of Count II, a claim of false designation of origin, and Count III, a claim of trademark dilution. As a result, Count VI is redundant. Therefore, Count VI should be dismissed.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 16) is **DENIED** regarding Mr. Weisser and YN Canvass and **GRANTED** with respect to AU Website; Defendants' Motion to Dismiss for Failure to State a Claim (as to Counts I, IV, and IX) (Dkt. 14) is **GRANTED WITHOUT PREJUDICE;** Defendants' Motion to Dismiss for Failure to State a Claim (as to Counts X and XI) (Dkt. 14) is **GRANTED;** Defendants' Motion to Strike (Count VI) is **GRANTED;** and Plaintiff's Motion to Strike Portions of Defendants' Reply Brief (Dkt. 30) is **DENIED AS MOOT**.

SO ORDERED.   08/07/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com