UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THEODORE WEISSER, ) | |
| CHRISTOPHER MUYLLE, ) | No. 1:11-cv-01598-TWP-DKL |
| YN CANVAS CA, LLC doing business as ) | |
| WWW.ART-UNCORKED.COM; doing ) | |
| business as ART UNCORKED, ) | |
| WEISSER MANAGEMENT GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss Christopher Muylle's Counterclaim and Third-Party Complaint [Dkt. 106.] filed by Plaintiff Wine & Canvas Development, LLC ("Wine & Canvas") and Third Party Defendants Anthony Scott, Tamra McCracken and Donald McCracken.[1] The Honorable Tanya Walton Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 142.] For the reasons set forth below, the undersigned recommends the Motion be **GRANTED in part** and **DENIED in part**.

---

[1] For the sake of simplicity, the Court will refer to Plaintiff Wine & Canvas and Third Party Defendants Anthony Scott, Tamra McCracken and Donald McCracken collectively as the "Plaintiffs."

## I. Background

Wine & Canvas organizes parties, such as corporate events, where guests can take a painting class while enjoying cocktails. In the spring of 2011, Defendants Theodore Weisser ("Weisser") and Christopher Muylle ("Muylle") allege they agreed to operate a Wine & Canvas franchise in San Francisco, California. [Dkt. 66 at ¶ 9-11.] On July 5, 2011, Weisser and Muylle formed the Nevada Limited Liability Corporation YN Canvas CA, LLC. *Id.* at ¶ 12. On July 30, 2011, the day Defendants left for California, they signed a License Agreement that would govern their business under the Wine & Canvas brand. *Id.* at ¶ 13-14. On August 10, 2011, the day of the first scheduled class at the California location, Plaintiffs' representatives told Defendants they would have to sign a new agreement giving Plaintiff joint ownership of the California business and execute a non-compete agreement. *Id.* at ¶ 18. Defendants refused to do so and terminated the License Agreement on November 18, 2011. *Id.* at ¶ 21.

Defendant Muylle asserts four counterclaims against Wine & Canvas: Counts I and II allege violations of the California Franchise Investment Law ("CFIL"). In Count III, Muylle seeks to invalidate Wine & Canvas's trademark on the basis that it is merely descriptive, not distinctive. Count IV alleges abuse of process; specifically Muylle alleges Plaintiffs filed this lawsuit for the purposes of harassing Defendants and causing them to incur legal costs. Plaintiffs' filed this Motion seeking to dismiss each of Muylle's counterclaims.

## II. Legal Standard

Plaintiffs characterize this motion as a motion to dismiss under Rule 12(b)(6). However, before filing the motion Plaintiffs filed an answer to Defendants' counterclaims. Rule 12(b)(6) motions filed after an answer are construed as motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *See Warzon v. Drew,* 60 F.3d 1234, 1237 (7th Cir.1995). Like a Rule 12(b)(6) motion, a court may grant a motion under Rule 12(c) only if the Defendants can prove no set of facts that would entitle them to relief. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 453 (7th Cir.1998) (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997)). The essence of the motion is not that Defendants have pleaded insufficient facts; it is that, even assuming all of their facts are accurate, they have no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir.1999). In considering the motion, the Court must assume that all facts alleged in the counterclaims are true, and construe those facts and all reasonable inferences flowing from them in the light most favorable to Defendants. *Bethlehem Steel Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir.1990).

## III. Discussion

Defendant Muylle asserts four counterclaims against Plaintiffs: 1) Plaintiffs failed to register the Wine & Canvas franchise with the state of California in violation of the CFIL; 2) Plaintiffs misled Defendants when making the franchise offer in violation of the CFIL; 3) Plaintiffs' Wine & Canvas trademark should be canceled on the grounds

that it is merely descriptive; and 4) Plaintiffs abused the litigation process by filing a lawsuit for the purposes of harassing Defendants and causing them to incur legal costs. Plaintiffs seek dismissal of each of Muylle's counterclaims pursuant to Rule 12 (c). The Court will address each claim separately below.

### A. Counts I and II:  Violations of the CFIL

Franchising in California is governed by two statutory schemes.  The California Franchise Investment Law ("CFIL") regulates the offers and sales of franchises.  It provides prospective franchisees with the information necessary to make an intelligent decision regarding franchises being offered.  Cal. Corp. Code § 31001.  In contrast to the CFIL, the California Franchise Relations Act ("CFRA") governs certain events *after* the franchise has been formed, including the renewal or termination of franchises.

Muylle alleges in his counterclaims violations of the CFIL.  Specifically, Muylle alleges that Plaintiffs failed to register their offer of a Wine & Canvas franchise and provide Defendants with an offering circular pursuant to the CFIL.  He further alleges Plaintiffs failed to disclose certain facts about the franchise offer.  The CFIL provides that it is unlawful "to offer or sell any franchise in this state unless the offer of the franchise has been registered."  Cal. Corp. Code § 31110.  The CFIL further requires the application for registration to include an "offering circular" that sets forth the material information concerning about the franchise offer.  Cal. Corp. Code § 31114.

Plaintiffs set forth multiple arguments for the dismissal of Muylle's CFIL claims, including that Muylle cannot maintain a claim under the CFIL because the offer was not made "in this state" (California) therefore is not governed by the CFIL.  Since the Court

4

agrees Muylle cannot satisfy this threshold requirement, it will confine its analysis to that issue. The CFIL provides:

> An offer or sale of a franchise is made in this state when an offer to sell is made in this state, or an offer to buy is accepted in this state, *or, if the franchisee is domiciled in this state, the franchised business is or will be operated in this state.*

Cal. Corp. Code § 31013 (emphasis added).[2] It is undisputed that the franchise offer, subsequent negotiations and execution of the Licensing Agreement occurred in Indiana. While it may be true, as Muylle alleges, that he was on his way to California at the time of the execution of the Licensing Agreement, this allegation is not enough to trigger the protections of the CFIL. Regardless of whether the Court considers the franchisee to be Muylle or YN Canvas, LLC, neither were domiciled in California at the time of the offer. Because the offer took place in Indiana at a time when both parties were domiciled in Indiana, the Court finds the provisions of the CFIL do not apply.[3] Therefore, Muylle cannot state a claim under the CFIL and those claims must be dismissed pursuant to Rule 12 (c).

### B. Count III: Cancelation of Trademark

Plaintiffs' complaint alleges Defendants infringed upon their registered trademark "Wine & Canvas." Muylle alleges in his counterclaim that the trademark

---

[2] Compare this language to that of the CFRA, which provides that it applies to "any franchise where either the franchisee is domiciled in this state or the franchised business is or has been operated in this state." Cal. Corp. Code § 20015. The California Wine & Canvas franchise would be covered by the provisions of the CFRA as it was operated in California. However, Muylle raises no claims under the CFRA.

[3] As Muylle points out in his response memorandum, his counterclaim allegations may also constitute violations of Indiana franchise law. [Dkt. 114 at 6.] In the Court's opinion, this begs the now-irrelevant question as to why Muylle did not assert Indiana law claims as opposed to the California claims.

5

should be cancelled pursuant to 15 U.S.C. § 1119 because it is merely descriptive and not entitled to registration. [Dkt. 66 at ¶ 39.]

Marks are often classified in categories of generally increasing distinctiveness 1) generic; 2) descriptive; 3) suggestive; 4) arbitrary; or 5) fanciful. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Marks which are merely descriptive of a product are not inherently distinctive. When used to describe a product, they do not inherently identify a particular source, and therefore cannot be protected. However, descriptive marks may acquire the distinctiveness which will allow them to be protected under the Act. Section 2 of the Lanham Act provides that a descriptive mark that otherwise could not be registered under the Act may be registered if it "has become distinctive of the applicant's goods in commerce." §§ 2(e), (f), 15 U.S.C. §§ 1052(e), (f). *See Park 'N Fly v. Dollar Park & Fly,* 469 U.S. 189, 194 and 196. This acquired distinctiveness is generally called "secondary meaning."

Plaintiffs assert Muylle's claim for cancelation of the trademark fails because Muylle and Weisser admitted the mark was distinctive when they executed the License Agreement. [Dkt. 106 at 21.] Muylle disagrees, arguing that the language of the License Agreement does not constitute an admission of the mark's distinctiveness. [Dkt. 114 at 9.] In making their respective arguments, however, the parties have exceeded the scope of the Court's review on a motion to dismiss. Whether the Defendants admitted the Wine & Canvas mark was distinctive requires a factual determination that is premature at this stage in the litigation. Because Muylle's allegations are accepted as true when evaluating a motion to dismiss, he needed only to allege facts to show he could prevail

on his claim. *See Dynamic Fluid Control Limited v. International Valve Manufacturing, LLC*, 790 F. Supp. 2d 732, 737 (N.D. Ill. 2011).

The original action contains a trademark infringement claim based upon the Wine & Canvas mark. Muylle's counterclaim for cancelation alleges the trademark is not entitled to registration because it is merely descriptive. For the purposes of a motion to dismiss, the Court finds Muylle's allegations are sufficient to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### C. Count IV: Abuse of Process

Finally, Muylle asserts an abuse of process counterclaim based upon his allegation that Plaintiffs brought their lawsuit for the purpose of harassing Defendants and causing them to incur legal fees. Specifically, Muylle alleges Plaintiffs' objective "is not to obtain a judgment on the merits but to cause the defendants to incur costs that will force them to go out of business." [Dkt. 66 at ¶46.] Plaintiffs argue Muylle's claim should be dismissed because Muylle failed to "identify a single instance wherein an illegal process" was used by Plaintiffs. In making this argument, however, Plaintiffs have misstated the requirements of an abuse of process claim.

To prevail on a claim of abuse of process, a party must prove the following elements: 1) An ulterior purpose; and 2) a willful act in the use of process not proper in the regular conduct of the proceeding. *Broadhurst v. Moenning,* 633 N.E.2d 326 (Ind. Ct. App. 1994). "[O]therwise stated, 'abuse of process requires a finding of misuse or misapplication of process, for an end other than that which it was designed to accomplish.' " *Id.* at 333 (internal citation omitted). Indiana courts have defined the

term "process" as the use of the "judicial machinery" including actions undertaken by a litigant in pursuing a legal claim. *Groen v. Elkins*, 551 N.E.2d 876, 879 (Ind. Ct. App. 1990). Contrary to Plaintiffs' assertion, Muylle was not required to allege an "illegal process." Muylle alleges Plaintiffs utilized the litigation process for an ulterior purpose, namely to harass Defendants and cause them to incur legal fees. Whether Plaintiffs' action constitute an abuse of process or a legitimate use of the legal system is a factual determination that will be addressed at a later stage of this litigation. The Court finds Muylle's allegations are sufficient to state a plausible claim for abuse of process and denies Plaintiffs' motion with regard to this claim.

## IV. Conclusion

Based on the foregoing, the undersigned recommends the Court **GRANT** Plaintiffs' Motion with regard to Counts I and II and **DENY** Plaintiffs' Motion with regard to Counts III and IV.

## Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). If objections are filed, the opposing party may serve a response within fourteen days of the date the objections are filed. The objecting party shall then have seven days to reply, if desired.

Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 09/11/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

THEODORE WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com