UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THEODORE WEISSER, | ) | |
| CHRISTOPHER MUYLLE, | ) | No. 1:11-cv-01598-TWP-DKL |
| YN CANVAS CA, LLC doing business as | ) | |
| WWW.ART-UNCORKED.COM; doing | ) | |
| business as ART UNCORKED, | ) | |
| WEISSER MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Christopher Muylle's Motion to Dismiss for Plaintiff's Failure to Comply with Discovery Requests and Court Orders. [Dkt. 111.]   The Honorable Tanya Walton Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the Motion.   [Dkt. 142.] For the reasons set forth below, the undersigned recommends the Motion be **GRANTED in part**, and **DENIED in part**, with sanctions imposed as described below.

I.    **Background**

The contentious nature of this case, where the parties are former friends, has led to a long and arduous discovery process.  The Court has already sanctioned Plaintiff and its counsel, P. Adam Davis, once for failing to respond to discovery.  Defendant

Muylle now seeks the ultimate sanction of dismissal for failure to respond to discovery and comply with a court order.

To recap, Plaintiff's responses to written discovery initially were due on March 20, 2013. After multiple empty promises to respond by Mr. Davis, the Court held a telephonic status conference on April 29, 2013. Mr. Davis agreed to serve responses by May 1, 2013. [Dkt. 86.] But again, Mr. Davis failed to fulfill his promise. Defendant Muylle filed a Motion to Compel on May 7, 2013. [Dkt. 90.] The Court granted Muylle's motion during a telephonic status conference on May 16, 2013, and set a follow-up conference for June 4, 2013.

Still no discovery responses. Mr. Davis did not participate in the June 4, 2013, conference because of medical issues. However, the Court reiterated that Muylle's Motion to Compel had been granted and issued sanctions based upon Mr. Davis' failure to respond. [Dkt. 97.] The Court ordered Plaintiff to serve discovery responses within seven days of the order, or by June 14, 2013. On that date, a Friday, Plaintiff sought a one-day extension of time to allow until Monday, June 17, 2013 to respond. [Dkt. 98.] The Court granted Plaintiff's request. [Dkt. 100.]

At 11:55 p.m. on June 17, 2013, Plaintiff emailed what it purported to be responses to the discovery. However, the attachment did not contain responses. Then, Muylle alleges, over the course of the next several hours in the early morning of June 18, 2013, Plaintiff emailed several different versions of the discovery responses with a "final" response coming at 4:10 a.m. Muylle asserts even the "final" responses were

vague and incomplete. [Dkt. 111 at 8.] For example, Plaintiff failed to provide an itemization of damages as requested in Interrogatory No. 12.

Mr. Davis asserts a combination of technological issues and health problems contributed to the various delays and expressed his apology toward Defendant Muylle and his counsel. He further disputes Muylle's allegation of incomplete discovery responses and notes Defendant's non-compliance with Local Rule 7-1(g)'s requirement to confer in good faith prior to filing a formal discovery motion.

## II.    <u>**Legal Standard**</u>

Pursuant to Rules 37(b) and (d) of the Federal Rules of Civil Procedure, courts have the power to impose appropriate sanctions for discovery violations. *e360 Insight, Inc. v. Spanhaus Project,* 658 F.3d 637, 642 (7th Cir. 2011). Courts are given wide latitude in fashioning appropriate sanctions, but the sanctions must be reasonable under the circumstances. *Id.* Among the Rule 37 sanctions, default and dismissal are the harshest. *1100 West, LLC v. Red Spot Paint & Varnish Co., Inc.,* 2009 WL 1605118, at *35 (S.D. Ind. June 5, 2009).

Considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case. *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).Dismissal should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing. In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct

in question in relation to all aspects of the judicial process. *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003).

III.   **Discussion**

Defendant Muylle argues that Plaintiff's pattern of broken promises, revolving list of excuses and failure to comply with a court order warrants dismissal as a sanction under Rule 37.  However, the majority of the conduct Muylle complains of in his motion has already been sanctioned by the Court in its June 7, 2013, order.  [Dkt. 97.]  In fact, the only new allegations concern Plaintiff's one-day delinquency in complying with that order and Muylle's belief those responses were incomplete.

The sanction of dismissal is "strong medicine" that must be supported by clear and convincing evidence that Plaintiff and/or Mr. Davis displayed willfulness, bad faith or fault.  *Wellness International Network, Ltd. v. Sharif*, 2013 WL 4441926 (7th Cir. 2013).  While the Court is troubled by the apparent disregard for the rules shown by Plaintiff and Mr. Davis, it does not yet rise to this standard.  That said, however, their failure to comply with the June 7, 2013 order – even after the Court granted an extension of time – does warrant sanctions in the form of the reasonable expenses incurred by Muylle in bringing this motion.

Muylle offered only one example of Plaintiff's failure to provide complete discovery responses, but the Court finds it to be persuasive.  Not only did Plaintiff fail to fully respond to the Interrogatory requesting an itemization of damages, Plaintiff also has never provided Muylle with a statement of special damages.  In fact, Muylle asserts he has not been provided with any type of damage calculation.  Plaintiff shall have five

4

(5) days from the completion of the objection period outlined below to supplement its discovery responses, including providing Muylle with an itemization of damages.

Discovery in this case has now closed. The Court cautions Plaintiff and Mr. Davis that any further disregard of this Court's orders or the rules of this Court may result in more significant sanctions, including, but not limited to, dismissal of this case.

## IV.    **Conclusion**

The Court orders the following upon the expiration of the fourteen-day objection period if no objections are filed, or upon the District Judge's ruling on objections if this Order is affirmed:

1.) Plaintiff shall supplement its discovery responses, including providing an itemization of damages, within five (5) days.

2.) Muylle shall submit an itemization of the costs and fees incurred relating to this motion within five (5) days.

## Notice Regarding Objections

Within fourteen (14) days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). If objections are filed, the opposing party may serve a response within fourteen (14) days of the date the objections are filed. The objecting party shall then have seven (7) days to reply, if desired.

Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 09/23/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

THEODORE  WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com