UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THEODORE WEISSER, ) | |
| CHRISTOPHER MUYLLE, ) | No. 1:11-cv-01598-TWP-DKL |
| YN CANVAS CA, LLC doing business as ) | |
| WWW.ART-UNCORKED.COM; doing ) | |
| business as ART UNCORKED, ) | |
| WEISSER MANAGEMENT GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion for Leave to File Third-Party Counterclaim and to Join Third-Party Counterclaim Defendants filed by Third-Party Defendants, Anthony Scott, Tamra McCracken and Donald McCracken (collectively the "Third-Party Defendants"). [Dkt. 140.] The Honorable Tanya Walton Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 142.] For the reasons set forth below, the undersigned recommends the Motion be **DENIED**.

### I.   BACKGROUND

This action initially was filed on December 2, 2011. [Dkt. 1.] On September 4, 2012, Plaintiff filed an Amended Verified Complaint for Declaratory Judgment, Injunctive Relief and Damages. [Dkt. 36.] On September 21, 2012, Defendant Muylle

filed his Answer to First Amended Complaint and Counterclaim against Plaintiff. [Dkt. 42.] The Case Management Plan ("CMP") set forth a January 4, 2013 deadline to amend the pleadings and/or join additional parties. [Doc. 59.] On April 30, 2013, upon receiving leave of court, Defendant Muylle filed his Amended Answer to First Amended Complaint, Counterclaims and Third Party Claims. [Dkt. 66.][1] This pleading added Anthony Scott, Tamra McCracken and Donald McCracken as Third-Party Defendants.

On May 27, 2013, Plaintiff and Third-Party Defendants timely filed their Answer, Defenses & Counterclaims, answering Defendant Muylle's counterclaims and asserting counterclaims against Defendant Muylle on behalf of the Third-Party Defendants. [Dkt. 93.] On June 18, 2013, Plaintiff and Third-Party Defendants filed their Amended Answer, Defenses & Counterclaims, joining Fitness Fixx, Inc. and ArtSocial, LLC, as defendants to the third-party counterclaims asserted in Docket No. 93. [Dkt. 101.] With this pleading, Third-Party Defendants Scott, McCracken and McCracken became Fourth-Party Plaintiffs. At issue is whether Plaintiff and Third-Party Defendants (Fourth-Party Plaintiffs) were required to seek leave of court prior to amending their answer and joining additional parties with Docket No. 101.

## II. DISCUSSION

Defendant Muylle asserts Plaintiff and Third-Party Defendants were required to seek leave of court to amend their answer pursuant to Fed. R. Civ. P. 14 (a)(1). Plaintiff and Third-Party Defendants contend leave was not required because their amended

---

[1] Defendant Muylle filed his motion for leave to file the amended answer on January 7, 2013. [Dkt. 72.]

2

answer was governed by Rule 15 (a), which provides pleadings may be amended once as a matter of course within 21 days of service. This dispute poses an interesting question, and one in which neither party's stance is definitively correct.

The stumbling block appears to be the manner in which Plaintiff and Third-Party Defendants approached the filing of the amended answer (Dkt. 101). The pleading was filed jointly, as if Plaintiff and Third-Party Defendants were co-plaintiffs in the litigation. But these parties have distinct party designations and, as such, are governed by separate Rules. Plaintiff also is subject to the deadlines set forth in the CMP approved by the Court in November 2012. [Dkt. 59.] As a result, the Court must separately evaluate Plaintiff's and Third-Party Defendants' ability to amend their answer and file additional claims.

Rule 14 governs third-party practice, and thus governs the Third-Party Defendants here. Under Rule 14(a), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). If the third-party complaint is to be filed more than 14 days after the defendants/third-party plaintiffs file their original answer, they must seek leave of the court to file it. *Id.* A third-party complaint filed without leave pursuant to Rule 14 is appropriately stricken. *Sabo v. Dennis Technologies, LLC,* 2007 WL 1958591, at *3 (S.D. Ill. July 2, 2007). Third-Party Defendants filed their amended answer more than 14 days after their original answer without leave of court. Although the Court has the discretion to grant Third-Party Defendants' delinquent motion for leave, it will decline to do so for reasons further explained below.

The Court now turns to the motion as it pertains to Plaintiff. Initially, Plaintiff is correct that his request is governed by Rule 15(a). However, this does not mean Plaintiff was free to amend his answer and join additional parties without leave of court. While typically the liberal standards of Rule 15 govern amendment of pleadings before trial, after the CMP deadline for amendments has passed a party must also show good cause under Rule 16(b) for its failure to seek amendment earlier. *Durden v. Semafore Pharmaceuticals, Inc.*, 2011 WL 2118952 (S.D. Ind. May 25, 2011). In other words, Plaintiff *was* required to seek leave of court under Rule 16 and show good cause to extend the deadline.

Good cause depends primarily on the diligence of the party seeking amendment and requires a party to "show that despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995) (internal citations omitted). The CMP deadline to amend pleadings was January 4, 2013. Therefore, Plaintiff must first show good cause for extending the deadline under Rule 16(b); then, if good cause is shown, he must demonstrate the amendment is proper under Rule 15. Since Plaintiff does not attempt to establish good cause, the Court does not even reach the second prong of this analysis.

This case is nearly two years old. Discovery is closed and the dispositive motion deadline looms 14 days from an impending ruling on a motion to dismiss. The addition of new claims and parties at this late stage of the litigation likely would delay the resolution of the matter and add time and expense for all parties. Because the Third-Party Defendants failed to seek leave pursuant to Rule 14 (a) prior to filing their

4

amended answer and Plaintiff failed to establish good cause to extend the CMP deadline to amend his answer, the undersigned Magistrate recommends the District Judge deny this Motion and strike Docket No. 101.

### III.   CONCLUSION

Based on the foregoing, the undersigned recommends the *Motion for Leave to File Third-Party Counterclaim and to Join Third-Party Counterclaim Defendants* be **DENIED**. [Dkt. 140.]  Upon the expiration of the fourteen-day objection period if no objections are filed, or upon the District Judge's ruling on objections if this Order is affirmed, the Clerk shall strike Plaintiff and Third-Party Defendants' Amended Answer, Defenses & Counterclaims from the record.  [Dkt. 101.]

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).  If objections are filed, the opposing party may serve a response within fourteen days of the date the objections are filed.  The objecting party shall then have seven days to reply, if desired.

Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed.  *Tumminaro v. Astrue*, 671 F.3d

629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 10/08/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

THEODORE WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com