# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT, LLC | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 1:11-cv-01598-TWP-DKL <br> ) |
| THEODORE WEISSER, CHRISTOPHER MUYLLE, YN CANVAS CA, LLC, and ART UNCORKED | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |
| CHRISTOPHER MUYLLE, | ) <br> ) |
| Counterclaim Plaintiff and Third Party Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| WINE & CANVAS DEVELOPMENT, LLC, | ) <br> ) <br> ) |
| Counterclaim Defendant, and | ) <br> ) |
| DONALD McCRACKEN, ANTHONY SCOTT, and TAMRA SCOTT, | ) <br> ) <br> ) |
| Third Party Defendants. | ) |

## AMENDED ENTRY ON REPORT & RECOMMENDATIONS

This matter is before the Court on Plaintiff's, Wine & Canvas Development, LLC ("Wine & Canvas"), and Third Party Defendants', Anthony Scott, Tamra McCracken and Donald McCracken, Motion to Dismiss Christopher Muylle's Counterclaim and Third-Party Complaint (Dkt. 106) and Plaintiff Wine & Canvas's, and Third Party Defendants', Anthony Scott, Tamra

McCracken and Donald McCracken, Motion to Dismiss Theodore Weisser's Counterclaim and Third-Party Complaint (Dkt. 133).

Magistrate Judge Denise LaRue issued Report & Recommendations, pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) on each of these motions. Regarding Dkt. 106, Judge LaRue recommended the motion be granted in part and denied in part (Dkt. 144). Likewise, regarding Dkt. 133, Judge LaRue recommended the motion be granted in part and denied in part (Dkt. 145).

## I. BACKGROUND

The pertinent facts of each motion are set forth in Judge LaRue's Report & Recommendations. The Court will dispense with further recitation.

## II. LEGAL STANDARD

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### III. DISCUSSION

**A.   Plaintiff Wine & Canvas's and Third Party Defendants', Anthony Scott, Tamra McCracken and Donald McCracken, Motion to Dismiss Christopher Muylle's Counterclaim and Third-Party Complaint (Dkt. 106)**

Judge LaRue entered her Report & Recommendations for Dkt. 106 (Dkt. 144) on September 11, 2013. On September 17, 2013, Wine & Canvas and Third Party Defendants' Anthony Scott, Tamra McCracken, and Donald McCracken timely filed a partial objection (Dkt. 151). The partial objection first contains an incidental objection pertaining to a footnote contained in Judge LaRue's Report & Recommendations, which stated that the California Wine & Canvas franchise would be covered by the provisions of the California Franchise Relations Act ("CFRA"), had any claims under the CFRA been filed. The objecting parties contend that the California Wine & Canvas franchise is not a franchise at all and, therefore, not subject to the CFRA. The Court finds this issue, as identified by the objecting parties, was disputed by the parties and is incidental to the matters at hand. Therefore, in adopting Judge LaRue's Report & Recommendation (Dkt. 144), the Court will strike the contents of footnote on page four, as the contents of such are incidental and immaterial to the merits.

Second, the parties object to Judge LaRue's finding that Mr. Muylle has sufficiently pleaded Count IV for Abuse of Process. Under Indiana law, "the gravamen of abuse of process is not the wrongfulness of the prosecution, but some extortionate perversion of *lawfully initiated process* to illegitimate ends." *Estate of Mayer v. Lax, Inc.*, __ N.E.2d __, 2013 WL 5516465, at *5 (Ind. Ct. App. Oct. 7, 2013) (internal quotation omitted) (emphasis added). The objecting parties contend that Indiana law requires as an element of abuse of process an "illegal process." However, as Judge LaRue explained and Indiana law states, abuse of process involves an improper or misapplication of a process for an end other than its intended use. *Yater v. Coy*, 681

N.E.2d 232, 234 (Ind. Ct. App. 1997). The objecting parties' objection to the contrary is incorrect.

Thus, the partial objection (Dkt. 151) is **SUSTAINED in part** and **OVERRULED in part**, and the Report & Recommendation (Dkt. 144) is **ADOPTED as modified** in this Entry. Wine & Canvas's and Third Party Defendants', Anthony Scott, Tamra McCracken and Donald McCracken, Motion to Dismiss Christopher Muylle's Counterclaim and Third-Party Complaint (Dkt. 106) is **GRANTED in part** and **DENIED in part.**

**B.     Plaintiff Wine & Canvas's and Third Party Defendants', Anthony Scott, Tamra McCracken and Donald McCracken, Motion to Dismiss Theodore Weisser's Counterclaim and Third-Party Complaint (Dkt. 133)**

Judge LaRue entered her Report & Recommendations for Dkt. 133 (Dkt. 145) on September 11, 2013. On September 17, 2013, Wine & Canvas and Third Party Defendants Anthony Scott, Tamra McCracken, and Donald McCracken timely filed an "incidental objection" (Dkt. 150). This incidental objection pertains to a footnote contained in Judge LaRue's Report & Recommendations, which stated that the California Wine & Canvas franchise would be covered by the provisions of the California Franchise Relations Act ("CFRA") had any claims under the CFRA been filed. The objecting parties contend that the California Wine & Canvas franchise is not a franchise at all and, therefore, not subject to the CFRA. The Court finds this issue, as identified by the objecting parties, was disputed by the parties and is incidental to the matters at hand. Therefore, in adopting Judge LaRue's Report & Recommendation, the Court will strike the contents of footnote two on page 5, as the contents of such are incidental and immaterial to the merits. The objecting parties' objection (Dkt. 150) is **SUSTAINED** and the Report & Recommendations (Dkt. 145) is **ADOPTED as modified** in this Entry.

4

## IV.  CONCLUSION

The Court therefore makes the following rulings:

- The Report & Recommendation for Dkt. 106 (Dkt. 144) is **ADOPTED as modified** in this Entry.  The objection (Dkt. 151) is **SUSTAINED in part** and **OVERRULED in part**.  Plaintiff Wine & Canvas's and Third Party Defendants', Anthony Scott, Tamra McCracken and Donald McCracken, Motion to Dismiss Christopher Muylle's Counterclaim and Third-Party Complaint (Dkt. 106) is **GRANTED in part** and **DENIED in part.**

- The Report & Recommendations for Dkt. 133 (Dkt. 145) is **ADOPTED as modified** in this Entry.  The objection (Dkt. 150) is **SUSTAINED.**  Plaintiff Wine & Canvas's and Third Party Defendants', Anthony Scott, Tamra McCracken and Donald McCracken, Motion to Dismiss Theodore Weisser's Counterclaim and Third-Party Complaint (Dkt. 133) is **DENIED.**

**SO ORDERED.**

Date: 11/07/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ronald J. Waicukauski
rwaicukauski@price-law.com

Carol Nemeth Joven
cnemeth@price-law.com

P. Adam Davis
adavis@d-slaw.com

Charles Johnson Meyer
cmeyer@uspatent.com

William A. McKenna
wmckenna@uspatent.law

Theodore Weisser
25 Rodeo Avenue, Apt. 2
Sausalito, California  94965