UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:11-cv-01598-TWP-DKL |
| ) | |
| THEODORE WEISSER, ) | |
| CHRISTOPHER MUYLLE, ) | |
| YN CANVAS CA, LLC doing business as ) | |
| WWW.ART-UNCORKED.COM; doing ) | |
| business as ART UNCORKED; Default ) | |
| Entered 11/22/2013, ) | |
| WEISSER MANAGEMENT GROUP, LLC ) | |
| Default Entered 11/22/2013, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Christopher Muylle's *Renewed Motion to Dismiss*. [Dkt. 182.] The Honorable Tanya Walton Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the Motion. [Dkt. 205.] For the reasons set forth below, the undersigned recommends the Motion be **DENIED**.

### I. Background

In this contentious case, the motions fly between bitter parties. Here Defendant Muylle asks the Court, for a second time, to dismiss Plaintiff's case based upon a "history of non-compliance" with court orders and an alleged desire to harass defendants with vexatious filings. [Dkt. 183 at 5.] Plaintiff, Wine & Canvas

Development LLC ("Wine & Canvas"), responds that any failure to comply is the fault of Defendant Muylle, who has not fulfilled his discovery obligations. Wine & Canvas further asserts that its filings, while admittedly "vast" and "verbose," have been necessitated by Defendant Muylle's non-compliance.

## II. Legal Standard

Pursuant to Rules 37(b) and (d) of the Federal Rules of Civil Procedure, courts have the power to impose appropriate sanctions for discovery violations. *e360 Insight, Inc. v. Spanhaus Project,* 658 F.3d 637, 642 (7th Cir. 2011). Courts are given wide latitude in fashioning appropriate sanctions, but the sanctions must be reasonable under the circumstances. *Id.* Among the Rule 37 sanctions, default and dismissal are the harshest. *1100 West, LLC v. Red Spot Paint & Varnish Co., Inc.,* 2009 WL 1605118, at *35 (S.D. Ind. June 5, 2009). A dismissal under Rule 37 requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault. *Ladien v. Astrachan,* 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997) (*citing Patterson v. Coca–Cola Bottling Co.,* 852 F.2d 280, 285 (7th Cir. 1988)).

Considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case. *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003). Dismissal should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing. In deciding what measure of sanctions to impose, the district court should consider the egregiousness of

the conduct in question in relation to all aspects of the judicial process. *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003).

III. **Discussion**

This Motion is nearly identical to the one filed in July of 2013, *Defendant Muylle's Motion to Dismiss for Plaintiff's Failure to Comply with Discovery Requests and Court Rules.* [Dkt. 111.] There Defendant Muylle alleged Wine & Canvas should be sanctioned with dismissal for failing to comply with a court order compelling discovery responses. The Court ordered Wine & Canvas to respond, specifically to Interrogatory No. 12 which requested an itemization of damages. [Dkt. 180.] Defendant Muylle now alleges Wine & Canvas still has not provided an itemization of damages and seeks dismissal based upon this ongoing non-compliance.

Wine & Canvas asserts it cannot comply with the Court's order to provide an itemization of damages because it has not received revenue information from Defendant Muylle. Simply put, Wine & Canvas argues it cannot calculate potential damages when it does not know how much money defendants have made while allegedly infringing on its trademark. On this point, the Court agrees with Wine & Canvas. It cannot produce what it does not have. *See Young v. Bell Atlantic Cash Balance Plan*, 2007 WL 4277438 (N.D. Ill. 2007). Wine & Canvas spends much of its response memorandum detailing allegations as to *why* it does not have this information and why it should have been produced. But that is not the issue before the Court in this Motion.[1]

---

[1] The issue of Muylle's alleged failure to provide financial information generally is the subject of *Plaintiff's Verified Motion for Rule to Show Cause, To Compel and For Sanctions Against Defendant and Counterclaimant Christopher Muyll*e that is pending before the Court. [Dkt. 170.]

3

At issue here is whether the alleged discovery violations by Wine & Canvas warrant dismissal as a sanction pursuant to Rule 37.

The sanction of dismissal is "strong medicine" that must be supported by clear and convincing evidence that Plaintiff and/or Mr. Davis displayed willfulness, bad faith or fault. *Wellness International Network, Ltd. v. Sharif*, 2013 WL 4441926 (7th Cir. 2013); *see also Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003). The Court understands Defendant Muylle's frustrations with the frequent-filer nature of this case. There have been nearly 100 docket entries in the three months since this motion was filed, many of them additional motions and appeals from previous rulings. The Court has already sanctioned Plaintiff twice for its initial failure to properly respond to discovery. [Dkt. 97 and Dkt. 155.][2] Defendant Muylle is now asking the Court to impose even steeper sanctions based upon this "history of non-compliance" and the more narrow issue of Wine & Canvas's failure to itemize its damages. As difficult as this case has been to manage, the Court does not believe there is clear and convincing evidence that Wine & Canvas has displayed "willfulness, bad faith or fault" in its filings or inability to provide an itemization of damages. Therefore, the sanction of dismissal is not appropriate at this time.

**IV.  Conclusion**

Based on the foregoing, the undersigned recommends the Court **DENY** Defendant Muylle's *Renewed Motion to Dismiss*. [Dkt. 182.]

---

[2] Plaintiff filed a Motion for Reconsideration of Dkt. 155, which is pending before the Court. [Dkt. 216.]

4

**Notice Regarding Objections**

Within fourteen (14) days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). If objections are filed, the opposing party may serve a response within fourteen (14) days of the date the objections are filed. The objecting party shall then have seven (7) days to reply, if desired.

Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 02/04/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

THEODORE WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com