UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:11-cv-01598-TWP-DKL |
| | ) |
| THEODORE WEISSER, | ) |
| CHRISTOPHER MUYLLE, | ) |
| YN CANVAS CA, LLC doing business as | ) |
| WWW.ART-UNCORKED.COM; doing | ) |
| business as ART UNCORKED, | ) |
| WEISSER MANAGEMENT GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S VERIFIED MOTION FOR RULE TO SHOW CAUSE, TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT AND COUNTERCLAIMANT CHRISTOPHER MUYLLE**

This matter is before the Court on the above-referenced Motion filed by Plaintiff, Wine & Canvas Development LLC. [Dkt. 170.] For the reasons set forth below, the Plaintiff's Motion is **DENIED**.

I.  **Background and Focus of Discovery Dispute**

In its third motion to compel in this litigation, Plaintiff primarily contends Defendant Muylle has wrongfully withheld financial documents it needs to calculate potential damages. Defendant Muylle argues he complied with the only discovery

device Plaintiff utilized – a subpoena duces tecum – and since discovery is closed Plaintiff's motion to compel is untimely.[1]

On December 5, 2012, Plaintiff served a Notice of Deposition and Subpoena Duces Tecum on Defendant Muylle. [Dkt. 170 at 1.] On January 24, 2013, Defendant Muylle produced 144 pages of documents at the time of his deposition. *Id.* at 4. Defendant Muylle also provided a letter detailing objections to certain document requests within the subpoena. Primarily at issue here is Defendant Muylle's response to Request No. 4, which sought financial records from each of Defendant Muylle's businesses. Defendant Muylle objected to the request as overbroad; however, he produced documents including the August, September and October 2012 bank statements for YN Canvas. *Id.* at 6.

Plaintiff first raised an issue with Defendant Muylle's compliance with the subpoena in an email dated July 16, 2013. In this email, Plaintiff noted the parties had "some missing discovery." [Dkt. 215-1 at 5.] Defendant Muylle provided two additional documents in August 2013.

The exchange of financial documents has been a hot button issue in this litigation. On June 14, 2013, the Court ordered Plaintiff to provide Defendant Muylle with discovery responses – including an itemization of damages – within seven days. [Dkt. 97.] Dissatisfied with those responses, Defendant Muylle filed a Motion to Dismiss on July 1, 2013. [Dkt. 111.] The Court denied Defendant Muylle's Motion to Dismiss, but again ordered Plaintiff to provide an itemization of damages in a Report

---

[1] Discovery closed August. 4, 2013.

and Recommendation issued on September 23, 2013. [Dkt. 155; adopted by District Judge Tanya Walton Pratt on November 7, 2013 Dkt. 180.] On October 15, 2013, Plaintiff notified Defendant Muylle via email that it would be unable to provide the itemization of damages because Defendant Muylle had not supplemented his production of financial records. [Dkt. 215-1 at 6.] This dispute became the focus of another Motion to Dismiss by Defendant Muylle, the denial of which in a Report and Recommendation by Magistrate Judge La Rue currently is pending before the Court. [Dkt. 261.]

## II. Legal Standard

The Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, although motions to compel filed after the close of discovery generally are deemed untimely. *See, e.g., Packman v. Chicago Tribune Co.,* 267 F.3d 628, 647 (7th Cir. 2001) (motion to compel filed after discovery closed and summary judgment motion was filed deemed untimely); *Rossetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir. 2000) (motion to compel, filed two months after close of discovery with no excuse for its tardiness, denied as untimely).

While "[c]ourts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation," *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 832, 851 (7th Cir. 2002), "[m]odern discovery practices seek to facilitate ... open and even-handed development of relevant facts so that justice may be delivered on the merits and not shaped by surprise or like tactical stratagems." *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 342 (N.D. Ill. 2005). Thus, the

untimeliness of a motion "accompanied by a reasonable and persuasive justification for its untimeliness" may be excused. *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.,* 2007 WL 1673563, at *3 (N.D. Ill. 2007).

### III. <u>Discussion</u>

Unlike many motions to compel, this one does not require the Court to balance the relevance of the information sought with the potential burden of producing it. Instead, the questions before the Court are whether the Motion is timely and, if not, whether Plaintiff has a persuasive justification for its untimeliness. On both questions, the Court finds the answer to be no.

Plaintiff served a Subpoena Duces Tecum on Defendant Muylle. It did not serve interrogatories, requests for production or requests for admission under Fed.R.Civ.P. 26(e). Defendant Muylle responded to the Subpoena with a letter and responsive documents, which he delivered to Plaintiff at his deposition in January 2013. Plaintiff waited until July 2013 to raise the issue of alleged noncompliance with the Subpoena and did not seek the information in earnest until after the Court ordered it to provide an itemization of damages in September 2013.

This is where Plaintiff's chosen discovery method falls short. Plaintiff asserts Defendant Muylle must supplement his subpoena responses with additional financial documents, such as more recent bank statements. There is a duty to supplement discovery without further follow-up requests. *See* Fed.R.Civ.P. 26(e). But this duty to supplement only applies to formal discovery requests delineated in Fed.R.Civ.P. 26(e) (i.e. interrogatories, requests for production, requests for admission). Importantly, it

4

does not apply to informal discovery requests like Plaintiff's emails or the Subpoena Duces Tecum issued with Defendant Muylle's Notice of Deposition. *See Patel ex rel. R.P. v. Menard, Inc.,* 2011 WL 5024991 (S.D. Ind. 2011).

In the absence of a reasonable and persuasive justification, motions to compel filed after the close of discovery generally are deemed untimely. *See Packman*, 267 F.3d 628, 647. There is no legitimate excuse for Plaintiff to have waited until nearly four months after the August discovery deadline to file its motion seeking documents it contends are responsive to a January subpoena. *See In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 337. If the motion were to be granted, it would result in "protracted discovery, the bane of modern litigation." *Rossetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir. 2000). Parties should not be rewarded for this kind of delay in the litigation process. Defendant Muylle sought an itemization of damages in written discovery served in February 2013. If Plaintiff were unable to calculate its potential damages without certain documents from Defendant Muylle, it had ample time to bring that issue to the Court's attention prior to filing this Motion on October 31, 2013.

### IV. Conclusion

Based upon the foregoing, the Court **DENIES** *Plaintiff's Verified Motion for Rule to Show Cause, to Compel and For Sanctions Against Defendant and Counterclaimant Christopher Muylle.* [Dkt. 170.]

Date: 02/14/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

THEODORE WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com