UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01598-TWP-DKL |
| | ) | |
| THEODORE WEISSER, CHRISTOPHER | ) | |
| MUYLLE, YN CANVAS CA, LLC, | ) | |
| WEISSER MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| CHRISTOPHER MUYLLE, | ) | |
| THEODORE WEISSER, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| _____ | ) | |
| CHRISTOPHER MUYLLE, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAMARA SCOTT, DONALD McCRACKEN, | ) | |
| ANTHONY SCOTT, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## ENTRY ON APPEAL OF MAGISTRATE JUDGE DECISION

This matter is before the Court on Plaintiff Wine & Canvas Development, LLC's ("Wine & Canvas") Appeal of Magistrate Judge Decision (Dkt. 255) denying the Verified Motion for Protective Order (Dkt. 254). Wine & Canvas sought a protective order to prevent Defendant /

Third-Party Plaintiff Christopher Muylle ("Mr. Muylle") from asking Third-Party Defendant Donald McCracken ("Mr. McCracken") about the legality of his daughter's, Tamara Scott's,[1] marriage to Tony Scott—both of whom are also Third-Party Defendants. The Magistrate Judge denied the motion, finding that the line of questioning was relevant to the Third-Party Defendant's credibility and that Wine & Canvas had not shown good cause for the protective order. Wine & Canvas now seeks review of that decision. For the following reasons, the appeal is **DENIED**.

## I. **BACKGROUND**

A brief recitation of the factual background is appropriate. Mr. McCracken is the proprietor of Wine & Canvas. His daughter, Tamara Scott and purported "son-in-law", Tony Scott, run the daily operations of Wine & Canvas. In 2009, Tamara Scott and Tony Scott planned a wedding on board a cruise ship. At the time, Tony Scott was going through a divorce. As the wedding approached, Mr. Scott was not able to finalize his divorce, but the couple decided to go through with the wedding ceremony with the plan that they would legalize the marriage at a later date. However, they kept this fact a secret from Mr. McCracken. To date, Mr. Scott's divorce is not finalized and Mr. McCracken mistakenly believes that his daughter is legally married to Tony Scott. Both Tamara Scott and Tony Scott have admitted under oath that their marriage is not legal and that they have lied and continue to lie to Mr. McCracken about this fact.

Despite the couple's admissions, Mr. Muylle intends to question Mr. McCracken about the legality of Tamara and Tony Scott's marriage. Tony Scott and Tamara Scott seek to prevent

---

[1] The parties vary the spelling of Tamara Scott's name. In their briefing the parties spell her first name Tamra and use the last name "McCracken". However, in the caption her first name is spelled "Tamara" and her last name is listed as Scott. In this entry, the Court uses the name and spelling set forth in the caption. If this is incorrect, the parties should file a corrected spelling notice with the Court.

Mr. Muylle from revealing their secret to Mr. McCracken. Specifically, they seek to prohibit questions about whether the alleged marriage and alleged divorce are legally proper.

## II. LEGAL STANDARD

A district judge may refer a non-dispositive matter to a magistrate judge to decide and hear. Fed. R. Civ. P. 72(a). A party may file objections to a magistrate judge's written order, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge is given broad discretion in controlling discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1116 (7th Cir. 2013).

## III. DISCUSSION

Protective orders are governed by Federal Rule of Civil Procedure 26(c). A party seeking a protective order must establish that good cause exists to enter the order. Good cause is established by showing that the disclosure will cause a clearly defined and serious injury. *Felling v. Knight*, No. IP 01-0571-C-T/K, 2001 WL 1782360, at *2 (S.D. Ind. Dec. 21, 2001). Wine & Canvas' only argument is that the line of questioning into the legality of Tamara Scott and Tony Scott's marriage is intended solely to harass and ruin the relationship between father and daughter. The Magistrate Judge found that the parties' credibility was highly relevant, and Wine & Canvas' lone argument failed to establish good cause. Mr. Muylle has stated a legitimate reason for seeking the information in discovery because the credibility of Tamara Scott's and Tony Scott's statements to Mr. McCracken regarding Wine & Canvas' business operations are at issue, thus the fact that they have lied to him about their marriage for approximately 4 to 5 years is relevant to their overall credibility. The Court agrees, and finds that the Magistrate Judge's ruling is not clearly erroneous or contrary to law.

## IV. **CONCLUSION**

Accordingly, Wine & Canvas' appeal (Dkt. 255) is **DENIED**. The deposition of Mr. McCracken may resume consistent with the Magistrate Judge's rulings contained in Docket Entry 256.

**SO ORDERED.**

Date: 04/08/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Theodore Weisser
25 Rodeo Avenue, Apt. 2
Sausalito, California 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com