# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THEODORE WEISSER, | ) | Case No. 1:11-cv-01598-TWP-DKL |
| CHRISTOPHER MUYLLE, | ) | |
| YN CANVAS CA, LLC, | ) | |
| WEISSER MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff Wine & Canvas Development LLC's Motion

for Reconsideration (Dkt. 289). "Motions to reconsider serve a limited function, to be used

'where the Court has patently misunderstood a party, or has made a decision outside the

adversarial issues presented to the Court by the parties, or has made an error not of reasoning but

of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990))

(additional quotations omitted). A court may grant a motion to reconsider where a movant

demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion

to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v.*

*Degerlia*, 925 F.2d 189, 192 n. 7 (7th Cir. 1991). A motion to reconsider may also be

appropriate where there has been "a controlling or significant change in the law or facts since the

submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the*

*Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for

reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick,* No. 3:11–CV–026, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07–C–317, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

Wine & Canvas contends the Court has made an error assessing the damage to Tamara Scott's relationship with her father, Donald McCracken—both Third-Party Defendants—if Defendant Christopher Muylle is allowed to reopen the deposition of Mr. McCracken. Wine & Canvas has not presented argument or new law that would support a different ruling on a motion for reconsideration. The Court reiterates however, that the deposition may be reopened for inquiry of this one issue and a one-half day or even a one hour deposition seems excessive and unreasonable.

Because Wine & Canvas has not provided a legitimate basis upon which the Court should reconsider its prior order under Federal Rule of Civil Procedure 54(b), the Motion to Reconsider (Dkt. 289) is **DENIED**. So Ordered:

Date: _____04/15/2014_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

THEODORE  WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com