# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE WEISSER, | ) |
| Counter Claimant, | ) ) ) |
| v. | ) Case No. 1:11-cv-01598-TWP-DKL |
| WINE & CANVAS DEVELOPMENT LLC, | ) ) ) |
| Counter Defendant. | ) |

### ENTRY ON COUNTER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Counter Defendant Wine & Canvas Development, LLC's ("Wine & Canvas") Motion for Summary Judgment ([Filing No. 266](#)) on Count II of Counter Claimant Theodore Weisser's ("Mr. Weisser") claim for cancellation of Wine & Canvas' trademark. Mr. Weisser has not participated in the briefing on this motion, despite being served with a notice of his opportunity to respond. *See* [Filing No. 268](#). For the following reasons, Wine & Canvas' motion is **GRANTED**.

### I. BACKGROUND

Because Mr. Weisser has not responded to this motion, the Court will accept Wine & Canvas' facts as true, to the extent they are supported by admissible evidence. Mr. Weisser drafted and signed a Licensing Agreement that stipulated that the Wine & Canvas mark signified high quality products and services. He agreed, by signing the document on behalf of YN Canvas, that he would not contest the mark or take actions expected to destroy or diminish the mark. Mr. Weisser also prepared the registration documents for the Wine & Canvas trademark sent to the United States Patent Office.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. DISCUSSION

The Lanham Act provides protection of trademarks "to secure to the owner of the mark goodwill of his business and to protect the ability of consumers to distinguish among competing producers." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985). "[F]ederal registration of a mark constitutes constructive nationwide use of the mark from the date of the

application for registration." *WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 603 (7th Cir. 2008). "Once a mark is registered, the Act affords a plaintiff one of two presumptions: (1) that her registered trademark is not merely descriptive or generic; or (2) that if descriptive, the mark is accorded secondary meaning." *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). A defendant may overcome the presumption of validity with evidence that the mark is "merely generic or descriptive." *Id.* at 639. "A descriptive mark is one that describes the ingredients, qualities, or characteristics of an article of trade or a service." *Platinum Home Mortg. Corp v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 727 (7th Cir. 1998) (internal quotation omitted). "[T]erms that are either suggestive, arbitrary, or fanciful are automatically entitled to trademark protection because they are inherently distinctive." *Id.*

It is undisputed that the Wine & Canvas mark was granted registration on August 7, 2012. The trademark thus has a presumption of validity. Mr. Weisser has failed to overcome this presumption, and thus his counterclaim for cancellation must fail. Wine & Canvas' motion is **GRANTED**.

## IV. <u>CONCLUSION</u>

Accordingly, Wine & Canvas' Motion for Summary Judgment (Filing No. 266) is **GRANTED**. Mr. Weisser's counterclaim is **DISMISSED**. No partial final judgment will issue at this time.

**SO ORDERED.**

Date: 08/15/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

Theodore Weisser
25 Rodeo Avenue, Apt. 2
Sausalito, California 94965
P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com