UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:11-cv-01598-TWP-DKL |
| THEODORE WEISSER, CHRISTOPHER MUYLLE, YN CANVAS CA, LLC doing business as WWW.ART-UNCORKED.COM; doing business as ART UNCORKED, WEISSER MANAGEMENT GROUP, LLC, | ) |
| Defendants. | ) |
| CHRISTOPHER MUYLLE, | ) |
| Counter Claimant, | ) |
| vs. | ) |
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| Counter Defendants. | ) |
| CHRISTOPHER MUYLLE, | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| TAMARA SCOTT, DONALD MCCRACKEN, ANTHONY SCOTT, | ) |
| Third Party Defendants. | ) |

1

**ORDER ON PENDING MOTIONS**

There are several motions pending before the Court including: Plaintiff's and Third Party Defendants', Wine & Canvas Development LLC ("Wine & Canvas") and Tamara Scott ("Ms. Scott"), Donald McCracken ("Mr. McCracken"), and Anthony Scott ("Mr. Scott") (collectively, "Wine & Canvas"), Motion *in Limine* (Filing No. 348), Motion for Reconsideration (Filing No. 353), and Motion for Extension of Time (Filing No. 361); also Defendant and Third Party Plaintiff's, Christopher Muylle ("Mr. Muylle"), Motion *in Limine* (Filing No. 345). The Court makes the following rulings on the pending motions.

## I. Motion for Extension of Time

On October 8, 2014, according to the parties' Case Management Plan and deadlines established on November 15, 2012, the parties' final pretrial filings were due. These filings were to include an exhibit list, witness list, any stipulations of fact, any deposition designations, and trial briefs. Wine & Canvas filed a Motion for Extension of time to October 10, 2014, because of a staffing change in Wine & Canvas' counsel's office.

It has come to the Court's attention that preceding the filing of this motion at 7:09 p.m. on October 8, 2014, counsel for Wine & Canvas and Mr. Muylle had communicated about if an extension would be requested, who had responsibility for filing said extension, and the timeliness of the filing of an extension. As has become typical in this litigation, the parties did not reach a mutually agreeable solution and Wine & Canvas filed its motion after the close of Court business, preventing a ruling on the extension prior to the deadline passing. Mr. Muylle timely filed his final pretrial documents in accordance with the deadline.

Mr. Muylle now objects to Wine & Canvas' extension, reminding the Court of the various instances in which Wine & Canvas has missed prior deadlines and violated Court rulings or rules. He seeks sanction against Wine & Canvas, including prohibiting Wine & Canvas from presenting witnesses or exhibits at trial. *See In re Matter of Maurice*, 21 F.3d 767, 773 (7th Cir. 1994) ("Under Fed. R. Civ. P. 37 a wide range of sanctions are available to a judge including (1) refusing to allow the disobedient party from supporting or opposing designated claims or defenses, or from prohibiting that party from introducing certain matters into evidence; and (2) the most drastic penalty of rendering a judgment of default against the disobedient party." (citations omitted)).

The Court finds that such harsh sanctions are not appropriate, given Wine & Canvas' reason given for requesting an extension, that it did not completely ignore the deadline, and Mr. Muylle's initial stance of not objecting, assuming the extension was reciprocal. Rather, the Court again warns Wine & Canvas and its counsel that Court deadlines, rules, and orders are to be strictly adhered to and given the quickly impending trial date **no further extensions will be granted**. Parties will be expected to meet the remaining deadlines, barring *exceptional* circumstances. Wine & Canvas' motion is **GRANTED** and their final pretrial documents are due **NO LATER THAN 5 P.M. FRIDAY, OCTOBER 10, 2014**.

## II. MOTION FOR RECONSIDERATION

The Court entered its order on summary judgment on August 15, 2014, disposing of several of Wine & Canvas' claims. Wine & Canvas filed its motion to reconsider the Court's ruling on September 18, 2014. This motion falls under Federal Rule of Civil Procedure 54(b), as no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). However, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted).

Although Rule 54(b) does not impose a time limit to seek reconsideration of an order, it is still good practice to seek reconsideration in a timely fashion and in consideration of upcoming deadlines. Here, Wine & Canvas' motion was filed 34 days after the Court's entry of summary judgment, 3 weeks before final pretrial filings were due, 5 weeks before the final pretrial conference, and 2 months before trial. The Court finds that justice does not require the Court to reconsider its summary judgment order at this late date. The motion has taxed the parties' resources and preparation for trial, and the contents of the motion rehash previously addressed arguments, or raise arguments that should have been raised in the initial summary judgment motion. Therefore, the motion is **DENIED**.

### III. **MOTIONS *IN LIMINE***

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings

4

must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

**A. Wine & Canvas' Motion** *in Limine*

Wine & Canvas seeks exclusion of any exhibits and witnesses that were not disclosed during discovery. It also seeks other relief regarding non-produced documents under Federal Rule of Civil Procedure 37(c)(1).

Specifically, Wine & Canvas seeks to exclude witnesses Aaron Hasley, Tonya Scott, Sheri Wiseman, and Kathryn Yost. These witnesses were not on Mr. Muylle's initial disclosures or first preliminary witness list and were not disclosed as potential witnesses until December 3, 2013, following the close of discovery. Mr. Muylle responds that although the witnesses were not on the preliminary witness list, the four witnesses were timely disclosed during discovery. Late disclosures of witnesses can be a violation of Rule 37, but whether such a discovery violation results in the striking of a witness is left to the broad discretion of the trial court and depends on whether the failure to disclose is substantially justified or harmless. *See Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011). The Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005).

As for Kathryn Yost, Mr. Muylle asserts that she was discussed during Mr. Muylle's deposition on January 22, 2013, and listed on a February 4, 2013, witness list, prior to the close of

discovery on August 4, 2013. A review of the docket confirms that Kathryn Yost was identified as a witness on February 4, 2013 (Filing No. 79, at ECF p. 2). The motion is **DENIED** as to Yost.

As for the other witnesses, Mr. Muylle contends they were timely disclosed after it became apparent that they were potential witnesses. After the close of discovery on August 4, 2013, the parties still conducted the depositions of parties Mr. Scott, Ms. Scott, and Mr. McCracken. Tonya Scott was revealed to be Mr. Scott's current and legal wife during Mr. Scott's and Ms. Scott's depositions. Also, Aaron Hasley was identified during Mr. Scott's deposition. Finally, Sheri Wiseman reached out to Mr. Muylle on September 23, 2013, via letter that became an exhibit in Ms. Scott's deposition. In short, these 3 witnesses were identified and discussed during post-discovery-phase depositions and their otherwise late identification was not a surprise. The Court finds that Mr. Muylle has established that the late disclosure of Scott, Hasley, and Wiseman, was justified and that Wine & Canvas has not shown harm or prejudice as a result. These witnesses have been discussed for a year prior to trial. Therefore, the motion as to these witnesses is also **DENIED**.

Wine & Canvas also seeks exclusion of evidence not produced by Mr. Muylle. Wine & Canvas does not identify specific exhibits sought be used as evidence by Mr. Muylle, yet rather, rehashes its arguments that these documents should have been produced. It seeks various relief, including attorneys' fees, admissions, and exclusion of evidence relating to the matters contained within the documents. The Court notes that Wine & Canvas has had ample opportunity to argue and seek production of these documents, and the Court and Magistrate Judge have denied such requests. Absent specific attempts by Mr. Muylle to introduce the documents Wine & Canvas sought and did not receive, a motion *in limine* is not an additional vehicle for relief from previously adjudicated alleged discovery abuses. Wine & Canvas' motion is therefore **DENIED**.

### B. Mr. Muylle's Motion *in Limine*

Mr. Muylle seeks the exclusion 30 witnesses and evidence that Defendants infringed on any mark other than Wine & Canvas'.

The parties filed witness lists in October 2013, and Wine & Canvas objects to the use of witnesses listed for the first time in Wine & Canvas' October 31, 2013, list. At the time the list was initially filed on October 4, 2013, Mr. Muylle filed a motion to exclude the witnesses that was granted by Magistrate Judge LaRue on November 5, 2013. However, Magistrate Judge LaRue later vacated her prior order because it was premature, and stated that any evidentiary issues would be resolved in preparation for trial. A motion *in limine* is thus the proper vehicle to challenge the 30 witnesses and Magistrate Judge LaRue's order vacating her initial exclusion of the witnesses does not guarantee Wine & Canvas' use of these witnesses.

Wine & Canvas responds that the witnesses were previously disclosed during discovery and as standard categories of unnamed witnesses in Wine & Canvas' initial disclosures and preliminary witness list, and Mr. Muylle's preliminary witness list; i.e., they were not *named* specifically in these documents, but Wine & Canvas contends they were adequately disclosed because they fall within certain categories such as rebuttal witnesses, instructors for the businesses, and representatives or employees of the businesses. *See, e.g.*, Filing No. 375-2, at ECF p. 2; Filing No. 79, at ECF p. 2. It also argues that Mr. Muylle had an opportunity and utilized the opportunity to depose Mr. Scott, Ms. Scott, and Mr. McCracken about these witnesses.

The Court finds that the disclosure of the witnesses on October 31, 2013, and the subsequent depositions of Mr. Scott, Ms. Scott, and Mr. McCracken cured any surprise or prejudice regarding these witnesses. Mr. Muylle does not argue that he would have deposed these witnesses, and if he needed to, has had plenty of time to move the Court for such an opportunity.

However, the Court notes that based on Wine & Canvas' description of the witness' testimony, calling the 30 witnesses would likely result in duplicative testimony, and Wine & Canvas should be prepared to pare down its list.

Additionally, Mr. Muylle argues that 2 of the witnesses, Mr. Muylle's ex-girlfriends, are intended to testify about their relationships and opinions about his character. Wine & Canvas has responded that the witnesses at issue can speak to Mr. Muylle's credibility. The Court agrees that the witnesses' testimony could be admissible for a proper purpose, and exclusion at this time would be premature. Therefore, Mr. Muylle's motion as to the witnesses is **DENIED** at this time.

As to the evidence of purported infringement of a mark other than Wine & Canvas', Mr. Muylle contends that such evidence violates Federal Rule of Evidence 404(a). Rule 404(a)(1) prohibits the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." Mr. Muylle argues that to the extent Wine & Canvas intends to suggest that Mr. Muylle infringed on another trademark to convince the jury that he also infringed on Wine & Canvas' trademark is impermissible character evidence. Wine & Canvas argues that it would be premature to rule on such matters and that a limiting instruction would cure prejudice. It also contends Rule 404(a) is inapplicable, but the proper rule is Rule 404(b). Under Rule 404(b), evidence "of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Wine & Canvas properly highlights the applicability of this rule, as well.

The Court finds that Wine & Canvas may not introduce evidence going to show that because Mr. Muylle allegedly infringed upon a mark other than Wine & Canvas' he was more likely to infringe and did infringe upon Wine & Canvas' mark. Such evidence, under either Rule 404(a) or (b) is properly excluded at the pretrial stage. If Wine & Canvas believes it has an

admissible purpose for such evidence, it must first approach the bench and, if necessary, the issue will be decided outside the presence of the jury. On this ground, Mr. Muylle's motion *in limine* is **GRANTED** in part.

## IV. CONCLUSION

Accordingly, Wine & Canvas' Motion for Extension of Time (Filing No. 361) is **GRANTED**. Wine & Canvas' final pretrial documents are due **NO LATER THAN 5 P.M. FRIDAY, OCTOBER 10, 2014**. Wine & Canvas' Motion for Reconsideration (Filing No. 353) is **DENIED**. Wine & Canvas' Motion *in Limine* (Filing No. 348) is **DENIED**. Mr. Muylle's Motion *in Limine* (Filing No. 345) is **GRANTED in part** and **DENIED in part**.

SO ORDERED.

Date: 10/9/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

THEODORE WEISSER
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com