UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THEODORE WEISSER, CHRISTOPHER ) <br> MUYLLE, YN CANVAS CA, LLC doing ) <br> business as WWW.ART-UNCORKED.COM. ) <br> doing business as ART UNCORKED, ) <br> WEISSER MANAGEMENT GROUP, LLC, ) <br> ) <br> Defendants. ) <br> _____ ) <br> CHRISTOPHER MUYLLE, ) <br> ) <br> Counter Claimant, ) <br> ) <br> v. ) <br> ) <br> WINE & CANVAS DEVELOPMENT LLC, ) <br> ) <br> Counter Defendants. ) <br> _____ ) <br> CHRISTOPHER MUYLLE, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAMARA SCOTT, DONALD MCCRACKEN, ) <br> and ANTHONY SCOTT, ) <br> ) <br> Third Party Defendants. ) | Case No. 1:11-cv-01598-TWP-DKL |

**ENTRY ON EMERGENCY MOTION FOR CERTIFICATE
OF APPEALABILITY AND STAY**

This matter is before the Court on Plaintiff's and Third Party Defendants', Wine & Canvas

Development LLC ("Wine & Canvas"), Tamara Scott ("Ms. Scott"), Donald McCracken ("Mr.

McCracken"), and Anthony Scott ("Mr. Scott") (collectively, "Wine & Canvas"), Emergency Motion for Certificate of Appealability and for Stay ([Filing No. 372](Filing No. 372)). For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

This trademark infringement action is set for trial on November 17, 2014. On August 15, 2014, the Court entered its ruling on summary judgment dismissing several of Wine & Canvas' claims and limiting the scope of the remaining claims. On September 2, 2014, Wine & Canvas filed its motion *in limine*. Thereafter, on September 18, 2014, Wine & Canvas filed a motion to reconsider the Court's ruling on summary judgment. The Court denied the motion to reconsider and motion *in limine* On October 9, 2014. Wine & Canvas now seeks, one month before trial, an emergency interlocutory appeal and stay of the trial.

## II. LEGAL STANDARD

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Under section 1292(b), a district court may certify an interlocutory order for immediate appeal whenever the order: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. In other words, to grant a petition for interlocutory review, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trust. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2002) (emphasis in original). Importantly, each criterion must be met.

## III. DISCUSSION

It is clear that certifying the Court's rulings on summary judgment, reconsideration, and *in limine* fails to meet the exacting standard under 28 U.S.C. § 1292(b) and Seventh Circuit precedent.

As for the interlocutory appeal of the Courts' ruling made on the motions *in limine*, this ruling is preliminary in nature and not subject to appeal. As stated in the Entry on Pending Motions, "denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded." Filing No. 367 at EFC p. 5. And, the Court noted "If Wine and Canvas believes it has an admissible purpose for such evidence, it must first approach the bench and, if necessary, the issue will be decided outside the presence of the jury." Filing No. 367 at EFC p. 8-9.

To certify a matter for interlocutory appeal, there must be a pure question of controlling law. The Seventh Circuit has defined this as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz.* at 676. Wine & Canvas has identified "questions of law" including: (1) "Whether a District Court has authority to enter summary judgment based on the failure of a party to address elements of a particular claim that were never raised by the opposing party; or alternatively, whether WNC was ever place[d] on notice that it had to come forward with evidence as to elements not raised by Muylle[,]" [Filing No. 372, at ECF p. 2](Filing No. 372, at ECF p. 2); (2) "Whether, in order for an alleged infringer to set forth a prima facie affirmative defense of implied consent, the alleged infringer must demonstrate that [ ] it would be 'prejudicial' for him to have to defend against a trademark infringement claim by designating evidence that he 'detrimentally relied' upon some act of WNC that amounted to an 'assurance' that [ ] the alleged infringer would not be sued for trademark infringement[,]" [Filing No. 372, at ECF p. 4-5](Filing No. 372, at ECF p. 4-5); and (3) "Whether a movant is precluded from the relief afforded under F.R.C.P. 37(c)(1) in situations involving the non-production of certain documents where said movant's prior request to compel said documents was denied[,]" [Filing No. 372 at 5-6](Filing No. 372 at 5-6). None of these questions

set forth a question of "a statutory or constitutional provision, regulation, or common law doctrine" that is controlling. *See Ahrenholz*, 219 F.3d at 676.

> To clarify why these questions are not enough, the Seventh Circuit has explained that:
>
> Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right. Section 1292(b) was not intended to make denials of summary judgment routinely appealable . . . .

*Id.* The Court went on to say that "[w]e think [the framers of § 1292(b)] used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.* at 676–77. Here, Wine & Canvas' "questions of law" would require the Seventh Circuit to "hunt[ ] through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there." *Id.* at 677. This is not a situation where the Seventh Circuit "could decide quickly and cleanly without having to study the record." *Id.* Therefore, Wine & Canvas has not established the first factor.

Because the factors are "conjunctive, not disjunctive," *id.* at 676, Wine & Canvas' Motion fails for lack of a pure question of controlling law. However, the Court also notes that while the issues might be contestable, an interlocutory appeal would not speed up the litigation in this case. To the contrary, a stay and interlocutory appeal will drag out litigation that has been underway for three years with a trial only one month away. The speediest and most efficient use of resources is to continue with the scheduled trial.

## IV. CONCLUSION

Accordingly, Wine & Canvas' Emergency Motion for Certificate of Appealability and Stay (Filing No. 372) is **DENIED**.

**SO ORDERED.**

Date: 10/20/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Theodore Weisser
25 Rodeo Avenue, Apt. 2
Sausalito, California 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com