UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THEODORE WEISSER, and ) <br> CHRISTOPHER MUYLLE, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> CHRISTOPHER MUYLLE, ) <br> ) <br> Counter Claimant, ) <br> ) <br> vs. ) <br> ) <br> WINE & CANVAS DEVELOPMENT LLC, ) <br> ) <br> Counter Defendant. ) <br> ) <br> _____ ) <br> ) <br> CHRISTOPHER MUYLLE, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TAMARA SCOTT, DONALD ) <br> MCCRACKEN, and ANTHONY SCOTT, ) <br> ) <br> Third Party Defendants. ) | Case No. 1:11-cv-01598-TWP-DKL |

**<u>ENTRY ON DEFENDANT THEODORE WEISSER'S<br>FAILURE TO SHOW CAUSE</u>**

This Court held a final pretrial conference on October 22, 2014, to assist the parties and

the Court in preparing for trial, which is scheduled to begin on November 17, 2014. The parties

were to appear and participate in the final pretrial conference. Defendant Theodore Weisser ("Mr. Weisser") a *pro se* defendant, failed to appear and participate in the final pretrial conference. On October 22, 2014, the Court ordered Mr. Weisser to show cause within seven days, in writing, why he should not be sanctioned under Federal Rule of Civil Procedure 16(f) for his failure to appear (Filing No. 396). Mr. Weisser failed to respond in writing to the Court's Order.[1] For the following reasons, the Court finds Mr. Weisser in default as to liability for the claims asserted against him in Plaintiff Wine & Canvas Development LLC's ("WNC") Amended Complaint (Filing No. 36).

## I.   DISCUSSION

Federal Rule of Civil Procedure 16(f)(1) states:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

The Rule 37(b) sanctions available to the Court under Rule 16(f)(1) include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

"Courts are given 'wide latitude in fashioning appropriate sanctions,' but the sanctions must be reasonable under the circumstances." *TruFoods, LLC v. Rigdon*, 2012 U.S. Dist. LEXIS 26014, at *4 (S.D. Ind. Feb. 2, 2012) (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011)). Default judgment is one of the most severe sanctions available to the court, so it should be imposed only when there has been "willfulness, bad faith, or fault." *e360 Insight*, 658 F.3d at 642. Bad faith is "conduct which is either intentional or in reckless disregard

---

[1] The Court notes that the mailing containing Filing No. 397 has been returned as undeliverable. *See* Filing No. 398. However, parties are responsible for maintaining accurate address and other contact information with the court. The Court also notes that Mr. Weisser telephoned the Courtroom Deputy Clerk on two occasions and has advised that Defendant Muylle's counsel emailed him a copy of the show cause order. Mr. Weisser additionally informed the Courtroom Deputy Clerk that he would be filing a written a response. To date, no written response has been received.

of a party's obligations to comply with a court order." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). "[W]illfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Here, Mr. Weisser has disregarded many Court Orders, the procedures of the Court, and the litigation, which has been prejudicial to Plaintiff's ability to proceed with an efficient prosecution of its case and prejudicial to the Court's orderly administration of the docket. Because of his *pro se* status, the Court has shown some leniency, however, procedural rules cannot be ignored even for a *pro se* litigant. On October 22, 2012, Mr. Weisser filed an answer to WNC's amended complaint (Filing No. 51) and asserted two counterclaims in his answer. Mr. Weisser has had almost no involvement in this litigation since that filing more than two years ago. Specifically, the Court considers the following circumstances:

**1. Failure to identify and attach agreement and obey court order.**

WNC filed a motion for a more definite statement from Mr. Weisser, explaining that Mr. Weisser's counterclaim referred to a licensing agreement between the parties, but Mr. Weisser did not identify the agreement or attach it to his counterclaim (Filing No. 53). Because Mr. Weisser did not include or identify the licensing agreement, WNC could not adequately answer Mr. Weisser's counterclaim. *Id.* On July 2, 2013, the Court granted WNC's motion in part, ordering Mr. Weisser to "identify and attach the licensing agreement referenced in Count I of his Counter-Claim." (Filing No. 112 at 3.) Mr. Weisser has not complied with this Court Order. More than a year has passed since the Order, and Mr. Weisser still has not identified or attached a licensing agreement to his counterclaim.

**2. Failure to respond and Clerk's Default.**

WNC's amended complaint asserted claims against Mr. Weisser and his entities YN

3

Canvas CA LLC and Weisser Management Group LLC (Filing No. 36). Mr. Weisser's entities never answered the amended complaint. Defendant Christopher Muylle later added WNC's members to the litigation as third-party defendants on April 30, 2013 (Filing No. 66). Third-party counterclaims were filed against Mr. Weisser and his entities on June 18, 2013 (Filing No. 101). Mr. Weisser and his entities never responded to these third-party counterclaims. Because Mr. Weisser and his entities did not respond, WNC moved for an entry of clerk's default pursuant to Federal Rule of Civil Procedure 55(a) (Filing No. 131). On November 22, 2013, a Clerk's Entry of Default was entered against third-party counterclaim defendants Mr. Weisser and his entities (Filing No. 210). Default also was entered against Mr. Weisser's entities as defendants, but because Mr. Weisser had filed an answer to the amended complaint, default was not entered against him as a defendant.

**3. Failure to appear and participate in court conferences.**

On January 22, 2013, the Court held a telephonic status conference in which the parties were to participate. Mr. Weisser failed to appear for the status conference, and the Court issued a show cause order regarding his failure to appear and participate (Filing No. 77). Mr. Weisser responded to the show cause order on February 11, 2013 (Filing No. 80). Again, on April 21, 2014, the Court held a telephonic status conference in which the parties were to participate. Mr. Weisser failed to appear for the status conference (Filing No. 304).

**4. Failure to cooperate in discovery and obey court orders.**

WNC sought to depose Mr. Weisser in January 2013 and served him with a deposition notice and subpoena in December 2012. Mr. Weisser failed to appear for his deposition. Thereafter, WNC asked the Court to compel Mr. Weisser to appear for his deposition (Filing No. 84). Mr. Weisser did not file a response to WNC's motion. The Court granted WNC's motion to compel

4

Mr. Weisser's deposition but denied an award of sanctions (Filing No. 92). The Court also ordered Mr. Weisser to cooperate in scheduling his deposition.

Despite the Court's Order, Mr. Weisser ignored WNC's efforts to reschedule his deposition and failed to cooperate in discovery. Because Mr. Weisser refused to cooperate in scheduling the deposition, WNC again sought the Court's intervention, requesting sanctions and an order compelling the deposition (Filing No. 125). Mr. Weisser again did not file a response to WNC's motion. The Court denied the motion for sanctions because the deposition had not been rescheduled, so Mr. Weisser did not fail to attend a *scheduled deposition* (Filing No. 187). But the Court reminded the parties that the previous motion to compel had been granted concerning Mr. Weisser's deposition (Filing No. 187 at 2). The Court also warned Mr. Weisser:

> However, when Defendant Weisser failed to cooperate with Plaintiff in scheduling the deposition, he also failed to comply with the Court's order to do so in Dkt. 92. As a party to this litigation, Weisser cannot avoid the discovery process simply by ignoring Plaintiff's requests. . . . The Court advises Defendant Weisser that failure to appear for deposition could lead to sanctions, including a default judgment.

(Filing No. 187 at 2 adopted by Filing No. 286). Mr. Weisser eventually appeared for his deposition on December 5 and 6, 2013.

**5. Failure to participate in litigation and prosecute counterclaims.**

WNC moved to dismiss the counterclaims of Mr. Weisser on July 25, 2013 (Filing No. 133). Mr. Weisser never responded to the motion to dismiss his counterclaims. The Court ruled on WNC's motion and dismissed Mr. Weisser's first counterclaim, but the second counterclaim survived dismissal (Filing No. 145 adopted by Filing No. 179 and Filing No. 184).

WNC then moved for summary judgment on Mr. Weisser's second counterclaim on February 21, 2014 (Filing No. 266). Again, Mr. Weisser did not respond to WNC's motion. The

5

Court ruled on WNC's motion and entered summary judgment against Mr. Weisser on his second counterclaim, leaving him with no counterclaims against WNC (Filing No. 342).

The Court entered a case management order establishing deadlines for discovery, disclosures, and dispositive motions. Despite the Court's case management order, Mr. Weisser has not filed a preliminary witness list or a preliminary exhibit list. Mr. Weisser has not filed a final witness list or a final exhibit list. Mr. Weisser has not filed any preliminary jury instructions, issue instructions, or verdict forms in preparation for trial. Mr. Weisser has not participated with the other parties in attempting to file any joint instructions or verdict forms.

**6. Failure to appear and participate in final pretrial conference, and failure to respond to order to show cause.**

The Court held a final pretrial conference on October 22, 2014. Trial is scheduled to begin on November 17, 2014. The parties were to appear and participate in the final pretrial conference. Mr. Weisser failed to appear and participate in the final pretrial conference. On October 22, 2014, the Court ordered Mr. Weisser to show cause within seven days, in writing, why he should not be sanctioned under Federal Rule of Civil Procedure 16(f) for his failure to appear. (Filing No. 396). Mr. Weisser failed to respond in writing to the Court's Order.

## II.  CONCLUSION

Mr. Weisser has demonstrated a willful and continuing disregard for this litigation and for the procedures of the Court. He abandoned his counterclaims. He failed to respond to motions filed against him. He failed to participate in the litigation and in the Court's conferences. He failed to obey numerous court orders. The Court finds that Mr. Weisser's actions and inaction have been prejudicial to WNC's ability to proceed in the efficient prosecution of its case and prejudicial to the Court's orderly administration of its docket. Given the long history of Mr. Weisser's actions,

the numerous warnings to Mr. Weisser, and the proximity of the jury trial, the Court finds that default against Mr. Weisser is the appropriate sanction.

### III. CONCLUSION

For the reasons stated above, the Court finds Defendant Theodore Weisser in default as to liability for the claims asserted against him in Plaintiff Wine & Canvas Development LLC's Amended Complaint (Filing No. 36).

No partial judgment shall issue at this time. The matter shall be set for hearing on damages following the trial of the remaining defendant.

**SO ORDERED.**

Date: 11/10/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Theodore Weisser
25 Rodeo Ave., Apt. 2
Sausalito, CA 94965

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

7