**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01598-TWP-DKL |
| | ) | |
| CHRISTOPHER  MUYLLE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTOPHER  MUYLLE, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Counter Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTOPHER  MUYLLE, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAMARA SCOTT, DONALD McCRACKEN, | ) | |
| and ANTHONY  SCOTT, | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| | ) | |

**ENTRY ON OBJECTIONS TO COURT'S PROPOSED**
**ISSUE INSTRUCTION AND VERDICT FORMS**

This matter is before the Court on Plaintiff Wine & Canvas Development LLC's and Third

Party Defendants Tamara Scott's, Donald McCracken's, and Anthony Scott's (collectively, "WNC

Parties") Objections to Court's Proposed Issue Instructions and Verdict Forms (Filing No. 416)

and Defendant Christopher Muylle ("Mr. Muylle") Response thereto (Filing No. 420). On numerous occasions, the Court ordered the parties to meet, confer and agree on a joint issue instruction and verdict forms (Filing No. 359 and Filing No. 397 at ECF p. 5). The parties have failed to do so. As a result, the Court has been left to the task of drafting these matters. Having considered the parties' objections and responses, the Court makes the following rulings:

1. WNC Parties object that the Proposed Issue Instruction and Verdict Forms do not address the issue of whether Mr. Muylle is liable for "willful infringement." The issue of "willful infringement" does not warrant discussion in the preliminary issue instruction. If the evidence presented to the jury warrants such an instruction it will be given in the final instructions. The Court's preliminary issue instruction sufficiently addresses the trademark infringement claim brought against Mr. Muylle. WNC Parties' objection is **OVERRULED**.

2. WNC Parties object that the Proposed Issue Instruction and Verdict Forms do not address the issue of whether Mr. Muylle is liable for the infringement activity of the other defendants. The other defendants are defaulted on the claims asserted against them in Wine & Canvas' Amended Complaint (Filing No. 210 and Filing No. 408). Importantly, no final judgment has been issued with respect to any of the defaulted parties. Additionally, Mr. Weisser, *pro se,* has filed a statement regarding his failure to appear (Filing No. 412), which has not yet been addressed by the Court. A separate hearing regarding final judgment and damages with respect to all of the defaulted defendants will be set at a later date. Again, the Court emphasizes that issues related to the defaulted defendants are not being tried to the jury. For these reasons, WNC Parties' objection is **OVERRULED**.

3. WNC Parties object that the Proposed Issue Instruction regarding the trademark infringement claim should be modified to include "'Muylle used Wine and Canvas's mark [Wine

and Canvas] in commerce' or that 'Muylle used Wine and Canvas's mark [WINE AND CANVAS], a mark used by Wine and Canvas in interstate commerce." ([Filing No. 416 at 1](#)). WNC Parties' suggested revision does not comport with the Federal Civil Jury Instructions of the Seventh Circuit. The Court's Proposed Issue Instruction for the trademark infringement claim follows the pattern. WNC Parties' objection is **OVERRULED**.

4. WNC Parties object that the Proposed Issue Instruction limits the applicable time period for the trademark claims against Mr. Muylle to conduct occurring after November 18, 2011. The Court previously entered summary judgment in favor of Mr. Muylle on the trademark claims (trademark infringement and false designation of origin) up to November 18, 2011 ([Filing No. 341](#)). Wine & Canvas' continual objections regarding the time period is unwarranted. WNC Parties' objection is **OVERRULED**.

5. WNC Parties object that the Proposed Issue Instruction regarding Mr. Muylle's claim for abuse of process omits elements necessary to the claim. WNC Parties' objection is **SUSTAINED**. The issue instruction on Mr. Muylle's claim for abuse of process will state, "To prove his claim for abuse of process, Mr. Muylle must prove, by a preponderance of the evidence, that Wine & Canvas, Mr. Scott, Ms. McCracken, and/or Mr. McCracken intentionally used a legal procedure *that would not be proper in the normal course of the case*, with an ulterior motive to achieve a result it was not designed to accomplish *and Mr. Muylle was damaged as a result*." (emphasis added).

6. WNC Parties object that Mr. Muylle's abuse of process claim was asserted against Wine & Canvas only, and not against the Third Party Defendants Tamara Scott, Donald McCracken, and Anthony Scott. This objection is without merit. A review of Mr. Muylle's Amended Answer to Amended Complaint and Third Party Complaint reveals that Mr. Muylle

asserted an abuse of process claim against each of the WNC Parties ([Filing No. 66](#)).  WNC Parties'

objection is **OVERRULED**.

7.      WNC Parties object that the Proposed Issue Instruction and Verdict Forms do not

address damages, but then state, "If this is to mean that the parties are going to have a separate

hearing on damages, then WNC has no issue with the exclusion of damages language." ([Filing No.

416 at 6](#)).  As previously stated, a separate hearing on damages against the defaulted defendants

will be set at a later date.  Instructions as to damages on Mr. Muylle's abuse of process claim and

Wine & Canvas' trademark claims against Mr. Muylle need not be addressed in the issue

instruction.  Instead, the jury will be instructed as to damages in the final jury instructions.  WNC

Parties' objection in this regard is **OVERRULLED**.  WNC Parties' objection with respect to the

verdict forms, however, is **SUSTAINED**.  The verdict forms shall be amended to reflect damages.

8.      Finally, WNC Parties object that the Proposed Issue Instruction should be modified

to allow Wine & Canvas to present to the jury its claims against the defaulted corporate defendants

since it has only a Clerk's entry of default against those defendants.  Again, the Court instructs

Plaintiff that Wine & Canvas' claims against the defaulted defendants are not being tried to the

jury.  Damages against the defaulted defendants, attorney fees, costs for the prevailing party, and

any other equitable remedies, if appropriate, will be determined by the Court at a separate hearing.

WNC Parties' objection is **OVERRULED**.

Accordingly, the issue instruction and verdict forms attached to this Entry will be submitted

to the jury.

       **SO ORDERED.**

Date: 11/14/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Theodore Weisser
14640 Morelli Lane
Sebastopol, California 95472

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com