UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER MUYLLE, )<br>)<br>Defendant. )<br>_____ )<br>)<br>CHRISTOPHER MUYLLE, )<br>)<br>Counter Claimant, )<br>)<br>v. )<br>)<br>WINE & CANVAS DEVELOPMENT LLC, )<br>)<br>Counter Defendant. )<br>_____ )<br>)<br>CHRISTOPHER MUYLLE, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TAMARA SCOTT, DONALD McCRACKEN, )<br>and ANTHONY SCOTT, )<br>)<br>Third Party Defendants. )<br>) | Case No. 1:11-cv-01598-TWP-DKL |

**ENTRY ON OBJECTIONS TO DEMONSTRATIVE EXHIBITS**

As per the Entry Following Final Pre Trial Conference, "any objections to demonstrative exhibits were to be filed by **12:00 p.m. on Friday, November 14, 2014**." (Filing No. 397 at ECF p. 7). Plaintiff Wine & Canvas Development LLC and Third Party Defendants Tamara Scott,

Donald McCracken, and Anthony Scott (collectively "WNC Parties") filed a response to Defendant Christopher Muylle's Demonstrative Exhibits ([Filing No. 421](#)). Defendant Christopher Muylle ("Mr. Muylle") also filed objections to the WNC Parties Demonstrative Exhibits ([Filing No. 422](#)). The Court rules on the objections as follows:

**WNC Parties' Objections**

In their filing, WNC Parties state that "have no objection at this time to Muylle's demonstrative exhibits, which are attached hereto as Exhibit A, except to the extent that said demonstrative exhibits are factually inaccurate until such time as Muylle is able to elicit admissible testimony to support each of the factual assertions set forth therein." ([Filing No. 421](#)). WNC Parties' objection appears to be based on requiring Mr. Muylle to lay a foundation for his demonstrative exhibits before using them during his opening statement.

The purpose of an opening statement is to tell the jurors something about the case and the evidence that they will be hearing. Summarizing the issues and the evidence that will be presented with the use of a demonstrative exhibit is therefore appropriate for opening statements. However, demonstrative exhibits must be relevant to the claims and factually accurate, they are not evidence and will not be admitted for the jury's consideration during deliberations. Having reviewed Mr. Muylle's proposed demonstrative exhibit, it appears to be a factual summary of the claims that will be heard by the jury. Further, there is no need for counsel to "elicit testimony" to "lay a foundation" for demonstrative exhibits used during opening statements. WNC Parties' objection is **OVERRULED.**

**Mr. Muylle's Objections**

Mr. Muylle objects to WNC's proposed demonstrative exhibit titled "Update Your Wine and Canvas Profile" and the "Sign up to receive our email newsletter" demonstrative exhibit on

the basis that they are not relevant to the claims at issue for trial. While demonstrative exhibits are not evidence and will not be admitted for the jury's consideration during deliberations, they still must be relevant to the claims to be tried. It appears that these demonstrative exhibits are not relevant to the claims at issue for trial, and thus, the Court **SUSTAINS** Mr. Muylle's objection as to these demonstrative exhibits.

Mr. Muylle does not object to WNC's "Yelp Review for Art Uncorked" demonstrative exhibit, but Mr. Muylle previously objected to WNC referring to the exhibit as the "negative" Yelp posting ([Filing No. 374 at 5](Filing No. 374 at 5)). The Court **SUSTAINS** Mr. Muylle's objection **in part**, and WNC may not refer to the exhibit as the "negative" Yelp posting, however, he may present the demonstrative exhibit in his opening statement.

Mr. Muylle objects to WNC's "Post of Chris Muylle on Personal Facebook Page" demonstrative exhibit on grounds of relevance, prejudice, and confusion, and that it is not probative as to any issues for trial. Mr. Muylle made these same objections to this same exhibit as an evidentiary exhibit in [Filing No. 374](Filing No. 374). The Court **SUSTAINS** Mr. Muylle's objection as to this exhibit as a demonstrative exhibit during opening statement, but WNC may attempt to use the exhibit as evidence at trial if it can first satisfy the requirements of the Rules of Evidence when offering the exhibit.

Mr. Muylle objects to WNC's "Excerpt from Facebook Home Page for Art Uncorked" demonstrative exhibit on the basis that the excerpt is potentially misleading, but has no objection to the demonstrative exhibit presented in its entirety. The Court **SUSTAINS** Mr. Muylle's objection to the presentation of this demonstrative exhibit as an excerpt, but WNC may use the entire Facebook Home Page for Art Uncorked as a demonstrative exhibit. The Court reminds

3

counsel that demonstrative exhibits should be used sparingly to assist the jury in understanding the opening statement and that they must be relevant to the claims to be tried.

Mr. Muylle objects to WNC's "Email from Ted Weisser to Tony Scott re threat to call Tony's wives" demonstrative exhibit on numerous grounds including relevance, unfair prejudice and potential confusion. Mr. Weisser is defaulted and any claims regarding Mr. Weisser are not being tried to the jury. As such, this demonstrative exhibit is not relevant to the claims to be tried and is unfairly prejudicial. The Court **SUSTAINS** Mr. Muylle's objection as to this demonstrative exhibit during opening statement.

Mr. Muylle objects to WNC's "Damages Chart" demonstrative exhibit on the grounds that it contains some information not relevant to the claims to be tried, lacks foundation and accuracy, is untimely, and does not comply with the Court's discovery orders. Demonstrative exhibits are to be used to assist the jury in understanding the issues. WNC's damages charts and other evidence on damages may be used during opening statement as the issue of damages is relevant to the claims to be tried. The Court **OVERRULES** Mr. Muylle's objection as to this chart as a demonstrative exhibit.

Mr. Muylle objects to WNC's "Chart of Purported Wrongful Activity" demonstrative exhibit on the grounds that it contains information not relevant to the claims to be tried, is confusing and prejudicial, and is untimely. Again, demonstrative exhibits are to be used to assist the jury in understanding the issues. Although a chart of purported wrongful activity might be beneficial, the proposed exhibit does contain information not relevant to the claims to be tried and using this exhibit in the opening statement has a high potential for confusing the jury. The Court **SUSTAINS** Mr. Muylle's objection as to this demonstrative exhibit.

The Court's determination that a proposed demonstrative exhibit is not appropriate for opening statement does not necessarily foreclose it from being offered during trial.

**SO ORDERED**.

Date: 11/15/2014

*(signature)*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com