**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-01598-TWP-DKL |
| | ) |
| THEODORE WEISSER, | ) |
| CHRISTOPHER MUYLLE, | ) |
| | ) |
| Defendants. | ) |
| ──────────────────────────── | ) |
| | ) |
| CHRISTOPHER MUYLLE, | ) |
| THEODORE WEISSER, | ) |
| | ) |
| Counter Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| | ) |
| Counter Defendant. | ) |
| ──────────────────────────── | ) |
| CHRISTOPHER MUYLLE, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAMARA SCOTT, DONALD McCRACKEN, | ) |
| and ANTHONY SCOTT, | ) |
| | ) |
| Third Party Defendants. | ) |

**ORDER ON PENDING MATTERS AND BRIEFING SCHEDULE**

This matter was tried before a jury with respect to Plaintiff Wine & Canvas's claims for trademark infringement and false designation of origin, and Defendant Christopher Muylle's counterclaim for abuse of process against Wine & Canvas and Third Party Defendants Tamara

Scott, Donald McCracken and Anthony Scott. On November 21, 2014, the jury returned a verdict in favor of Christopher Muylle and against Wine & Canvas on Plaintiff's claims for trademark infringement and false designation of origin. The jury decided in favor of Christopher Muylle and against Wine & Canvas, Anthony Scott, Tamara Scott and Donald McCracken on Mr. Muylle's counterclaim for abuse of process and awarded Mr. Muylle monetary damages.

Normally the Court would issue final judgment following the jury verdict, however, a final judgment is required following the return of a general or special verdict in a jury trial *that concludes the case.* Unfortunately, the jury verdict in this matter does not conclude the case. "To be final and appealable the order must end the litigation on the merits and leave nothing for the district court to do but execute the judgment." *Am. Nat. Bank & Trust Co. of Chicago v. Sec'y of Hous & Urban Dev. Of Washington, D.C.* 946 F.2d 1286, 1289-90 (7th Cir. 1991). The final judgment rule promotes judicial efficiency, as some issues a party seeks to appeal before a final decision may be mooted when the case is finally determined on the merits. Furthermore, the rule helps to avoid piecemeal appeals that may threaten the independence of trial judges and prevents the potential harassment and cost that a series of separate appeals from various individual rulings could create. *ITOF, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 364 n.1 (7th Cir. 2000) (citations omitted).

On November 10, 2014, Defendant Theodore Weisser ("Mr. Weisser") was defaulted as to liability for the claims asserted against him. ([Filing No. 408](#)). And, Mr. Muylle's attorneys have entered an appearance on behalf of Mr. Weisser. ([Filing No. 447](#), [Filing No. 448](#)). No final judgment has been issued on the default against Mr. Weisser and before the Court is Mr. Weisser's pending Motion to Set Aside Default ([Filing No. 449](#)), filed on November 26, 2014. Wine & Canvas Development LLC and Tamara Scott, Donald McCracken, and Anthony Scott's

(collectively "WNC Parties"), may file a response to Mr. Weisser's Motion to Set Aside Default no later than **Thursday, December 11, 2014**. A reply brief, if any, is due by **Thursday, December 18, 2014**.

Additionally, on December 2, 2014, the WNC Parties filed an Emergency Motion for Relief from Judgment (Filing No. 451). Said motion is **stricken as premature** as the Court has not yet entered final judgment.

Fed. R. Civ. Pro. Rule 54(b) authorizes the district court to make immediately appealable a judgment that disposes, with finality, of one or more (but not all) claims, even though other claims remain pending in the district court so that the suit as a whole has not been finally disposed of by that court. *See Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1366 (7th Cir.1990). Here, however, the remaining claims are not factually distinct. To avoid piecemeal appeals of the same claims and for the orderly progression of this matter, final judgment will not issue until the claims against Mr. Weisser are resolved. Without delay, the Court intends to issue a final judgment on all claims following its ruling on Mr. Weisser's pending motion and a hearing on Wine & Canvas's damages if default is not set aside.

Finally, Mr. Muylle may submit a proposed judgment on the jury verdict for the Court's consideration.

   **SO ORDERED**.

Date: 12/4/2014

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com