UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cv-01598-TWP-DKL |
| THEODORE WEISSER and CHRISTOPHER MUYLLE, | ) |
| Defendants. | ) |
| CHRISTOPHER MUYLLE and THEODORE WEISSER, | ) |
| Counter Claimants, | ) |
| v. | ) |
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| Counter Defendant. | ) |
| CHRISTOPHER MUYLLE, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| TAMARA SCOTT, DONALD McCRACKEN, and ANTHONY SCOTT, | ) |
| Third Party Defendants. | ) |

**ORDER ON MOTION TO SET ASIDE DEFAULT**

This matter is before the Court on Defendant Theodore Weisser's ("Mr. Weisser") Motion to Set Aside Default ([Filing No. 449](#)), filed on November 26, 2014. For the reasons stated below, Mr. Weisser's motion is **DENIED**.

# I.    BACKGROUND

Although the procedural and factual background pertaining to this motion has been set forth in previous orders, a detailed summary in this Entry is instructive.  The complaint in this matter was filed in state court in November 2011, and removed to federal court on December 2, 2011.  Initially, Mr. Weisser was represented by counsel, however, his attorneys withdrew their appearance on October 4, 2012 and the Court directed the Clerk to add Mr. Weisser as a *pro se* litigant ([Filing No. 48](#)).  During his self-representation, Mr. Weisser disregarded many Court Orders and procedures.  In November 2012, Wine & Canvas Development LLC ("WNC") filed a motion for a more definite statement from Mr. Weisser, which the Court granted ([Filing No. 112 at 3](#)).   Mr. Weisser has never complied with this Court Order. WNC's Amended Complaint asserted claims against Mr. Weisser and his entities YN Canvas CA LLC and Weisser Management Group LLC ([Filing No. 36](#)).  Mr. Weisser filed an answer for himself, however, his entities never answered the Amended Complaint.  Third-party counterclaims were filed against Mr. Weisser and his entities on June 18, 2013 ([Filing No. 101](#)).  Mr. Weisser and his entities never responded to these third-party counterclaims. Because Mr. Weisser and his entities did not respond, WNC moved for an entry of clerk's default pursuant to Federal Rule of Civil Procedure 55(a) ([Filing No. 131](#)).  On November 22, 2013, a Clerk's Entry of Default was entered against third-party counterclaim defendants Mr. Weisser and his entities ([Filing No. 210](#)).  Default also was entered against Mr. Weisser's entities, but because Mr. Weisser had filed an answer to the amended complaint, default was not entered against him individually.

On January 22, 2013, the Court held a telephonic status conference in which the parties were to participate.  Mr. Weisser failed to appear for the status conference, and the Court issued a show cause order regarding his failure to appear and participate ([Filing No. 77](#)).  Mr. Weisser

responded to the show cause order on February 11, 2013 ([Filing No. 80](#)).  However, on April 21, 2014, the Court held a telephonic status conference in which the parties were to participate and again, Mr. Weisser failed to appear for the status conference ([Filing No. 304](#)).

WNC sought to depose Mr. Weisser in January 2013 and served him with a deposition notice and subpoena in December 2012.  Mr. Weisser failed to appear for his deposition.  Thereafter, WNC asked the Court to compel Mr. Weisser to appear for his deposition ([Filing No. 84](#)).  Mr. Weisser did not file a response to WNC's motion.  The Court granted WNC's motion to compel Mr. Weisser's deposition but denied an award of sanctions ([Filing No. 92](#)).  The Court also ordered Mr. Weisser to cooperate in scheduling his deposition.  Despite the Court's Order, Mr. Weisser ignored WNC's efforts to reschedule his deposition and failed to cooperate in discovery.  Because Mr. Weisser refused to cooperate in scheduling the deposition, WNC again sought the Court's intervention, requesting sanctions and an order compelling the deposition ([Filing No. 125](#)).  Mr. Weisser again did not file a response to WNC's motion.  The Court denied the motion for sanctions because the deposition had not been rescheduled, so Mr. Weisser did not fail to attend a *scheduled deposition* ([Filing No. 187](#)).  But the Court reminded the parties that the previous motion to compel had been granted concerning Mr. Weisser's deposition ([Filing No. 187 at 2](#)).  The Court also warned Mr. Weisser that he could not avoid the discovery process simply by ignoring Plaintiffs' requests and advised him that his failure to appear for deposition could lead to sanctions, including a default judgment ([Filing No. 187 at 2](#)).  Mr. Weisser appeared for the deposition on December 5 and 6, 2013.

WNC moved to dismiss the counterclaims of Mr. Weisser on July 25, 2013 ([Filing No. 133](#)).  Mr. Weisser never responded to the motion to dismiss his counterclaims.  The Court ruled

3

on WNC's motion and dismissed Mr. Weisser's first counterclaim, but the second counterclaim survived dismissal ([Filing No. 145](#) adopted by [Filing No. 179](#) and [Filing No. 184](#)).

WNC then moved for summary judgment on Mr. Weisser's second counterclaim on February 21, 2014 ([Filing No. 266](#)). Again, Mr. Weisser did not respond to WNC's motion. The Court ruled on WNC's motion and entered summary judgment against Mr. Weisser on his second counterclaim, leaving him with no counterclaims against WNC ([Filing No. 342](#)).

In November 2012, the Court entered a case management order establishing deadlines for discovery, disclosures, and dispositive motions ([Filing No. 59](#)). Despite the Court's case management order, Mr. Weisser never filed a preliminary witness or exhibits list. Mr. Weisser never filed a final witness list or a final exhibits list. Mr. Weisser also disregarded the Court's order to file preliminary jury instructions, an issue instruction, and verdict forms in preparation for trial. Mr. Weisser did not participate with the other parties in attempting to file any joint instructions or verdict forms.

The Court held a final pretrial conference on October 22, 2014, as trial was scheduled to begin on November 17, 2014. The parties were ordered to appear and participate in the final pretrial conference. Mr. Weisser failed to appear and participate in the final pretrial conference. On October 22, 2014, the Court ordered Mr. Weisser to show cause within seven days, in writing, why he should not be sanctioned under Federal Rule of Civil Procedure 16(f) for his failure to appear ([Filing No. 396](#)). Mr. Weisser failed to timely respond in writing to the Court's Order and on November 10, 2014, the Court entered a default against him ([Filing No. 408](#)).

Also, on November 10, 2014[1], Mr. Weisser filed his *pro se* "Statement Regarding His Failure to Appear and Reasons He Should Not Be Sanctioned" ([Filing No. 412](#)). In that statement,

---

[1] The Court acknowledges that the envelope containing Mr. Weisser's *pro se* statement is postmarked November 7, 2014; however, this submission is still untimely. See Filing 412-1.

4

Mr. Weisser indicated that he had attempted to call the Court two days prior to the final pretrial conference to ask permission to participate by telephone, but he was unable to reach a person who could make that determination. *Id*. He further stated that he was working a second job and had been working an additional 60 to 70 hours per week and could neither afford financially to appear in person or to miss the days of work. *Id*. He also advised the Court that he had recently changed his address, which may have resulted in a delay of his receipt of Court orders. *Id*.

This case proceeded to trial by jury on November 17, 2014 as scheduled, and the jury rendered a verdict on November 21, 2014. Mr. Weisser had made flight arrangements to attend the trial prior to the default entry, and he appeared on the second day of trial and testified on behalf of Christopher Muylle ("Mr. Muylle"). *See* [Filing No. 449 at ECF p. 2](). Thereafter, on November 26, 2014 Mr. Weisser retained counsel who entered an appearance on his behalf and filed the instant motion.

Additional facts will be added as needed.

## II.  LEGAL STANDARD

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Federal Rule of Civil Procedure 55(c). Because the Court did not enter a final default judgment, the Rule 55(c) "good cause" standard applies. This Court has broad discretion to set aside a default entry for good cause. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Id.* "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Id.* at 631 (internal citation and quotation marks omitted).

## III. DISCUSSION

Mr. Weisser points the Court to *Cracco v. Vitran* in support of his motion. In that case, the Seventh Circuit affirmed the trial court's decision to set aside a default. The Seventh Circuit noted that "[the defendant] has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. This is in stark contrast to Mr. Weisser's actions and inaction in this case. Mr. Weisser answered the complaint and asserted counterclaims. He then failed to defend against the action and to prosecute his counterclaims. As the Court explained in its Entry of Default ([Filing No. 408](#)), Mr. Weisser willfully ignored the pending litigation, which was prejudicial to the Plaintiffs' ability to proceed in the efficient prosecution of its case and prejudicial to the Court's orderly administration of its docket. Because of the long history of Mr. Weisser's actions and the numerous warnings given to him, default was entered against Mr. Weisser. Unlike the defendant in *Cracco*, Mr. Weisser willfully ignored the pending litigation.

Mr. Weisser asserts that he had good cause for his failure to appear at the final pretrial conference because he did not understand that failing to appear would subject him to sanctions. This is not good cause. The Seventh Circuit has elaborated on what constitutes "good cause," casting it as a process of weighing the equities to each side. *U.S. v. Di Mucci,* 879 F.2d 1488 (7th Cir.1989). Good cause is not equivalent to having a good excuse or showing excusable neglect. *Sims v. EGA Prods., Inc.,* 475 F.3d 865 (7th Cir.2007). Instead, a court must consider the defaulting party's actions (*i.e.*, did they quickly act to correct the problem, do they have meritorious defenses) and the prejudice to each side. *Di Mucci,* 879 F.2d at 1495.

The Court finds that "not knowing the consequence" for failing to participate in required proceedings does not constitute good cause to ignore required court conferences or to not suffer

the consequences for choosing not to participate. In numerous earlier orders, the Court warned Mr. Weisser of the consequences of not participating in the litigation, including the risk of default. Indeed, the Court's Order to Show Cause was clear in explaining that sanctions would be imposed if Mr. Weisser did not respond: "Within 7 days of this entry, Defendant Theodore Weisser is to show cause, in writing, why he should not be sanctioned for failure to appear." ([Filing No. 396 at 2](#).) Mr. Weisser had sufficient opportunity to address his failure to appear at the final pretrial conference, yet he chose to wait until default had been entered. This does not show good cause for setting aside the default. Furthermore, Mr. Weisser's rationale fails to address the numerous other bases for the entry of default, which enumerated many other instances wherein he failed to participate in the litigation over the course of two years.[2]

Next, Mr. Weisser argues that he had good cause because he could not afford counsel, could not afford to miss any days of work, and could not afford to fly to Indianapolis, Indiana from California for the final pretrial conference. The Court is not persuaded that this establishes good cause for setting aside the default. Mr. Weiser had previously participated in some of the Court's conferences via telephone; thus, he knew that such method of participation was available. This option was an inexpensive way to participate in court conferences and would require minimal absence from work. Yet Mr. Weisser chose not to participate. Additionally, Mr. Weisser flew to Indianapolis to participate as a witness at the trial, requiring him to take time off work and presumably costing him the expense of an airplane ticket. Without paying an attorney, he still selectively and sporadically participated in the litigation.

---

[2] In his Motion, Mr. Weisser recognizes that additional instances of failing to comply with court orders or to participate in the litigation supported the entry of default. He apologizes for his failings and offers mitigating factors. The Court, however, is not persuaded and does not believe these factors support good cause to set aside the default.

7

Mr. Weisser also asserts that he attempted to contact the Court two days before the final pretrial conference to request permission to participate via telephone. He explains that he was unable to reach anyone who could make that determination. Mr. Weisser knew how to contact the Court and how to participate in court conferences via telephone because he previously had participated in some of the Court's required conferences via telephone. He also twice contacted the Courtroom Deputy Clerk, once to inform the Court that he had received notice of the Order to Show Cause by email from Christopher Muylle's counsel and he would file a written response. That Mr. Weisser unsuccessfully tried to contact the Court two days before the conference and then made no additional efforts to participate or to contact the Court again is not a good faith effort. Mr. Weisser asserts that his change of address may have resulted in a delay of receiving the Show Cause Order; however, Mr. Weisser admitted to the Courtroom Deputy Clerk that that he had received a copy. Moreover, Mr. Weisser was fully aware of the litigation and that because he was *pro se*, he would be receiving notifications regarding this litigation via U.S. mail. As the Court noted in its Default Order "parties are responsible for maintaining accurate address and other contact information with the Court. (Filing 408 at ECF p.2.) Good cause has not been established to set aside the default.

Mr. Weisser moved to set aside the default sixteen days after it was entered. While sixteen days generally constitutes quick action to correct an entry, in this case, in that amount of time, the jury trial began and concluded with a defense verdict, which allowed Mr. Weisser to first learn of the outcome of the matter before deciding how he would proceed in the litigation. Mr. Weisser was warned on October 22, 2014 of the risk of default. He was given seven days to respond in writing why default was not warranted. Mr. Weisser called the Courtroom Deputy Clerk on two occasions and informed her that he would file a written response. Yet did not file a response within

seven days. Instead he waited nineteen days to file his response, which was only one week before the start of trial. His written response was filed later on the same day that the Court entered the default. Then sixteen days later he filed his Motion to Set Aside Default after the trial was completed. Under the circumstances of the case, Mr. Weisser did not act quickly to correct his missteps or the default.

The Court must also consider the merits of Mr. Weisser's defense. The issue of whether Mr. Weisser had a meritorious defense is questionable. Mr. Weisser has failed to demonstrate that he has a meritorious defense to the entry of the default judgment as a sanction for willfully failing to fully participate in discovery, refusing to respond to Court orders and comply with other pre-trial proceedings in good faith. A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Merrill Lynch Mortgage Corp.*, v. Narayan, 908 F.2d 246, 252 (7th Circuit 1990); *Breuer Elec. Mfg., v. Tornado Systems*, 687 F.2d 182, 186. (7th Circuit 1982). Mr. Weisser reasons that because the jury found in favor of Mr. Muylle, the jury would have found in favor of him as well. However the evidence pertaining to Mr. Muylle's defense would not necessarily pertain to Mr. Weisser, in part, because Mr. Weisser other than filing an answer, Mr. Weisser failed to otherwise participate in the litigation. The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions set forth in a defendants proposed answer. *Breuer* at 182.

Finally, the parties who have already proceeded to trial by jury would clearly be prejudiced if the default were lifted and they were forced to incur the time and expense related to a second trial in this case. As stated earlier, "Mr. Weisser's actions and inactions have been prejudicial to

WNC's ability to proceed in the efficient prosecution of its case and prejudicial to the Court's orderly administration of its docket." (Filing No. 408 at ECF p. 6-7.) Here, the circumstances simply do not justify setting aside the entry of default.

In its prayer for relief, WNC not only requests that the Court deny the Motion to set aside the default, but also asks the Court to "…reconsider its MSJ Order as set forth in the Reconsideration Motion, award sanctions and fees...." (Filing No. 456 at ECF p. 15). WNC provides no basis or analysis for this nonsensical request. Therefore, these residual requests are denied.

### IV. CONCLUSION

Failure to participate in the pretrial process has been held sufficient for entry of default. *Smith v. Chicago Sch. Reform Bd. of Tr.,* 165 F.3d 1142, 1145 (7th Cir.1999) ("many times we have held that failure to participate in the pretrial process, whether by abandoning the litigation or by obstructing some vital step, permits a court to award summary victory to the other side"). Because Mr. Weisser has not shown good cause to set aside the default, his Motion to Set Aside Default (Filing No. 449) is **DENIED**.

Pursuant to Fed. R. Civ. Pro. 55(b)(2)[3] an evidentiary hearing on the merits of the case and damages is set for February 3, 2015 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

**SO ORDERED**.

Date: 12/31/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[3] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that to enter or effectuate a default judgment, a district court may conduct an evidentiary hearing "…to determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter." See Fed.R.Civ.P. 55(b)(2)(B)(C) and (D).

DISTRIBUTION:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com