UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:11-cv-01598-TWP-DKL |
| | ) | |
| THEODORE WEISSER, | ) | |
| CHRISTOPHER MUYLLE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTOPHER MUYLLE, | ) | |
| THEODORE WEISSER, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WINE & CANVAS DEVELOPMENT LLC, | ) | |
| | ) | |
| Counter Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTOPHER MUYLLE, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TAMARA SCOTT, | ) | |
| DONALD MCCRACKEN, and | ) | |
| ANTHONY SCOTT, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on seven pending motions filed by Plaintiff Wine & Canvas

Development LLC and Third Party Defendants Tamara Scott, Donald McCracken, and Anthony

Scott (collectively "WNC Parties") (Filing No. 459, Filing No. 460, Filing No. 461, Filing No. 462, Filing No. 463, Filing No. 465, Filing No. 466). The Court will address each motion in turn.

**1. Renewed Motion for Judgment as a Matter of Law (Filing No. 459).**

WNC Parties filed a Renewed Motion for Judgment as a Matter of Law on December 18, 2014, requesting that the Court "stay enforcement of the Verdicts," enter judgment as a matter of law in favor of WNC Parties, or allow a new trial. WNC Parties previously filed a similar motion requesting a stay of enforcement of the verdicts and relief from the "judgment" (Filing No. 451), which the Court struck because the motion was premature (Filing No. 454).

This matter was tried before a jury with respect to Plaintiff Wine & Canvas's claims for trademark infringement and false designation of origin against Defendant Christopher Muylle ("Mr. Muylle") and Mr. Muylle's counterclaim for abuse of process against WNC Parties. On November 21, 2014, the jury returned a verdict in favor of Mr. Muylle and against Wine & Canvas on Plaintiff's claims for trademark infringement and false designation of origin. The jury decided in favor of Mr. Muylle and against WNC Parties on Mr. Muylle's counterclaim for abuse of process and awarded Mr. Muylle monetary damages.

The Court usually issues final judgment following a jury verdict. However, a final judgment is issued following the return of a general or special verdict in a jury trial *that concludes the case*. In this matter, the jury verdict did not conclude the case. "To be final and appealable the order must end the litigation on the merits and leave nothing for the district court to do but execute the judgment." *Am. Nat. Bank & Trust Co. of Chicago v. Sec'y of Hous. & Urban Dev. of Washington, D.C.*, 946 F.2d 1286, 1289–90 (7th Cir. 1991) (internal citations and punctuation omitted). "The final judgment rule promotes judicial efficiency, as some issues a party seeks to appeal before a final decision may be mooted when the case is finally determined on the merits.

Furthermore, the rule helps to avoid piecemeal appeals that may threaten the independence of trial judges and prevents the potential harassment and cost that a series of separate appeals from various individual rulings could create." *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 364 n.1 (7th Cir. 2000).

On November 10, 2014, Defendant Theodore Weisser ("Mr. Weisser") was defaulted as to liability for the claims asserted against him ([Filing No. 408](#)). Since then, Mr. Muylle's attorneys have entered an appearance on behalf of Mr. Weisser. ([Filing No. 447](#), [Filing No. 448](#)). No final judgment has been issued on the default against Mr. Weisser. Mr. Weisser requested that the Court set aside the default, and the Court denied his request ([Filing No. 464](#)). A damages hearing has been set on the default. Because there is no final judgment, WNC Parties' Renewed Motion for Judgment as a Matter of Law is premature. As such, the Motion is **STRICKEN**. WNC Parties may refile the Motion after final judgment is entered.

Federal Rule of Civil Procedure 54(b) authorizes the district court to make immediately appealable a judgment that disposes, with finality, of one or more (but not all) claims, even though other claims remain pending in the district court so that the suit as a whole has not been finally disposed of by that court. *See Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1366 (7th Cir. 1990). Here, however, the remaining claims are not factually distinct. To avoid piecemeal appeals of the same claims and for the orderly progression of this matter, final judgment will not issue until the claims against Mr. Weisser are resolved.

**2. Motion to Alter or Amend Judgment ([Filing No. 460](#)).**

On the same day that WNC Parties filed their Renewed Motion for Judgment as a Matter of Law, they filed a Motion to Alter or Amend Judgment. This Motion similarly requests that the Court alter the "judgment" or allow a new trial based on alleged misrepresentations made to the

3

Court and Jury by Mr. Muylle and his counsel. For the same reason stated above regarding the prematurity of the Renewed Motion for Judgment as a Matter of Law, this Motion also is premature and is **STRICKEN**. WNC Parties may refile this Motion after final judgment is entered.

      **3. Motion for Oral Argument ([Filing No. 462](#)).**

WNC Parties filed a Motion for Oral Argument on their Renewed Motion for Judgment as a Matter of Law and their Motion to Alter or Amend Judgment. Because those two motions are premature and stricken, WNC Parties' Motion for Oral Argument is **DENIED**.

      **4. Motion to Disqualify Counsel ([Filing No. 463](#)).**

WNC Parties filed a Motion to Disqualify Ronald J. Waicukauski, Carol Nemeth Joven, and the Law Firm of Price Waicukauski & Riley, LLC ("Defense Counsel"), who have served as counsel to Mr. Muylle throughout much of this litigation, from serving as counsel to Mr. Weisser. The sole basis for WNC Parties' Motion is the previously pending motion filed by Mr. Weisser to set aside the Entry of Default. WNC Parties assert that, if the default was set aside, Defense Counsel would have "relevant knowledge and will likely be witnesses in this matter and, therefore, they are disqualified to represent Weisser." ([Filing No. 463 at 2](#).) The Court has denied Mr. Weisser's request to set aside the Entry of Default, ([Filing No. 464](#)), thus, the basis for WNC Parties' Motion is moot. Therefore, the Court **DENIES** WNC Parties' Motion to Disqualify Defense Counsel.

      **5. Motion for Leave to Conduct Expedited Discovery and Depositions ([Filing No. 466](#)).**

On December 31, 2014, WNC Parties filed a Motion for Leave to Conduct Expedited Discovery and Depositions. WNC Parties seek to conduct additional discovery and to depose Mr. Weisser, Mr. Muylle, and Defense Counsel. It appears from the Motion that WNC Parties seek to conduct discovery to assist in their reply in support of their motions that the Court has stricken per

4

this Order and to respond to Mr. Muylle's fee petition. Mr. Muylle filed his attorneys' fee statements with his fee petition, thus WNC Parties have received those documents.

WNC Parties now seek to conduct discovery more than a year after the discovery deadlines have passed. Non-expert discovery and discovery related to liability closed on August 4, 2013. Expert discovery and discovery related to damages closed on December 4, 2013. WNC Parties rely on Rule 27(b) for their request to conduct additional discovery now, after the close of discovery and after the jury trial has ended.

Rule 27(b) of the Federal Rules of Civil Procedure states that the Court "may . . . permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Further, when a party moves for leave to take depositions to perpetuate testimony, "[t]he motion must show: (A) the name, address, and expected substance of the testimony of each deponent; and (B) the reasons for perpetuating the testimony." F.R.C.P. 27(b)(2). WNC Parties' Motion fails to show the expected substance of the testimony that WNC Parties seek. The Motion also fails to show the reasons for the necessity of taking additional depositions.

Because the discovery deadlines have long since passed, WNC Parties' Motion is deficient, and Mr. Muylle's attorneys' fee statements have been provided to WNC Parties, the Court **DENIES** WNC Parties' Motion for Leave to Conduct Expedited Discovery and Depositions.

**6. Motion for Temporary Stay of Briefing Deadlines for ECF 457 and for Extension of Time to Respond to ECF 457 ([Filing No. 461](#)).**

On December 12, 2014, Mr. Muylle filed a petition for attorney's fees under the Lanham Act ([Filing No. 457](#)). On December 23, WNC Parties filed a Motion for Temporary Stay of Briefing Deadlines on Mr. Muylle's attorney's fees petition. WNC Parties' Motion requests a temporary stay of the briefing schedule and an extension of time to respond to Mr. Muylle's fee petition ([Filing No. 461](#)).

5

The bases for WNC Parties' request for a temporary stay and an extension of time to respond to Mr. Muylle's fee petition are the parties' other motions before the Court, specifically Mr. Weisser's Motion to Set Aside Entry of Default (previously denied by Filing No. 464), WNC Parties' Renewed Motion for Judgment as a Matter of Law (stricken as premature as explained above), WNC Parties' Motion to Alter or Amend Judgment (stricken as premature as explained above), Mr. Muylle's Attorney's Fees Petition, and the damages hearing on the Entry of Default against Mr. Weisser.

The principal reason for WNC Parties' request for a stay or additional time to respond to Mr. Muylle's fee petition is the alleged effect that resolution on the Renewed Motion for Judgment as a Matter of Law and the Motion to Alter or Amend Judgment will have on WNC Parties' response to the fee petition. Those two motions are stricken because of the motions' prematurity, thus the principal reason for WNC Parties' Motion for an Extension of Time is moot.

WNC Parties also request additional time to respond to the fee petition in order to conduct additional discovery. This basis also is moot because of the Court's denial of WNC Parties' Motion for Leave to Conduct Expedited Discovery and Depositions. WNC Parties' response to Mr. Muylle's fee petition was due on December 30, 2014. The Court **GRANTS in part** the Motion for Temporary Stay of Briefing Deadlines and for Extension of Time to Respond. The briefing schedule will not be stayed, but WNC Parties are granted an extension of time to file a response to Mr. Muylle's fee petition to **January 15, 2015**.

**7. Motion for Pre-Hearing Conference (Filing No. 465).**

On December 31, 2014, WNC Parties filed a Motion for Pre-Hearing Conference to "discuss the logistics of how the [Damages] Hearing will proceed." (Filing No. 465 at 1.) The Court **DENIES** this Motion but provides clarification about the damages hearing for the parties'

benefit and preparation. As the parties' are aware, on November 22, 2013 an entry of default was entered on behalf of WNC against Mr. Weisser on the 3rd party counterclaim, YN Canvas CA, LLC, and Weisser Management Group LLC. On November 10, 2014 Mr. Weisser was defaulted as to the remaining claims. The Court has scheduled a damages hearing on February 24, 2015. The issues to be determined at the damages hearing are as follows:

- The Court will determine whether the well-pleaded allegations in the Amended Complaint constitute trademark infringement, false designation of origin, trademark dilution, sale of counterfeit items/services/statutory damages, unfair competition, bad faith/tortious conduct/abuse of process, civil action under Indiana's Crime Victims Act, breach/equitable relief, and fraud claims against defaulted defendants Theodore Weisser, YN Canvas CA, LLC, and Weisser Management Group, LLC that would warrant damages. This determination is not a "trial on the merits" of the defaulted defendants' liability, but rather a consideration of the sufficiency of the Amended Complaint. "Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. Allegations related to damages, however, are not taken as true. At the damages hearing, the party seeking a default judgment must provide evidence supporting the damages claimed." *Al-Kazemi v. General Acceptance & Inv. Corp.*, 633 F. Supp. 540, 542 (D.D.C. 1986) (internal citations omitted); *see also Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Castellanos v. Deli Casagrande Corp.*, 2013 U.S. Dist. LEXIS 45858, *6–8 (E.D.N.Y. Mar. 7, 2013).

- To the extent that the allegations constitute viable claims, the Court will determine

the amount of damages to which the Plaintiff is entitled to recover.

- The Plaintiff must prove its damages by a preponderance of the evidence. Any statutory damages will be awarded according to the requirements of the applicable statutes. The parties may present documentary evidence and witness testimony at the evidentiary hearing.

- The parties' witness and exhibit lists, if any, must be filed by February 2, 2015.

**SO ORDERED.**

Date: 1/9/2015

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com