## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01598-TWP-DKL |
| ) | |
| CHRISTOPHER MUYLLE, THEODORE ) | |
| WEISSER,YN CANVAS CA, LLC, and ) | |
| WEISSER MANAGEMENT GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CHRISTOPHER MUYLLE and ) | |
| THEODORE WEISSER, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Counter Defendant. ) | |
| ) | |
| _____ ) | |
| ) | |
| CHRISTOPHER MUYLLE, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TAMARA SCOTT, DONALD MCCRACKEN, ) | |
| and ANTHONY SCOTT, ) | |
| ) | |
| Third Party Defendants. ) | |

### ORDER ON PETITION FOR FEES UNDER THE LANHAM ACT

This matter is before the Court on Defendant Christopher Muylle's ("Mr. Muylle") Petition Under the Lanham Act for Post September 30, 2014 Fees not Requested from the Jury ("Fee

Petition") ([Filing No. 457](#)).  From November 17 through November 20, 2014, the Court conducted a jury trial on Plaintiff Wine & Canvas Development LLC's ("WNC") trademark claims against Mr. Muylle and on Mr. Muylle's counterclaim and third party claim for abuse of process against WNC and its principals Anthony Scott ("Mr. Scott"), Tamara McCracken Scott ("Ms. McCracken"), and Donald McCracken ("Mr. McCracken").  At the conclusion of the four-day trial, the jury returned a verdict in favor of Mr. Muylle on WNC's claims for trademark infringement and false designation of origin.  The jury also returned a verdict for Mr. Muylle on his counterclaim and third party claim for abuse of process, awarding Mr. Muylle $81,000.00 against WNC, $81,000.00 against Mr. Scott, $81,000.00 against Ms. McCracken, and $27,000.00 against Mr. McCracken.  After the trial, Mr. Muylle filed his Fee Petition, requesting his attorney fees as the prevailing party in a Lanham Act suit.  For the following reasons, the Court **GRANTS** Mr. Muylle's Fee Petition.

## I.    DISCUSSION

Section 1117(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  "Under the Lanham Act, an award of attorneys fees is committed to the trial court's sound discretion," and on appeal, the court of appeals "review[s] a grant of attorney fees to a prevailing defendant under the Lanham Act only for clear error."  *S Indus. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

Considering the appropriateness of an attorney fee award under the Lanham Act, the Seventh Circuit discussed the reasoning behind the fee shifting provision.

> A more practical concern is the potential for businesses to use Lanham Act litigation for strategic purposes—not to obtain a judgment or defeat a claim but to obtain a competitive advantage independent of the outcome of the case by piling litigation costs on a competitor.  Almost all cases under the Act . . . , whether they are suits for trademark infringement or for false advertising, 15 U.S.C. §§ 1114, 1125(a), are between competitors.  The owner of a trademark might bring a Lanham

2

> Act suit against a new entrant into his market, alleging trademark infringement but really just hoping to drive out the entrant by imposing heavy litigation costs on him.

*Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 962 (7th Cir. 2010). The Seventh Circuit further explained that, as to prevailing defendants, the Lanham Act's fee shifting provision "provide[s] protection against unfounded suits brought by trademark owners for harassment and the like." *Finance Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998).

When determining whether a case is "exceptional" to warrant the award of attorney fees to a prevailing defendant, the Seventh Circuit has provided guidance to the district courts. "When the plaintiff is the oppressor, the concept of abuse of process provides a helpful characterization of his conduct." *Nightingale*, 626 F.3d at 963. In attempting to draw a line to assist parties and district courts concerning the standard for awarding attorney fees under the Lanham Act, the Seventh Circuit declared,

> We conclude that a case under the Lanham Act is "exceptional," in the sense of warranting an award of reasonable attorneys' fees to the winning party, if the losing party was the plaintiff and was guilty of abuse of process in suing, or if the losing party was the defendant and had no defense yet persisted in the trademark infringement or false advertising for which he was being sued, in order to impose costs on his opponent.

*Id.* at 963–64.

Turning to the circumstances of this case, WNC is a business that utilizes artistic instruction and entertainment combined with alcoholic beverages offered in a variety of venues such as private settings. As part of its business' plan, WNC was to expand throughout the United States via affiliated entities and franchising locations. Mr. Muylle, as a business partner of Theodore Weisser ("Mr. Weisser"), was to establish a Wine & Canvas location in California. Complications and disputes arose between the parties in their business relationship, and WNC initiated litigation

which alleged, amongst other things, that Mr. Muylle infringed on the WNC trademark, breached contracts and covenants not to compete. Mr. Scott allegedly told Mr. Muylle in a telephone call that he knew he would lose the lawsuit, but winning the lawsuit was not his objective, rather his objective was to "put Muylle and Weisser out of business in California." Thereafter, Mr. Muylle filed counterclaims and third party claims which contained a claim for abuse of process.

The case has been ongoing for nearly four years. There are over 500 items on the docket; Mr. Muylle defended against nine claims throughout the litigation and defended against two trademark claims during the four-day jury trial. Mr. Muylle also prosecuted his abuse of process counterclaim and third party claim during the trial. Throughout the litigation, WNC was sanctioned three times for failing to follow discovery or court rules. Mr. Muylle had to respond to many motions filed by WNC, some of which were duplicative. WNC filed many motions to reconsider numerous court orders simply to reargue unaccepted arguments, to which Mr. Muylle had to respond. With respect to the relevant time period of October 1 to November 20, 2014; Mr. Muylle pointed out:

> The time required was more than would otherwise have been necessary due to the litigation conduct of opposing counsel and his clients in the following respects, among others: (1) identifying 17 witnesses as "expected to be called at trial" (Dkt. 368) when most of them were not called and should never have been listed; (2) identifying more than 160 exhibits as "expected to be used at trial" (Dkt. 369) when most of them were not used and should never have been listed; (3) repeatedly and belatedly changing exhibits and proposed instructions after established deadlines; and (4) generally, making more lengthy, contentious and difficult virtually every litigation stage and the resolution of virtually every issue that arose during the pretrial and trial process.

(Filing No. 457 at 4.) This case falls squarely within the category of "exceptional" cases that warrant the award of attorney fees under the Lanham Act.

This is further supported by the jury's verdict following the four-day trial. Mr. Muylle's theory at trial was that WNC trademark infringement claims were objectively unreasonable and

4

brought for the admitted purpose of causing him to incur excessive costs of litigation and thus, force him to close his business. The jury found in favor of Mr. Muylle on WNC's two trademark claims, making Mr. Muylle the prevailing party under the Lanham Act.  The jury also found in favor of Mr. Muylle on his abuse of process claim against WNC and its principals Mr. Scott, Ms. McCracken, and Mr. McCracken.  The jury was instructed: To prove his claim for abuse of process, Mr. Muylle must prove, by a preponderance of the evidence, that Wine & Canvas, Mr. Scott, Ms. McCracken, and/or Mr. McCracken intentionally used a legal procedure that would not be proper in the normal course of the case, with an ulterior motive to achieve a result it was not designed to accomplish, and Mr. Muylle was damaged as a result. (Filing No. 144 at p. 17). As the Seventh Circuit clearly established, "a case under the Lanham Act is 'exceptional,' in the sense of warranting an award of reasonable attorneys' fees to the winning party, if the losing party was the plaintiff and was guilty of abuse of process." *Nightingale*, 626 F.3d at 963.

     WNC responds to Mr. Muylle's Lanham Act Fee Petition with arguments that are mostly irrelevant to the Fee Petition.  The arguments asserted are akin to asking the Court to grant a new trial or to alter or amend the jury verdict.  Indeed, the arguments advanced by WNC in opposition to the Fee Petition are the same arguments WNC has advanced in its Motion to Alter or Amend Judgment (Filing No. 512) and Motion for Judgment as a Matter of Law (Filing No. 513).  Related to the Fee Petition, WNC asserts that Mr. Muylle is not the prevailing party, and thus, should not be awarded his attorney fees under the Lanham Act.  This assertion is nonsensical.  The jury found against WNC and in favor of Mr. Muylle on WNC's two trademark claims.  Mr. Muylle is the prevailing party under the Lanham Act.

     WNC also asserts that Mr. Muylle's Fee Petition is not supported by admissible evidence, but WNC fails to oppose or challenge any of the specific, separate charges on the detailed attorney

fees statements. In support of his Fee Petition, Mr. Muylle submitted to the Court his detailed attorney fees statements as well as a declaration under penalty of perjury from his attorney, providing authentication for the attorney fees statements. ([Filing No. 457-1](#)). The statements show that fees and costs during October and November 2014 totaled $181,148.68. Mr. Muylle reduced this total amount in his Fee Petition by $5,266.00 to account for the three sanctions awards (payment of attorney fees) previously paid by WNC. This results in a total fee request of $175,882.68. Recognizing the impropriety of recovering the same attorney fees and costs twice, Mr. Muylle did not include in his Fee Petition a request for fees and costs incurred prior to October 1, 2014, because evidence of those fees and costs was submitted to the jury and awarded as damages for Mr. Muylle's abuse of process claim.

Although WNC does not challenge any particular time or task or the hourly rates, the Court must still determine the reasonableness of the fee requested. The court has an independent obligation to determine the reasonableness of attorney fees requested. *Bretford Mfg., Inc. v. Smith System Mfg. Co.* 421 F. Supp.2d 117, 1126 (N.D. Ill. 2006). At first glance, the Court questioned the reasonableness of $181,148.68 in fees and costs for less than two months of legal services. That said, upon review, the time records describe with particularity the tasks performed and time spent on them. The Court has examined the fee statement for duplication of services, excessive time billing for particular tasks, use of too many attorney's, unnecessary work performance of clerical tasks by lawyers, other work deemed unnecessary; and finds that none of these circumstances exist. The Court noted that there were some entries during the dates of trial where attorneys' referenced 17 hours of work; however plaintiffs' counsel utilized 20 hours of work on some days during the trial. (TR Exhibit 703). Recognizing that the last few weeks of trial

preparation are the most labor intensive, the Court cannot find the time spent or tasks performed to be excessive or unreasonable.

As to the rates charged, Mr. Muylle's counsel has filed an affidavit which asserts that Ronald J. Waicukausi's rate is $395.00 per hour, Carol Nemeth Joven's rate is $275.00 per hour and paralegal Karen Cavoisie's rate is $115.00 per hour and these rates are "consistent with the prevailing rate for such work by a similarly qualified person in other firms in Indianapolis". ([Filing No. 457-1 at p. 2](#).) Mr. Waicukauski has been a licensed attorney since 1973, which presumably accounts for his higher hourly rate. (Indiana Supreme Court website, Roll of Attorneys; https://courtapps.in.gov/rollofattorneys). In comparison, attorney P. Adam Davis also asserts a rate of $275.00 per hour and his paralegal a rate of $115.00 per hour in his fee petition against Theodore Weisser.  (TR. Exhibit 703.)  Accordingly, the Court accepts the presented rates as prevailing and reasonable.

## II.  CONCLUSION

Under Section 1117(a) of the Lanham Act, as the prevailing party in an exceptional case, Mr. Muylle is entitled to an award of his attorney fees and costs.  Therefore, the Court **GRANTS** Mr. Muylle's Fee Petition ([Filing No. 457](#)), and WNC is **ORDERED** to pay Mr. Muylle an award of attorney fees and costs in the amount of $175,882.68.

**SO ORDERED.**

Date: 9/15/2015

_signature_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bryan H. Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

George T. Patton, Jr.
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com