**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER MUYLLE, THEODORE )<br>WEISSER, YN CANVAS CA, LLC, and )<br>WEISSER MANAGEMENT GROUP, LLC, )<br>)<br>Defendants. )<br>_____ )<br>)<br>CHRISTOPHER MUYLLE and )<br>THEODORE WEISSER, )<br>)<br>Counter Claimants, )<br>)<br>v. )<br>)<br>WINE & CANVAS DEVELOPMENT LLC, )<br>)<br>Counter Defendant. )<br>_____ )<br>)<br>CHRISTOPHER MUYLLE, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TAMARA SCOTT, DONALD MCCRACKEN, )<br>and ANTHONY SCOTT, )<br>)<br>Third Party Defendants. ) | Case No. 1:11-cv-01598-TWP-DKL |

**ORDER ON WINE & CANVAS'S MOTION TO CORRECT ERROR, RECONSIDER,
AND VACATE ORDER ON PETITION FOR FEES UNDER THE LANHAM ACT**

This matter is before the Court on a Motion to Correct Error, Reconsider, and Vacate Order

on Petition for Fees Under the Lanham Act filed by Plaintiff Wine & Canvas Development LLC

("WNC") (Filing No. 536). Following a four-day jury trial on WNC's trademark claims against Christopher Muylle ("Muylle") and on Muylle's counterclaim and third party claim for abuse of process against WNC and its principals, the jury returned a verdict in favor of Muylle on WNC's trademark claims and on his claim for abuse of process. After the trial, Muylle filed a fee petition, requesting attorney fees as the prevailing party in a Lanham Act suit. The Court granted Muylle's fee petition. WNC then filed its Motion to Reconsider the Order awarding Muylle his attorney fees and costs. For the following reasons, the Court **DENIES** WNC's Motion.

## I.   LEGAL STANDARD

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). WNC filed its "Motion to Correct Error, Reconsider, and Vacate Order on Petition for Fees Under the Lanham Act" (Filing No. 536) on September 21, 2015, only six days after the Order on Petition for Fees Under the Lanham Act ("Fee Order"). Therefore, the Court will analyze WNC's Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722

2

F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).  Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).  A manifest error "is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).  Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.  BACKGROUND

The facts of this case have been stated in numerous orders previously issued in this case, therefore only a short summary is included in this Entry.  WNC is a business venture that offers artistic instruction and entertainment combined with alcoholic beverages offered in a variety of venues, including public and private settings, corporate events, special occasions, and classroom settings. As part of its business plan, WNC was to expand throughout the United States through affiliated entities and franchising locations.  Muylle, as a business partner of Theodore Weisser ("Weisser"), was to establish a WNC location in California.

Complications and disputes arose between the parties in their business relationship, and WNC initiated litigation. WNC filed an Amended Complaint on September 4, 2012, against Muylle, Weisser, YN Canvas CA, LLC, and Weisser Management Group, LLC.  WNC's Amended Complaint asserted the following claims: Count 1 - Trademark Infringement; Count 2 - False

Designation of Origin; Count 3 - Trademark Dilution; Count 4 - Sales of Counterfeit Items; Count 5 - Unfair Competition; Count 6 - Bad Faith, Tortious Conduct, Abuse of Process, et al.; Count 7 - Civil Action Under the Indiana Crime Victims Act; Count 8 - Breach/Equitable Relief; and Count 9 - Fraud.

On October 22, 2012, Weisser, as a *pro se* litigant, filed an Answer to the Amended Complaint and asserted counterclaims against WNC for violation of California's franchise code and for cancellation of the WNC trademark registration. Thereafter, Weisser virtually abandoned this case. In January 2013, Muylle filed an Amended Answer and asserted counterclaims against WNC and third party claims against WNC's principals. The counterclaims and third party claims were two counts of violations of California's franchise code, cancellation of the WNC trademark registration, and abuse of process. WNC then filed third party counterclaims against Muylle, Weisser, YN Canvas, and Weisser Management on June 18, 2013.

On November 22, 2013, a Clerk's Entry of Default was entered against Weisser, YN Canvas, and Weisser Management in their capacity as third party counterclaim defendants and against YN Canvas and Weisser Management in their capacity as defendants for their failure to file responsive pleadings. Dispositive motions were filed by WNC and Muylle. As a result of the Entries of Default and the Orders on the dispositive motions, the only claims remaining for trial were WNC's trademark infringement claim and false designation of origin claim against Muylle after November 18, 2011, and Muylle's counterclaim and third party claim for abuse of process against WNC and its principals.

From November 17 through November 20, 2014, the Court conducted a jury trial on the trademark claims and the abuse of process counterclaim and third party claim. The jury returned a verdict in favor of Muylle on WNC's claims for trademark infringement and false designation

of origin.  The jury also returned a verdict for Muylle on his counterclaim and third party claim for abuse of process, awarding Muylle $81,000.00 against WNC, $81,000.00 against Anthony Scott, $81,000.00 against Tamara McCracken Scott, and $27,000.00 against Donald McCracken. Following trial, Muylle filed his petition seeking attorney fees under Section 1117(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Muylle submitted authenticated, detailed attorney fees statements in support of the fee petition.  After careful review, the Court granted the fee petition and awarded Muylle $175,882.68 in fees and costs as the prevailing party in an exceptional case brought under the Lanham Act.

### III.  DISCUSSION

WNC asserts two bases for its Motion to Reconsider:  (1) the Court lacked jurisdiction to issue the Fee Order because final judgment had been entered and an appeal taken; and (2) the facts that the Court relied on in the Fee Order are in error or are insufficient to support the Fee Order.

WNC asserts that a party's filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal, citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010); *Kusay v. United States*, 62 F.3d 192, 193–94 (7th Cir. 1995); and *Ced's Inc. v. EPA*, 745 F.2d 1092, 1095–96 (7th Cir. 1984).  WNC explains, "To put it another way, only one court at a time has jurisdiction over a subject, and therefore a district court may not amend a decision that is under review in the court of appeals." (Filing No. 536 at 5.)  This general rule has some exceptions, and WNC notes some of them, including the district court's power to award costs while an appeal is pending.  *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994) ("costs are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending").

5

However, WNC fails to note a particular exception to the general rule that a district court and a court of appeals should not simultaneously exercise jurisdiction: the district court has the power to award attorney fees while an appeal of the underlying claim is pending. *Kusay*, 62 F.3d at 194 ("A district court therefore may award attorneys' fees while the merits are on appeal . . . . A district court may address ancillary questions such as costs."); *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980) ("district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible"); *Barton v. Zimmer, Inc.*, 2010 U.S. Dist. LEXIS 59936, at *3 (N.D. Ind. June 16, 2010) ("clear preference for resolution of fee disputes while an appeal is pending as the best way to avoid piecemeal appeals"). Therefore, even though WNC had filed its notice of appeal on many of the Court's prior rulings, the Court retained jurisdiction to decide the ancillary, post-trial petition for statutory attorney fees.

In an effort to avoid this exception to the general rule and to divest this Court of jurisdiction, WNC argues that the Court ruled on Muylle's fee petition when the Court summarily stated at the end of the Final Judgment, "[r]elief is denied as to any claim not specifically addressed herein." ([Filing No. 511 at 5](Filing No. 511 at 5).) However, this statement in no way disposed of Muylle's ancillary, post-trial fee petition. Rather, this statement memorialized the final judgment on any and all claims, counterclaims, and third party claims and counterclaims in the parties' pleadings that created the merits and bases for the substance of the lawsuit. Based upon its mistaken belief, WNC then claims that this Court was divested of jurisdiction to subsequently "*sua sponte* rule again" on Muylle's fee petition since that ruling had been appealed to the Seventh Circuit as part of WNC's notice of appeal. Such is not the case. The Court had not ruled upon Muylle's post-trial fee petition, and thus, WNC could not appeal a non-existent order. Rather, in an effort to avoid

piecemeal appeals and resolve all pending appealable motions, the Court issued a ruling on the fee petition. This Court had jurisdiction to decide Muylle's ancillary, statutory fee petition.

Next, WNC claims the facts that the Court relied on in the Fee Order are in error or are insufficient to support the Fee Order. WNC categorizes these facts as (1) the partnership arrangement between the parties, (2) the objective of the lawsuit, (3) the procedural history of the litigation prior to October 1, 2014, (4) the number of witnesses and exhibits identified by WNC as well as changes to jury instructions, (5) the grounds upon which the jury issued its verdict, (6) WNC was a partially prevailing party and Muylle was only a partially prevailing party, and (7) Muylle's attorney fees from October 1, 2014 through November 20, 2014. (See Filing No. 536 at 7.)

Regarding each of these categories of facts, WNC explains its own interpretation of some facts, speculates as to the jury's findings, reasserts its previous arguments, and adds additional facts to the facts specifically noted in the Court's Fee Order. In the Fee Order, the Court highlighted some, but not all, of the procedural and substantive facts simply to demonstrate that this case is "exceptional," thereby justifying an award of attorney fees to the prevailing party under the Lanham Act.

WNC does not point to facts that the Court got wrong. WNC does not draw the Court's attention to a manifest error in the facts or to newly discovered evidence. WNC only highlights certain facts to reargue its position, which the Court previously rejected. WNC again claims that Muylle's fee petition was not supported by sufficient evidence. However, in support of the fee petition, Muylle submitted to the Court his detailed attorney fees statements as well as a declaration under penalty of perjury from his attorney, providing authentication for the attorney fees statements. These documents support the Fee Order.

The determination of whether to award fees and costs to Muylle under the Lanham Act was simple. Muylle won on the trademark claims, and he won on his abuse of process claim. This was an exceptional case. The Lanham Act allows for an award of fees and costs in such a case. A Rule 59(e) motion is used to draw a court's attention to a manifest error of law or fact or to newly discovered evidence, and a manifest error is not demonstrated by the disappointment of the losing party. A Rule 59(e) motion is not an opportunity to relitigate or reargue motions. There is absolutely no basis to amend, alter, or vacate the Court's Fee Order.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** WNC's Motion to Correct Error, Reconsider, and Vacate Order on Petition for Fees Under the Lanham Act (Filing No. 536).

**SO ORDERED.**

Date: 10/28/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bryan H. Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

George T. Patton, Jr.
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com