# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01598-TWP-DKL |
| ) | |
| CHRISTOPHER MUYLLE, THEODORE ) | |
| WEISSER, YN CANVAS CA, LLC, and ) | |
| WEISSER MANAGEMENT GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CHRISTOPHER MUYLLE and ) | |
| THEODORE WEISSER, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| WINE & CANVAS DEVELOPMENT LLC, ) | |
| ) | |
| Counter Defendant. ) | |
| _____ ) | |
| ) | |
| CHRISTOPHER MUYLLE, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TAMARA SCOTT, DONALD MCCRACKEN, ) | |
| and ANTHONY SCOTT, ) | |
| ) | |
| Third Party Defendants. ) | |

### ENTRY ON PLAINTIFF WINE & CANVAS DEVELOPMENT LLC'S SUBMISSION ON BILL OF COSTS

Plaintiff Wine & Canvas Development LLC ("WNC") filed its Bill of Costs on May 15, 2015 against Defendant Theodore Weisser ("Weisser"). WNC brought this action against

Defendants Christopher Muylle ("Muylle") and Weisser and their business entities for various claims, including trademark claims under the Lanham Act. After various dispositive motions and Weisser's pretrial abandonment of the case, default judgment was entered against Weisser on WNC's Amended Complaint. WNC is now requesting that its costs in the amount of $14,246.62 be taxed against Weisser pursuant to 28 U.S.C. § 1920 (Filing No. 517). Thus, the issue before the Court is Weisser's Objection to WNC's Bill of Costs (Filing No. 522).

The district court is vested with considerable discretion when awarding costs. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir. 1998) (applying abuse of discretion standard). If the district court decides to disallow any or all of the costs, it must provide some reasoning for the denial. *Gardner v. Southern Ry. Systems*, 675 F.2d 949, 954 (7th Cir. 1982). The prevailing party bears the burden of showing that the requested costs are recoverable under statute. *See Cengr*, 135 F.3d at 453; *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing the costs. *Cofield*, 179 F.R.D. at 514. If the district court finds that the costs were reasonably necessary at the time they were incurred, it should award the costs. *See La Vay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

WNC seeks costs in the amount of $14,246.62 for fees of the Clerk, fees for service, fees for transcripts necessarily obtained for use in the case, printing fees, witness fees, and fees for copies necessarily obtained for use in the case. Each of these categories of costs is permissible under 28 U.S.C. § 1920. Weisser asserts various objections to WNC's Bill of Costs.

First, Weisser objects to WNC's costs on the basis of principles of equity, quoting from a provision of the Lanham Act that "the plaintiff shall be entitled, . . . subject to the principles of equity, to recover . . . the costs of the action." 15 U.S.C. § 1117(a). Weisser asserts that principles

of equity lead to a denial of costs to WNC because the jury returned a verdict against WNC on Muylle's abuse of process claim and "much of the evidence showing an abuse of process applies equally to Weisser." (Filing No. 522 at 2.) While this may be true, under equitable principles, the Court also considers Weisser's abandonment of the case, which caused delays and increased costs in this action. Weisser had every opportunity to participate in this litigation and seek a favorable result from the jury during trial. He chose not to. Weisser received orders from the Court and ignored those orders. Entry of default and default judgment were entered against Weisser. The Court also considers the presumption that costs are awarded to the prevailing party. *See Gardner*, 675 F.2d at 954; F.R.C.P. 54(d)(1). Balancing the equities and in consideration of the presumption to award costs, the Court overrules Weisser's objection to the Bill of Costs on the basis of principles of equity.

Next, Weisser objects to WNC's costs on the basis that WNC is not the prevailing party because of the "mixed outcome." Weisser explains that to be a "prevailing party" entitled to its costs under Rule 54(d), the party must prevail as to a "substantial part" of the litigation. Weisser relies on *Testa v. Village of Mundelein Illinois*, 89 F.3d 443, 447 (7th Cir. 1996) for this proposition. *Testa* relied on *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985), which noted, "this court has held that under Rule 54(d) the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation.'" *First Commodity*, 766 F.2d at 1015. In that decision, the Seventh Circuit also explained, "'prevailing party' means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims." *Id.*

Weisser, understandably, focuses on the monetary damages aspect of the case to assert that WNC was not a prevailing party against him as to a substantial part of the litigation. However,

3

Entry of Default and default judgment as to liability on WNC's claims were entered against Weisser. WNC responds to Weisser's objection by explaining that one principal purpose of the litigation was to protect the WNC brand. This was to be accomplished through WNC's two trademark claims and defending against Weisser's counterclaim to cancel the trademark registration. Through WNC's motion to dismiss and motion for summary judgment, Weisser lost on his counterclaims against WNC for violation of California's franchise code and for cancellation of the WNC trademark registration. In the end, even though no damages (aside from costs) were assessed against Weisser, default judgment was entered against him for liability on WNC's claims. As a defaulted defendant, the Court awarded costs against Weisser. Additionally, injunctive relief was granted to WNC against Weisser ([Filing No. 510 at 21](#)). WNC is a prevailing party against Weisser.

The Court now turns to Weisser's specific objections to the itemized costs requested by WNC. The Court initially notes that WNC did not respond to Weisser's cost specific objections. Instead, WNC simply stated, "WNC rests on its briefs in terms of the amount sought." ([Filing No. 529 at 2](#).) However, no "briefs" were submitted by WNC to the Court. Therefore, the Court is left to rely on the Bill of Costs, the attached receipts and invoices, and Weisser's Objection to determine the reasonableness and necessity of the specific costs.

Weisser objects to the following costs because they were incurred by WNC in pursuit of its claims against co-defendant Muylle solely: $157.50 for service of process on Muylle, $26.40 for transcript fees for an excerpt of the opening statement of counsel at Muylle's trial, and $218.25 for transcript fees for an excerpt of Muylle's trial proceedings regarding Trial Exhibits 311 and 323, which was used in WNC's emergency motion for relief from judgment related to Muylle's claim for attorney fees. It is not reasonable or necessary for these costs, associated with claims

against Muylle only, to be taxed against Weisser. Therefore, the Court sustains Weisser's objection as to these costs.

Weisser also objects to costs incurred by WNC that arguably are overlapping between Weisser and Muylle: $177.00 for the initial filing fee, $397.70 for transcript fees for the final pretrial conference transcript, and $4,044.55 for transcript fees for the jury trial transcript, which was incorporated by reference in Weisser's damages hearing. Weisser asserts that he should not be taxed for potentially overlapping costs because of the jury's verdict on Muylle's abuse of process claim, again relying on principles of equity. However, for the reasons stated above regarding the principles of equity, the Court overrules Weisser's objection as to these costs.

Next, Weisser objects to the witness fees sought by WNC. Weisser asserts that "[t]he Plaintiff fails to show that such fees were reasonable and necessary to the damages hearing as to Weisser." (Filing No. 522 at 6.) But the witness fees must be reasonable and necessary for the case against Weisser generally, not the damages hearing alone. Despite this standard, WNC did not respond to this objection or explain how the witness fees were reasonable and necessary to the case, and on the other hand, Weisser pointed out facts that establish the witness fees were not necessary to the case against Weisser. WNC already had a default judgment against Weisser on liability before trial. Then WNC called various witnesses to testify at trial involving Muylle. Because these witnesses were called to testify after liability already was established against Weisser, their testimony could be necessary to the case against Weisser only as to damages. While WNC incorporated the trial record in the damages hearing, WNC did not specifically use Don Foley's, Carmen Poparelli's, or Sharon Robinson's testimonies at the damages hearing against Weisser. And as Weisser points out, "the Court did not rely on any such testimony in its Findings of Fact and Conclusions of Law as to the damages hearing." (Filing No. 522 at 6–7.) The Court

5

agrees with Weisser's argument regarding the necessity of these witnesses for WNC's case against him and therefore sustains the objection to the witness fees associated with Don Foley, Carmen Poparelli, and Sharon Robinson.

Weisser also objects to the costs associated with the deposition transcript fees for Anthony Scott, Tamara McCracken Scott, Donald McCracken, and himself. Weisser asserts that each of these depositions was taken after the Entry of Default and thus were not necessary to WNC's claims against him. But an entry of default is not the same as a default judgment, and much work was undertaken by WNC following the Entry of Default but before the default judgment was entered, including work against Weisser. Additionally, Weisser explains that the depositions of Mr. Scott, Ms. McCracken, and Mr. McCracken were taken by Muylle to support his abuse of process claim and to defend against WNC's claims, and therefore, they were not necessary for WNC's claims against him. WNC provides no response to this argument, and the Court is not required to assert a response argument for the parties. As to the three depositions of WNC's principals, Weisser's argument is well taken, so the Court sustains this objection as to the fees for Mr. Scott's, Ms. McCracken's, and Mr. McCracken's deposition transcripts.

Lastly, Weisser objects to the costs associated with trial exhibits and demonstrative exhibits. Weisser argues that WNC did not differentiate between the costs for exhibits for trial and for the damages hearing, and thus all these costs should be disallowed. He also compares the exhibit costs sought by WNC and Muylle, pointing out that WNC's costs seem excessive when compared to Muylle's costs. The Court acknowledges that WNC had many exhibits and demonstrative exhibits for the trial and the damages hearing—many more exhibits than Muylle and Weisser, whose counsel primarily used electronic versions of exhibits. The Court also notes that WNC incorporated the trial record in the damages hearing, and the Court used the trial exhibits

when deciding the appropriate damages and other relief to award WNC against Weisser. Therefore, a distinction between trial exhibits and damages hearing exhibits is not helpful for Weisser's objection. Thus, the Court overrules this objection and will award WNC its costs for trial and demonstrative exhibits.

In its Bill of Costs, WNC requests costs for fees and disbursements for printing in the amount of $200.00. However, these costs are not included in Mr. Scott's affidavit or in the itemization of costs supporting the Bill of Costs. Additionally, the Court could not find any supporting invoices or receipts for such costs. Therefore, the Court will not allow recovery of $200.00 for fees and disbursements for printing.

For the reasons set forth above, WNC's Bill of Costs (Filing No. 517) is **GRANTED** in part and **DENIED** in part. The Court finds that WNC is entitled to recover under 28 U.S.C. § 1920 the sum of $10,593.17. Costs are taxed against Weisser in favor of WNC on its Bill of Costs in the total sum of $10,593.17.

**SO ORDERED.**

Date: 10/28/2015

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bryan H. Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

George T. Patton, Jr.
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com