# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER MUYLLE, THEODORE ) <br> WEISSER, YN CANVAS CA, LLC, and ) <br> WEISSER MANAGEMENT GROUP, LLC, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> CHRISTOPHER MUYLLE and ) <br> THEODORE WEISSER, ) <br> ) <br> Counter Claimants, ) <br> ) <br> v. ) <br> ) <br> WINE & CANVAS DEVELOPMENT LLC, ) <br> ) <br> Counter Defendant. ) <br> _____ ) <br> ) <br> CHRISTOPHER MUYLLE, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAMARA SCOTT, DONALD MCCRACKEN, ) <br> and ANTHONY SCOTT, ) <br> ) <br> Third Party Defendants. ) | Case No. 1:11-cv-01598-TWP-DKL |

## ENTRY ON DEFENDANT CHRISTOPHER MUYLLE'S SUBMISSION ON BILL OF COSTS

Defendant and Counter Claimant Christopher Muylle ("Muylle") filed his Bill of Costs against Plaintiff Wine & Canvas Development LLC ("WNC") on May 15, 2015. WNC brought

this action against Muylle for various claims, including trademark claims under the Lanham Act. Muylle asserted counterclaims and third party claims against WNC and its principals, including an abuse of process claim. After motions practice and a four-day trial, the jury returned a verdict in favor of Muylle on WNC's trademark claims and on Muylle's claim for abuse of process. Muylle is now requesting that his costs in the amount of $2,342.46 be taxed against WNC and its principals, Anthony Scott, Tamara McCracken Scott, and Donald McCracken (collectively "WNC Parties"), pursuant to 28 U.S.C. § 1920 ([Filing No. 518](#)). The issue before the Court is WNC Parties' Objection to Bill of Costs ([Filing No. 526](#)).

The district court is vested with considerable discretion when awarding costs. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir. 1998) (applying abuse of discretion standard). If the district court decides to disallow any or all of the costs, it must provide some reasoning for the denial. *Gardner v. Southern Ry. Systems*, 675 F.2d 949, 954 (7th Cir. 1982). The prevailing party bears the burden of showing that the requested costs are recoverable under statute. *See Cengr*, 135 F.3d at 453; *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing the costs. *Cofield*, 179 F.R.D. at 514. If the district court finds that the costs were reasonably necessary at the time they were incurred, it should award the costs. *See La Vay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

Muylle seeks costs in the amount of $2,342.46 for witness fees, fees for transcripts necessarily obtained for use in the case, and fees for copies necessarily obtained for use in the case. Each of these categories of costs is permissible under 28 U.S.C. § 1920. WNC Parties assert various objections to Muylle's Bill of Costs.

First, WNC Parties object to the taxation of costs for $1,027.80 and $40.50 for transcripts of the jury trial. WNC Parties assert that these costs were not incurred by Muylle but rather by co-defendant Theodore Weisser ("Weisser") in preparation for Weisser's post-trial hearing. WNC Parties point to no evidence, authority, or citation for their assertion. They then assert, "even if these were costs incurred on behalf of Muylle, which they were not, such costs were not necessary costs as the Jury Trial had concluded before these transcripts were ever ordered." ([Filing No. 526 at 1](#).)

Muylle responds that, regarding the cost of $1,027.80 for the jury trial transcript, the transcript was ordered for Muylle to respond to WNC Parties' post-trial motions and to defend the jury verdict in favor of Muylle. Regarding WNC Parties' unsupported assertion that the transcript was ordered by Weisser for his post-trial hearing, Muylle points out that the transcript was ordered on March 4, 2015, two days after Weisser's hearing on March 2, 2015. Regarding the cost of $40.50 for the portion of the jury trial transcript related to Exhibits 311 and 323, this cost was necessarily incurred by Muylle to be able to respond to WNC Parties' post-trial motion to set aside the jury verdict. The Court finds Muylle's explanation of these costs to be satisfactory and WNC Parties' objection without merit and therefore overrules WNC Parties' objection to these costs. The Court will allow recovery of the $1,027.80 and $40.50 for transcripts.

Next, WNC Parties object to the taxation of costs for $633.20 in airfare because,

> Muylle was a party to the litigation who chose to file numerous counterclaims. Muylle attended the Jury Trial to prosecute one of those counterclaims. Just as WNC Parties would not be entitled to reimbursement for gas to go back and forth from the Court during the Jury Trial, Muylle should not be entitled to reimbursement for his travel expenses.

([Filing No. 526 at 2](#).) However, the cost of $633.20 in airfare was not for Muylle but rather for Sheri Wiseman, a trial witness. Muylle responds that the statute addressing costs specifically

provides for witness fees, 28 U.S.C. § 1920, and a "witness who travels by common carrier shall be paid for the actual expenses of travel," 28 U.S.C. § 1821(c)(1). Muylle then explains that Ms. Wiseman's airfare was purchased "with the expectation that she would testify at trial. At the Court's suggestion during trial, and in order to save time, Ms. Wiseman's testimony was offered by written stipulation. But her non-refundable airfare of $633.20 had already been paid." ([Filing No. 527 at 3](#).) The Court finds Muylle's explanation of this cost to be satisfactory and WNC Parties' objection without merit and therefore overrules WNC Parties' objection to this cost. The Court will allow recovery of the $633.20 as part of the witness fees.

Next, "WNC Parties object to Muylle's in-house photo-copy expenses because Muylle has failed to identify the costs per page of printing nor the total number of pages printed." ([Filing No. 526 at 2](#).) In response, Muylle explains, "Muylle's Bill of Costs includes copying expenses in the amount of $9.30, representing 93 copies made at $.10 for each copy." ([Filing No. 527 at 3](#).) The Court finds these costs to be reasonable and recoverable and overrules WNC Parties' objection. The Court will allow recovery of the $9.30 for copying expenses.

Lastly, WNC Parties object to Muylle's Bill of Costs in its entirety because Muylle did not include an affidavit with his Bill of Costs. In support of this objection, WNC Parties point to the *Seventh Circuit Practitioner's Handbook*, Section XXXII, Costs at 162. Muylle responds that he used the standard form for bill of costs, Form No. AO 133, which is approved by the court and which "[t]he court prefers that parties use . . . for the bill of costs." Local Rule 54-1. Muylle points out that Form No. AO 133 includes a signed declaration that counsel declares "under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Indeed, the statute requiring verification of bills of costs requires verification that the costs are "correct

4

and ha[ve] been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Form No. AO 133 provides this exact statement of verification under penalty of perjury. As noted by Muylle, an unsworn declaration under penalty of perjury generally suffices where an affidavit is required. *See* 28 U.S.C. § 1746. The Court determines that Muylle's use of Form No. AO 133 and his execution of the declaration under penalty of perjury is sufficient to support his Bill of Costs. Therefore, the Court overrules WNC Parties' objection.

In his itemization of the Bill of Costs, Muylle acknowledges that some of the costs, such as $9.00 in copy charges, was requested in his Bill of Costs were also requested in his Petition for Fees Under the Lanham Act (Filing No. 457), which had not yet been ruled upon at the time that he filed his Bill of Costs. He explains, "Muylle does not seek duplicative recovery of the same costs." (Filing No. 518 at 3.) The Court has since granted Muylle's Petition for Fees Under the Lanham Act (Filing No. 535). Therefore, the Court will not tax costs that were awarded as part of the Petition for Fees Under the Lanham Act. Thus, the witness fee of $633.20, the remaining copy expense of $.30, and the transcript fee of $1,027.80, which were not awarded in the Court's prior order, are recoverable under Muylle's Bill of Costs.

For the reasons set forth above, Muylle's Bill of Costs (Filing No. 518) is **GRANTED** in part and **DENIED** in part. The Court finds that Muylle is entitled to recover under 28 U.S.C. § 1920 the sum of $1,661.30. Costs are taxed against WNC Parties in favor of Muylle on his Bill of Costs in the total sum of $1,661.30.

**SO ORDERED.**

Date: 10/28/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Bryan H. Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

George T. Patton, Jr.
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com