**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

WINE & CANVAS DEVELOPMENT LLC,

Plaintiff,

v.

CHRISTOPHER MUYLLE, THEODORE WEISSER, YN CANVAS CA, LLC, and WEISSER MANAGEMENT GROUP, LLC,

Defendants.

---

CHRISTOPHER MUYLLE and THEODORE WEISSER,

Counter Claimants,

v.

WINE & CANVAS DEVELOPMENT LLC,

Counter Defendant.

---

CHRISTOPHER MUYLLE,

Third Party Plaintiff,

v.

TAMARA SCOTT, DONALD MCCRACKEN, and ANTHONY SCOTT,

Third Party Defendants.

Case No. 1:11-cv-01598-TWP-DKL

**ORDER ON WINE & CANVAS PARTIES' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL**

This matter is before the Court on a Renewed Motion for Judgment as a Matter of Law and for New Trial ("Motion for Judgment") filed by Plaintiff Wine & Canvas Development LLC

("WNC") and Third-Party Defendants Anthony Scott, Tamara McCracken Scott, and Donald McCracken (collectively, "WNC Parties") (Filing No. 513). After a four-day jury trial on WNC's trademark claims against Christopher Muylle ("Muylle") and on Muylle's counterclaim and third party claim for abuse of process against WNC and its principals, the jury returned a verdict in favor of Muylle on WNC's trademark claims and on Muylle's claim for abuse of process. WNC Parties filed their motion for judgment as a matter of law, requesting that the jury's verdict be vacated and judgment entered in their favor as a matter of law and for a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. For the following reasons, the Court **DENIES** WNC Parties' Motion for Judgment as a Matter of Law.

## I. LEGAL STANDARD

### A. Rule 50(b)

> Rule 50 of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence.

*Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012) (citations and quotation marks omitted).

> Under Rule 50, both the district court and an appellate court must construe the facts strictly in favor of the party that prevailed at trial. Although the court examines the evidence to determine whether the jury's verdict was based on that evidence, the court does not make credibility determinations or weigh the evidence.

*Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (citations omitted). If a Rule 50(a) motion for judgment as a matter of law is made at the close of evidence and is not granted, the moving party may renew the motion no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 50(b).

**B.      Rule 59**

Under Fed. R. Civ. P. 59, the district court has broad discretion to grant or deny a new trial. The court considers whether the verdict is against the weight of the evidence, the damages are excessive, or the trial was not fair to the moving party. *Marcus & Millichap Inv. Servs. of Chi., Inc. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011). Parties seeking a new trial under Rule 59 "bear a particularly heavy burden because a court will set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict." *Sekulovski*, 639 F.3d at 314. "Rule 59(a) is not intended to allow parties to merely relitigate old matters or to present the case under new theories; rather, a motion for a new trial not predicated on the discovery of new evidence is intended to correct manifest errors of law or fact." *Int'l Paper Co. v. Androscoggin Energy LLC*, 2005 U.S. Dist. LEXIS 22066, at *8 (N.D. Ill. Sept. 30, 2005).

## II.     BACKGROUND

As stated in one of the other WNC Orders issued on this date, the facts of this case have been set forth in numerous prior orders, therefore only a brief summary of the facts relevant to this motion will follow.

WNC is a business venture that offers artistic instruction and entertainment combined with alcoholic beverages offered in a variety of venues, including public and private settings, corporate events, special occasions, and classroom settings. As part of its business plan, WNC was to expand throughout the United States through affiliated entities and franchising locations. Muylle, as a business partner of Theodore Weisser ("Weisser"), was to establish a WNC location in California. Complications and disputes arose between the parties in their business relationship, and WNC initiated litigation. WNC filed an Amended Complaint on September 4, 2012, against Muylle, Weisser, YN Canvas CA, LLC, and Weisser Management Group, LLC. WNC's Amended

Complaint asserted the following claims: Count 1 - Trademark Infringement; Count 2 - False Designation of Origin; Count 3 - Trademark Dilution; Count 4 - Sales of Counterfeit Items; Count 5 - Unfair Competition; Count 6 - Bad Faith, Tortious Conduct, Abuse of Process, et al.; Count 7 - Civil Action Under the Indiana Crime Victims Act; Count 8 - Breach/Equitable Relief; and Count 9 - Fraud.  Muylle filed an Amended Answer and asserted counterclaims against WNC and third party claims against WNC's principals.  The counterclaims and third party claims were two counts of violations of California's franchise code, cancellation of the WNC trademark registration, and abuse of process.  WNC then filed third party counterclaims against Muylle, Weisser, YN Canvas, and Weisser Management on June 18, 2013.

After abandoning the case, On November 22, 2013, a Clerk's Entry of Default was entered against Weisser, YN Canvas, and Weisser Management in their capacity as third party counterclaim defendants and against YN Canvas and Weisser Management in their capacity as defendants for their failure to file responsive pleadings.  Dispositive motions were filed by WNC and Muylle.  As a result of the Entries of Default and the Orders on the dispositive motions, the only claims remaining for trial were WNC's trademark infringement claim and false designation of origin claim against Muylle after November 18, 2011, and Muylle's counterclaim and third party claim for abuse of process against WNC and its principals.

From November 17, 2014 through November 20, 2014, the Court conducted a jury trial on the trademark claims and the abuse of process counterclaim and third party claim.  The jury returned a verdict in favor of Muylle on WNC's claims for trademark infringement and false designation of origin.  The jury also returned a verdict for Muylle on his counterclaim and third party claim for abuse of process, awarding Muylle $81,000.00 against WNC, $81,000.00 against

Anthony Scott, $81,000.00 against Tamara McCracken Scott, and $27,000.00 against Donald McCracken.

After the trial and the Court's entry of Final Judgment, WNC Parties filed their Motion for Judgment, requesting that the jury's verdict be vacated and judgment entered in their favor as a matter of law and for a new trial.

## III. DISCUSSION

WNC Parties assert two bases for their motion for judgment as a matter of law: (1) Muylle's claim for abuse of process should not have been submitted to the jury because WNC Parties' prior dispositive motions should have been granted, and (2) WNC Parties' "request for a directed verdict should have been granted as Muylle failed to produce evidence of improper process, which is an essential element of the claim" for abuse of process. (Filing No. 513 at 2.)

With respect to the motion for new trial, in a conclusory fashion, WNC Parties assert that the Court allowing the abuse of process claim to proceed to trial and permitting testimony regarding privileged settlement negotiations warrants a new trial.

The Court will addresses each allegation in turn.

### A. WNC Parties' Motion For Judgment as a Matter of Law

First, WNC Parties assert that "WNC Parties have now, with the filing of the [Motion for Judgment], renewed their request for directed verdict and numerous related dispositive motions." (Filing No. 524 at 5.) They then explain,

> Count IV of Muylle's Counterclaim sets forth a claim for Abuse of Process. *See* ECF 66 at 14-17. Numerous times throughout this litigation, WNC Parties have filed dispositive motions directed at Muylle's Abuse of Process Claim. *See, e.g.*, ECF 106 (dismissal motion), ECF 158 (summary judgment motion), ECF 189 (renewed summary judgment motion), and ECF 309 (countermotion for summary judgment). The forgoing list of citations does not include the numerous reconsideration motions filed by WNC Parties following the Court's denial of each of the forgoing.

(Filing No. 513 at 2.) Muylle responds,

> As the WNC Parties have pointed out, they have already filed dispositive motions on Muylle's abuse of process claim "[n]umerous times throughout this litigation." And the Court has repeatedly and correctly decided those motions. In their most recent motion raising yet again the same issue, the WNC Parties have provided no reason for the Court to reconsider or alter its prior decisions now.

(Filing No. 514 at 1–2 (citations and footnotes omitted).)

The Court must concur. Throughout this case, WNC Parties' have continually attempted to relitigate the same matters. A motion for judgment on the law is not an opportunity to relitigate matters previously ruled upon by the court, and this Court will not entertain WNC Parties' request to do so here.

In their motion for judgment on the law, WNC Parties argue that when the Court did not use the proposed final jury instruction tendered by Muylle on his abuse of process claim and instead used the model jury instruction, "the Court acknowledged the validity of the position that WNC Parties have consistently taken throughout the litigation." (Filing No. 513 at 5–6.) This overreaching statement does not support WNC Parties' position that the Court's Orders on the dispositive motions should be vacated or altered. The model jury instruction was consistent with the Court's prior Orders. WNC Parties do not show any manifest error of law or fact in the Court's prior Orders on the dispositive motions.

**B. <u>Evidence of Improper Process to support the abuse of process claim</u>**

Next, WNC Parties assert that their motion for a "directed verdict" should have been granted during trial because Muylle failed to produce evidence of improper process, which is an essential element of a claim for abuse of process. "In order to prevail upon a claim of abuse of process, a party must prove the following elements: 1) An ulterior purpose; and 2) a willful act in the use of process not proper in the regular conduct of the proceeding." *Reichhart v. City of New*

*Haven*, 674 N.E.2d 27, 30 (Ind. Ct. App. 1996). WNC Parties allege that Muylle failed to present to the jury evidence to support the "improper process" element of an abuse of process claim. They explain that "an abuse of process claim contains two distinct elements, and a party must first establish that the defendant employed improper 'process' before the court proceeds to an examination of the defendant's motivation." *Id.* at 31. WNC Parties assert that Muylle failed to present any evidence of any improper process, and therefore, the inquiry of an "ulterior purpose" should not have been considered and the Court should have granted their motion for judgment as a matter of law.

In response, Muylle focuses on the "ulterior purpose" element of an abuse of process claim and points to the decision of *National City Bank v. Shortridge*, which holds:

> An abuse of process action requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish. . . . The purpose for which the process is used is the only thing of importance. The gravamen of abuse of process is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends.

*National City Bank v. Shortridge*, 689 N.E.2d 1248, 1252 (Ind. 1997) (citations and quotation marks omitted). Muylle assets that the evidence before the jury was more than sufficient to show that WNC Parties had an ulterior purpose in initiating and maintaining this action. However, Muylle also acknowledges that an abuse of process claim requires both "improper process" and an "ulterior purpose." He explains that in order to determine whether the process is "improper," "the relevant inquiry [is] whether the complained-of acts were procedurally and substantively proper under the circumstances." *Reichhart*, 674 N.E.2d at 32 (citation and quotation marks omitted).

As the Indiana Supreme Court succinctly noted, "[t]he test of an improper process is whether the legal steps were procedurally and substantively proper under the circumstances." *City of New Haven v. Reichhart*, 748 N.E.2d 374, 379 (Ind. 2001). WNC Parties argument on the

"improper process" element ignores the substantive propriety aspect of this element. To avoid an abuse of process claim, WNC Parties' action had to be both procedurally and substantively proper.

In making its Rule 50 ruling, the Court must construe the evidence in favor of Muylle, who prevailed before the jury. Although the court examines the evidence to determine whether the jury's verdict was based on that evidence, the court does not make credibility determinations or weigh the evidence. *See Waite v. Board of Trustees of Illinois Community College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir.2005). An actions lack of validity can be highly relevant in examining an abuse of process claim. *Estate of Mayer v. Lax, Inc*., 998 N.E.2d 238, 256 (Ind. App., 2013).

During the trial, the jury heard evidence that WNC Parties' action was substantively improper in filing baseless claims, thus satisfying the first element of an abuse of process claim. For example, the jury was presented testimony that Muylle never executed or agreed to a non-compete agreement, yet WNC Parties brought a claim against him based on violation of a non-compete agreement. The evidence submitted to the jury also included Tr. Ex. 330, which showed that only two of nine claims filed by WNC Parties were to be tried by the jury. Seven of WNC Parties' claims were dismissed before trial. The two claims that actually were tried were further limited in scope by timeframe. To explain in part the ferocity of which he pursued litigation on claims not worthy of litigation, the jury heard evidence that Weisser and Scott had been friends since childhood, for at least 24 years, and that based on feelings of betrayal he sought to deprive both Weisser and Muylle of their livelihood. Following the presentation of evidence, the jury returned a verdict against WNC on its two claims, thus finding that the claims did not have merit. As Muylle asserts, "[i]t is not proper in the 'normal course of the case' to file substantively baseless claims." (Filing No. 514 at 5.) Construing the evidence on abuse of process strictly in favor of

Muylle, the Court did not err in submitting this claim to the jury for its consideration because there was evidence of both "improper process" and an "ulterior purpose."

### C. WNC Parties' Motion for New Trial

In closing their Motion for Judgment, WNC Parties presented a conclusory statement in support of their motion for new trial. The final paragraph of their brief states that

> …allowing the Abuse of Process claim to go to the Jury, coupled with that certain the judicial finding of merit (See ECF 499 at 641-646:ll. 24-25) as well as the Court's permitting testimony regarding privileged settlement negotiations (see ECF 497 at 57-63:ll. 6-14; see also ECF 498 at 350:ll. 7-19), all had a substantial and prejudicial impact on WNC Parties [sic] credibility and, therefore, rights thereby necessitating the relief requested herein.

(Filing No. 513 at 8). WNC Parties argued these same issues at length in their Motion to Alter or Amend Judgment, For a New Trial, For Relief from Judgment, and For Other Relief (Filing No. 512). The Court addressed these two issues in its Order on the Motion to Amend Judgment (Filing No. 550) and incorporates that analysis and conclusion here. Accordingly, the motion for new trial is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** WNC Parties' Renewed Motion for Judgment as a Matter of Law and for New Trial (Filing No. 513).

**SO ORDERED.**

Date: 10/28/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bryan H. Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

George T. Patton, Jr.
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com