# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:11-cv-01598-TWP-DKL |
| THEODORE WEISSER, YN CANVAS CA, LLC, and WEISSER MANAGEMENT GROUP, LLC, | ) ) ) ) |
| Defendants. | ) |

## ENTRY ON CHRISTOPHER MUYLLE'S MOTION TO COMPEL

As part of proceedings supplemental to collect on his judgments against Third-party Defendants Anthony Scott and Tamara Scott ("the Scotts"), Defendant Christopher Muylle ("Mr. Muylle") served Interrogatories and Requests for Production on non-party Scott Staffing and Management Services, LLC ("Scott Staffing"). According to Mr. Muylle, Scott Staffing is owned by Anthony Scott and/or Tamara Scott; it employs both of them; and all Wine & Canvas related entities' payroll funds funnel through it. Mr. Muylle contends that Scott Staffing failed to comply with Interrogatories Nos. 9, 13, 15, and 16 and Requests for Production Nos. 3, 4, 6, 7, 10, and 11, and he moves for an order compelling complete answers (Filing No. 600).

The Interrogatories ask Scott Staffing to list all debts owed to it (No. 9), identify its bank accounts (No. 13), describe the nature of its business (No. 15), and identify its assets, including personal and real property (No. 16). Scott Staffing's only response was to object to the relevance of the information; to each of these interrogatories, it responded only that "the scope of this request is overbroad given the garnishee-context under which the Discovery requests were served" and

"[t]he information sought exceeds the garnishee-scope of these Discovery Requests."[1] However, Scott Staffing included much information in its response to Mr. Muylle's motion that it contends it previously disclosed to Mr. Muylle in proceedings supplemental, including that it has no source of income and no assets; it "did payroll" for Wine & Canvas employees by receiving transferred payroll funds from Wine & Canvas entities and paying all the entities' employees rather than each entity paying separately. Scott Staffing argues that the only information that is relevant in the garnishment context of the proceedings supplemental is whether it has assets that it owes or will owe to the Scotts.

The Court does not construe Mr. Muylle's discovery to be limited to the garnishment context. Instead, Mr. Muylle is entitled to use the tools of discovery to explore sources of funds to satisfy his judgments against the Scotts, including tracing their assets and sources of income, and the relationships of the Scotts to Scott Staffing render its business and finances a reasonable subject of inquiry and well within the broad scope of discovery in proceedings supplemental. Therefore, Scott Staffing must answer Mr. Muylle's interrogatories.

Three of Mr. Muylle's Requests for Production ask for corporate documents, including but not limited to, by-laws and operating agreements (No. 3); financial statements, balance sheets, income statements, or general ledger (No. 10); and loan agreements or related documents regarding any loan or extension of credit by Scott Staffing (No. 11). Scott Staffing makes the same relevancy objections that it made to the above interrogatories, and the Court, likewise, rejects the objections as it did above. In its response to the present motion, Scott Staffing states that it does not loan or

---

[1] Scott Staffing prefaced its responses with "General Objections." It objected "to the extent that" requested information is privileged, work product, or irrelevant, and it objected that the discovery was not properly served. Its individual responses to the discovery references these general objections, without making a factual or legal argument in support. It also does not make the arguments in its response on the present motion. Needless to say, such undeveloped general objections are ineffective, and the Court considers only the specific objections in its responses to the individual interrogatories and requests for production.

provide credit to the Scotts, Mr. McCracken, Mrs. McCracken nor any entity related to and/or affiliated with the Wine & Canvas brand except that, "it is conceivable" in the future that, if Scott Staffing ever pays payroll on behalf of a Wine & Canvas entity without having received a transfer of funds from the entity beforehand, the payment would be in the nature of a loan. Scott Staffing can provide these explanations in a formal response to Request No. 11, but it must also provide responsive documents regarding any loan or extension of credit to persons other than the Scotts or an entity related to or affiliated with Wine & Canvas.

The three other requests for production at issue seek employment agreements (No. 4), monthly or other periodic statements for any account identified in the interrogatories (No. 6), and agreements with Scott Staffing's and the Scotts' counsel, Mr. Davis (No. 7). Scott Staffing's reiterated relevance objections to these requests are overruled. In its response to Request No. 4, Scott Staffing stated that there are no copies of any employment agreements with any of the individual judgment debtors. Scott Staffing must produce responsive documents related to all employment agreements, not just ones with the judgment debtors. In its response to Request No. 6, Scott Staffing stated that it has no specific agreements with Wine & Canvas IP Holdings relating to any of the judgment debtors. Again, Scott Staffing must produce all monthly or other periodic statements for any account identified in its interrogatory responses, not limited to any particular entity, account, or the judgment debtors. In its response to Request No. 7, Scott Staffing asserted that agreements with Mr. Davis are protected by the attorney-client privilege. While agreements pertaining to the provision of legal advice or legal services might be privileged if they reveal confidential client communications (and fee rates do not), other agreements would not be privileged simply because Mr. Davis is a signatory. Scott Staffing must produce any agreements with Mr. Davis that do not reveal confidential client communications.

Christopher Muylle's Motion to Compel Scott Staffing and Management Services LLC to Supplement Its Answers to Interrogatories and Requests for Production (Filing No. 600) is **GRANTED** as set forth above.

**SO ORDERED**.

Date: 6/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

P. Adam Davis
DAVIS & SARBINOFF, LLC
adavis@d-slaw.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY, LLC
rwaicukauski@price-law.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY, LLC
cnemeth@price-law.com