UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cv-01598-TWP-DKL |
| THEODORE WEISSER, YN CANVAS CA, LLC, and WEISSER MANAGEMENT GROUP, LLC, | ) |
| Defendants. | ) |

### ENTRY ON WNC'S MOTION FOR LEAVE TO TAKE DEPOSITIONS AND TO EXTEND RESPONSE DEADLINE; ALTERNATIVELY, MOTION TO STRIKE WITH PREJUDICE

In November 2013, the Clerk of the Court entered a default against Defendant Theodore Weisser ("Weisser") on Wine & Canvas Development, LLC's ("WNC") trademark claims and, on March 2, 2015, the Court held a damages hearing on those claims. On May 1, 2015, as part of its final judgment, the Court issued an injunction prohibiting Weisser from infringing or using WNC's trademarks or representing himself as a licensee or authorized user of the trademarks ([Filing No. 511](#)). Weisser filed a motion for relief from the injunction pursuant to Federal Rule of Civil Procedure 60(b)(2) and (3) on the ground that he discovered, only after the damages hearing and issuance of judgment, that WNC did not own the trademarks at the time of the damages hearing and the injunction. WNC filed the present motion ([Filing No. 616](#)), asking for leave to depose Weisser's two attorneys who represent him in this case to explore the factual foundation for his motion for relief from judgment and to formulate its response to the motion.

Rule 60(b)(2) provides that a court may relieve a party from a final judgment, order, or proceeding due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Rule 60(b)(3) provides that a

court may grant relief in cases of fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b)(2) and (3) motions must be made within a reasonable time but no later than one year after the entry of judgment, order, or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). A Rule 59 motion for a new trial must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(b).

In Weisser's Rule 60 motion and his response on the present motion, he states that he did not become aware of WNC's transfer of its trademark until two documents—an "Intellectual Property Agreement," dated January 1, 2012, and "Trademark Ownership Acknowledgement," dated January 1, 2015, both signed by Anthony Scott on behalf of Wine & Canvas Development LLC, as transferor, and Wine and Canvas IP Holdings, LLC, as transferee—were given to Weisser's counsel at the March 7, 2016 creditors' meeting in WNC's bankruptcy case. Weisser contends that these documents show that WNC had transferred its trademark no later than January 1, 2015, and, therefore, WNC did not have standing to seek or obtain the injunction at the time of the damages hearing or the time of the judgment.

WNC argues that it requires leave to depose Weisser's two counsel in order to explore the factual basis for Rule 60(b)(2) relief, specifically whether they could not have discovered WNC's trademark transfer with reasonable diligence in time to move for Rule 59 relief. WNC does not describe what specific facts or avenues of inquiry that it intends to pursue, but Weisser did not provide a counter argument. He argued only the lack of need to explore the date that the documents were produced at the creditors' meeting.

While the Court will indulge WNC's asserted need to conduct discovery in order to meaningfully respond to Weisser's motion, it will indulge it only so far in light of the sensitivity

2

of deposing opposing counsel and the lack of any showing or argument that the discovery has significant prospects of producing useful information.

Therefore, WNC's Motion for Leave to Take Depositions and to Extend Response Deadline; Alternatively, Motion to Strike with Prejudice ([Filing No. 616](Filing No. 616)) is **GRANTED** as follows: WNC is granted leave to conduct depositions of Weisser's counsel, Ronald Waicukauski and Carol Nemeth Joven. The depositions shall be limited to inquiring into the factual basis for Weisser's Rule 60(b) motion ([Filing No. 612](Filing No. 612)). The depositions shall be limited to thirty minutes each and, if Weisser's counsel desire, the depositions shall be conducted at their offices in order to minimize disruption. The depositions shall be conducted no later than **twenty-one (21) days** from the date of this Entry, and WNC shall respond to Weisser's Rule 60(b) motion no later than **fourteen (14) days** after the depositions are completed.

    **SO ORDERED.**

Date: 6/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

P. Adam Davis
DAVIS & SARBINOFF, LLC
adavis@d-slaw.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY, LLC
rwaicukauski@price-law.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY, LLC
cnemeth@price-law.com