## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:11-cv-01598-TWP-DKL<br>) |
| CHRISTOPHER MUYLLE, THEODORE WEISSER, YN CANVAS CA, LLC, and WEISSER MANAGEMENT GROUP, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| CHRISTOPHER MUYLLE and THEODORE WEISSER, | )<br>)<br>) |
| Counter Claimants, | )<br>) |
| v. | )<br>) |
| WINE & CANVAS DEVELOPMENT LLC, | )<br>) |
| Counter Defendant. | )<br>) |
| CHRISTOPHER MUYLLE, | )<br>) |
| Third Party Plaintiff, | )<br>) |
| v. | )<br>) |
| TAMARA SCOTT, DONALD MCCRACKEN, and ANTHONY SCOTT, | )<br>)<br>) |
| Third Party Defendants. | ) |

**<u>ORDER ON DEFENDANT CHRISTOPHER MUYLLE'S SUPPLEMENTAL PETITION<br>UNDER THE LANHAM ACT FOR POST NOVEMBER 30, 2014 FEES</u>**

This matter is before the Court on Defendant Christopher Muylle's ("Mr. Muylle") Supplemental Petition Under the Lanham Act for Post November 30, 2014 Fees ("Supplemental Fee Petition") ([Filing No. 651](#)). From November 17 through November 20, 2014, the Court conducted a jury trial on Plaintiff Wine & Canvas Development LLC's ("WNC") trademark claims against Mr. Muylle and on Mr. Muylle's counterclaim and third party claim for abuse of process against WNC and its principals Anthony Scott ("Mr. Scott"), Tamara McCracken Scott ("Ms. McCracken"), and Donald McCracken ("Mr. McCracken"). At the conclusion of the four-day trial, the jury returned a verdict in favor of Mr. Muylle on WNC's claims for trademark infringement and false designation of origin. The jury also returned a verdict for Mr. Muylle on his counterclaim and third party claim for abuse of process, awarding Mr. Muylle $81,000.00 against WNC, $81,000.00 against Mr. Scott, $81,000.00 against Ms. McCracken, and $27,000.00 against Mr. McCracken.

After the trial, Mr. Muylle filed his initial fee petition, seeking fees incurred from October 1, 2014 through November 30, 2014. The Court granted Mr. Muylle's initial fee petition because he was a prevailing defendant in a Lanham Act suit that was an exceptional case ([Filing No. 535](#)). Mr. Muylle now seeks an award of additional fees that he has incurred as the prevailing party in a Lanham Act case, asking for fees incurred after November 30, 2014. For the following reasons, the Court **GRANTS** Mr. Muylle's Supplemental Fee Petition.

## I. DISCUSSION

Section 1117(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "Under the Lanham Act, an award of attorneys fees is committed to the trial court's sound discretion," and on appeal,

the court of appeals "review[s] a grant of attorney fees to a prevailing defendant under the Lanham Act only for clear error." *S Indus. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

Considering the appropriateness of an attorney fee award under the Lanham Act, the Seventh Circuit discussed the reasoning behind the fee shifting provision.

> A more practical concern is the potential for businesses to use Lanham Act litigation for strategic purposes—not to obtain a judgment or defeat a claim but to obtain a competitive advantage independent of the outcome of the case by piling litigation costs on a competitor. Almost all cases under the Act . . . , whether they are suits for trademark infringement or for false advertising, 15 U.S.C. §§ 1114, 1125(a), are between competitors. The owner of a trademark might bring a Lanham Act suit against a new entrant into his market, alleging trademark infringement but really just hoping to drive out the entrant by imposing heavy litigation costs on him.

*Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 962 (7th Cir. 2010). The Seventh Circuit further explained that, as to prevailing defendants, the Lanham Act's fee shifting provision "provide[s] protection against unfounded suits brought by trademark owners for harassment and the like." *Finance Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998).

When determining whether a case is "exceptional" to warrant the award of attorney fees to a prevailing defendant, the Seventh Circuit has provided guidance to the district courts. "When the plaintiff is the oppressor, the concept of abuse of process provides a helpful characterization of his conduct." *Nightingale*, 626 F.3d at 963. In attempting to draw a line to assist parties and district courts concerning the standard for awarding attorney fees under the Lanham Act, the Seventh Circuit declared,

> We conclude that a case under the Lanham Act is "exceptional," in the sense of warranting an award of reasonable attorneys' fees to the winning party, if the losing party was the plaintiff and was guilty of abuse of process in suing, or if the losing party was the defendant and had no defense yet persisted in the trademark infringement or false advertising for which he was being sued, in order to impose costs on his opponent.

3

*Id.* at 963–64.

In its Order on Petition for Fees Under the Lanham Act, the Court explained the litigation conduct and history of this case and determined that this case is indeed an exceptional case, warranting an award of attorney fees in a Lanham Act suit. The Court's previous analysis and conclusion remain applicable (Filing No. 535 at 3–5), and thus, the Court herein adopts its prior analysis and conclusion from the Order on Petition for Fees Under the Lanham Act regarding the appropriateness of awarding attorney fees in this case.

In support of his Supplemental Fee Petition, Mr. Muylle submitted to the Court his detailed costs invoice and attorney fees statements as well as a declaration under penalty of perjury from his attorney, providing authentication for the statements (Filing No. 651-1; Filing No. 651-2; Filing No. 651-3). The statements show that fees and costs incurred from December 1, 2014, through October 31, 2017, totaled $208,535.23.

In response to the Supplemental Fee Petition, WNC argues that many of the attorney fee charges are improper because (1) they are recorded in block billing format, (2) they are vague, (3) they are excessive in that they are double or triple billed for the same task, (4) they charge for fees on motions for which Mr. Muylle was unsuccessful, (5) they are incurred against one judgment defendant but not all judgment defendants, (6) they are related to bankruptcy collection efforts, or (7) they are related to state court collection efforts (Filing No. 660). Additionally, WNC alleged that it was supporting its argument with an attached spreadsheet, "which sets forth each and every entry on the Invoices along with the date, description, hourly rate, hours incurred, and total amount billed for each entry," as well as a description of how each of the entries was improper based on its seven asserted categories. *Id.* at 2.

However, WNC did not provide an "attached spreadsheet" or any other supporting documentation with its response brief. WNC provided no challenge to any specific time entry that was submitted to the Court by Mr. Muylle and supported by sworn testimony and detailed statements. WNC failed to oppose or challenge any of the specific, separate charges on the detailed attorney fees statements that consisted of forty-five pages. WNC also failed to oppose or challenge any of the specific, separate costs on the two-page detailed costs invoice. Furthermore, WNC's response brief provides no case law or other authority to support its asserted arguments.

In reply, Mr. Muylle explains that he provided the declaration of attorney Carol Nemeth Joven and a detailed description of the work performed by each lawyer and paralegal each day. Additionally, the fact that counsel or a paralegal confer with each other about litigation strategy and edit each other's work product does not equate to double charging for the very same work. It is normal and reasonable for one lawyer to review filings drafted by co-counsel. Mr. Muylle also asserts that he is seeking Lanham Act fees against WNC only, thereby negating WNC's argument that fees are incurred against one judgment defendant but not all judgment defendants. Finally, Mr. Muylle explains that time entries related to bankruptcy filings and state court collection efforts all relate to his effort to collect on his judgment in this case. In support of this explanation, Mr. Muylle points to *Hamdan v. Tiger Bros. Food Mart*, 2017 U.S. Dist. LEXIS 109542, at *25–27 (M.D. La. July 14, 2017) (awarding fees under Lanham Act related to collection of judgment); and *Free v. Briody*, 793 F.2d 807, 809 (7th Cir. 1986) (affirming district court's award of fees under ERISA fee-shifting statute for efforts to collect judgment).

Mr. Muylle's arguments are well-taken and supported by case law, evidence, and an affidavit. In light of this, and because WNC failed to support its argument with any authority or evidence, the Court determines that Mr. Muylle's Supplemental Fee Petition should be granted.

The Court must still determine the reasonableness of the fees requested because it has an independent obligation to determine the reasonableness of attorney fees requested. *Bretford Mfg. v. Smith Sys. Mfg. Co.*, 421 F. Supp. 2d 1117, 1126 (N.D. Ill. 2006). Upon review of the billing statements and costs invoice, the records describe with particularity the tasks performed and time spent on them. The Court has examined the fee statements for duplication of services, excessive time billing for particular tasks, use of too many attorney's, unnecessary work performance of clerical tasks by lawyers, other work deemed unnecessary; with the exception of the one example noted below, the Court finds that none of these circumstances exist. Additionally, the costs charged are not duplicative, unnecessary, or excessive. As the Court previously noted in the Order on Petition for Fees Under the Lanham Act, the hourly rates charged by Mr. Muylle's counsel are reasonable ([Filing No. 535 at 7](#)).

A review of the detailed attorney fees statements reveals one duplicate time entry dated December 14, 2014, by "RJW" for 0.20 hours resulting in a charge of $80.00 for the task of "[r]eviewed and responded to email from Adam Davis re discovery on pending motions." ([Filing No. 651-2 at 2](#).)

## II. CONCLUSION

Under Section 1117(a) of the Lanham Act, as the prevailing party in an exceptional case, Mr. Muylle is entitled to an award of his attorney fees and costs. Therefore, the Court **GRANTS** Mr. Muylle's Supplemental Fee Petition ([Filing No. 651](#)). Mr. Muylle requested supplemental fees in the amount of $200,832.50 and costs in the amount of $7,702.73 for a total award of $208,535.23. The Court reduces the requested amount by $80.00 for the duplicate time entry found in Mr. Muylle's fee statements. Thus, WNC is **ORDERED** to pay Mr. Muylle an award of attorney

fees and costs in the amount of **$208,455.23** for fees and costs incurred from December 1, 2014, through October 31, 2017.

**SO ORDERED.**

Date: 9/24/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
rwaicukauski@price-law.com